1  Amanda C. Sommerfeld (SBN: 185052)
   asommerf@winston.com
2  Hwannie Lee Shen (SBN: 222342)
   hshen@winston.com
3  Audrey Shen Chui (SBN: 254510)
   achui@winston.com
4  WINSTON & STRAWN LLP
   333 South Grand Avenue
5  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
6  Facsimile: 213-615-1750

7  Attorneys for Defendant
   SEARS, ROEBUCK AND CO.

8

**FILED**

**10 FEB 24 PM 2:01**

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

9        IN THE UNITED STATES DISTRICT COURT

10      FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

JOSE JIMENEZ, on behalf of himself
and all others similarly situated,

            Plaintiffs,

      vs.

SEARS, ROEBUCK AND CO., a New
York corporation; and DOES 1 to 100
inclusive,

            Defendants.

Case No. **CV 10- 01383-JFW**
(FFMx)

**DEFENDANT SEARS, ROEBUCK AND CO.'S FIRST AMENDED NOTICE OF REMOVAL OF ACTION**

*(left margin)* Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

COPY

-1-
FIRST AMENDED NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(d)(2), Defendant Sears, Roebuck and Co. ("Defendant"), hereby removes the above-captioned matter from the Superior Court of California, Los Angeles County, to this Court. In support of its request, Defendant states as follows:

## I.    INTRODUCTION

1.    This case is hereby removed from state court to federal court because recent facts have come to light indicating that the amount in controversy in this action exceeds $5,000,000.00. Therefore, this case is hereby removed from state court to federal court under 28 U.S.C. § 1332(d)(2) ("Class Action Fairness Act") because diversity of citizenship exists between Defendant on the one hand, and one or more members of the putative class on the other hand, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. The citizenship of Does Defendants should be disregarded for the purposes of removal.

## II.    PROCEDURAL HISTORY AND BACKGROUND FACTS

### A.    The State Court Action in this Case

2.    On December 28, 2007, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles entitled *Jose Jimenez v. Sears, Roebuck and Co.*, as Case No. BC383006 (the "Jimenez Action"). A true and correct copy of the Complaint and Summons, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint are attached hereto. The Third Amended Complaint, deemed filed on January 13, 2010 and is the operative complaint, seeks recovery of monetary damages and other relief against Defendant in connection with class claims for alleged failure to pay wages and overtime wages, failure to provide meal and rest breaks, violations of California Business and Professions Code section 17200, failure to provide accurate itemized wage statements, and violation of the California Private Attorneys' General Act of 2004.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

FIRST AMENDED NOTICE OF REMOVAL OF ACTION

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

III.   **BASIS FOR FEDERAL COURT JURISDICTION**

    A.   **The Class Action Fairness Act**

        **The Parties**

3.     Defendant is informed and believes that Plaintiff Jose Jimenez was, at the time of the filing of this action, and still is, a citizen of Nevada.  Plaintiff alleged that he "is now and/or at all times mentioned in this Complaint was a resident of the State of California."  (Third Amended Complaint, ¶ 8).

4.     Defendant is informed and believes that Plaintiff Eladio Acosta was, at the time of the filing of this action, and still is, a citizen of California.  Plaintiff alleged that he "is now and/or at all times mentioned in this Complaint was a resident of the State of California."  (Third Amended Complaint, ¶ 11).

5.     The aggregate number of proposed class members exceeds 100.  Plaintiff alleges that "it is estimated that each of the Classes numbers greater than 100 individuals."  (Third Amended Complaint, ¶ 38).

6.     Defendant Sears, Roebuck and Co., was, at the time of the filing of this action, and still is, a citizen of New York and Illinois, in that it is incorporated in New York and maintains its principal place of business in Illinois.

7.     The citizenship of Defendants Does 1-50, inclusive, should be disregarded for the purpose of establishing removal jurisdiction based on diversity of citizenship.  28 U.S.C. § 1441(a).

8.     The jurisdictional bar under the Class Action Fairness Act, 28 U.S.C. section 1332(d)(4), is inapplicable.  Subparagraph (A) of that section is not satisfied because Defendant is the only defendant in this action and Defendant is not a citizen of the state in which this action was filed.  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

9.     Likewise, Subparagraph (B) of 28 U.S.C. section 1332(d)(4) also is not satisfied because Defendant is not a citizen of the State of California.

//

3

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

## Amount in Controversy

2        10.    Plaintiff did not specifically allege an aggregate amount of

3  damages in his Complaint.  Rather, Plaintiff alleged that "the individual claims of the

4  members of the Classes herein are under the seventy-five thousand dollar

5  ($75,000.00) dollar jurisdictional threshold for Federal Court and the aggregate claim

6  is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness

7  Act of 2005."  (Complaint, ¶ 24; Third Amended Complaint, ¶ 27).  As of the date of

8  the filing of this action, Defendant had insufficient information to prove with "legal

9  certainty" that the amount in controversy exceeded $5,000,000.00.  *See Lowdermilk v.*

10  *United States Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).

11        11.    On January 27, 2010, the parties participated in a mediation of the

12  Jimenez Action, and a related action styled *Dailey v. Sears, Roebuck & Co.* (the

13  "Dailey Action").  The Dailey Action was commenced in the Superior Court of the

14  State of California in and for the County of San Diego, Case No. 37-2009-00054168-

15  CU-OE-NC and removed to the Untied States District Court, Southern District of

16  California, Case No. 3:10-cv-00345-L-NLS.

17        12.    The Dailey Action alleges a putative class on behalf of all current

18  and former Assistant Manager ***and*** Managers employed by Defendant in its California

19  Auto Centers at any time since April 27, 2005 and the present.  The Jimenez Action

20  alleges a putative class on behalf of all current and former Assistant Managers

21  employed by Defendant in its California Auto Centers at any time since December 28,

22  2003 and the present.  Only the Assistant Manager putative class claims were the

23  subject of the mediation on January 27, 2010.

24        13.    At the mediation, counsel in the Jimenez Action provided

25  Defendant with a written, itemized damages calculations pertaining to the putative

26  class of Assistant Managers in the Jimenez Action (a true and correct copy is attached

27  as Exhibit 62).  The damages calculations made several assumptions based on data

28  that Defendant had provided before the mediation (e.g. number of workweeks,

FIRST AMENDED NOTICE OF REMOVAL

1  average hourly straight time rate, average hourly overtime rate) and computed alleged

2  unpaid overtime, meal period violations, rest period violations, and California Labor

3  Code section 203 waiting time penalties.  The written damages calculations that

4  Defendant received during the mediation were in excess of $10,000,000.00, exclusive

5  of costs.  The written damages calculations given to Defendant during the mediation

6  are sufficient as a matter of law for establishing the amount in controversy

7  requirement of the Class Action Fairness Act.  *See Babasa v. Lenscrafters, Inc.,* 498

8  F.3d 972 (9th Cir. 2007); *see also, Molina v. Lexmark International, Inc.,* 2008 WL

9  4447678 (C.D. Cal., Sept. 30, 2008) (documents received in mediation are an "other

10  paper" from which removal can and must be timely made).

11  **IV.    COMPLIANCE WITH STATUTORY REQUIREMENTS**

12          14.    Pursuant to 28 U.S.C. §§ 1446 and 1653, this First Amended

13  Notice of Removal is timely filed with this Court within 30 days after Defendant

14  received Plaintiffs' written damages calculation during the January 27, 2010

15  mediation and had notice that the amount in controversy exceeded $5,000,000.00.

16  14A C. Wright, A. Miller, E. Cooper, *Federal Practice & Procedure* § 3733, at 746-

17  749 (4th ed. 2009) ("Prior to the expiration of the 30-day period for removal..., the

18  defendants may freely amend the notice of removal required by Section 1446(b)").

19          15.    As required by 28 U.S.C. § 1446(d), Defendant will provide

20  written notice of the filing of this First Amended Notice of Removal to Plaintiff's

21  attorneys of record, and will promptly file a copy of this First Amended Notice of

22  Removal with the Clerk for the Superior Court of the State of California in and for the

23  County of Los Angeles.

24          16.    Pursuant to 28 U.S.C. § 1446(a) a copy of all "process, pleadings,

25  and orders" served upon Defendant in this action is attached to this First Amended

26  Notice of Removal.

27  //

28  //

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**FIRST AMENDED NOTICE OF REMOVAL**

1       WHEREFORE, Defendant respectfully requests that these proceedings,

2  entitled *Jose Jimenez v. Sears, Roebuck and Co.*, as Case No. BC383006 now pending

3  in the Superior Court of the State of California for the County of Los Angeles, be

4  removed to this Court.

5

6  Dated:  February 24, 2010      WINSTON & STRAWN LLP
     AMANDA C. SOMMERFELD

7       HWANNIE L. SHEN
     AUDREY SHEN CHUI

8

9       By: _____

10       Audrey Shen Chui
     Attorneys for Defendant

11       SEARS, ROEBUCK AND CO.

12

13  LA:265734.4

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**FIRST AMENDED NOTICE OF REMOVAL**