# EXHIBIT 1

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEARS, ROEBUCK AND CO., a New York corporation; and
DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE JIMENEZ, on behalf of himself and all others
similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 2 8 2007

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| LosAngeles Superior Court<br>111 North Hill Street<br>111 North Hill Street<br>Los Angeles, California 90012<br>Central District | B C 3 8 3 0 0 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin T. Barnes (SB# 138477)          (323)549-9100   (323) 549-0101
Law Offices of Kevin T. Barnes
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036

DATE:
*(Fecha)* DEC 2 8 2007  **JOHN A. CLARKE, CLERK** Clerk, by _____, Deputy
                          *(Secretario)*  **M. GARCIA**  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify)*:

3. [✗] on behalf of *(specify)*: SEARS, ROEBUCK & CO.

   under: [  ] CCP 416.10 (corporation)           [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)    [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
          [  ] other *(specify)*:
4. [  ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**EX. 1**
**7**

# EXHIBIT 2

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5627
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Joseph Antonelli, Esq. (#137039)
   Janelle Carney, Esq. (#201570)
6  LAW OFFICE OF JOSEPH ANTONELLI
   1000 Lakes Drive, Suite 450
7  West Covina, CA 91790-2918
   Tel.: (626) 917-6228 / Fax: (626) 917-7686
8  Email: JAntonelli@antonellilaw.com

9  Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11    FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED

12  JOSE JIMENEZ, on behalf of himself and all        )   Case No.:
    others similarly situated,                        )                     BC383006
13                                                    )
             Plaintiffs,                              )   CLASS ACTION
14                                                    )
       v.                                             )   COMPLAINT FOR:
15                                                    )   1.  UNLAWFUL, UNFAIR AND
    SEARS, ROEBUCK AND CO., a New                     )       FRAUDULENT BUSINESS
16  York corporation; and DOES 1 to 100,             )       PRACTICES; AND
    inclusive,                                        )   2.  DECLARATORY RELIEF
17                                                    )
             Defendants.                              )   DEMAND FOR JURY TRIAL
18                                                    )

19          Plaintiff JOSE JIMENEZ, an individual on behalf of himself and all others similarly

20   situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this Complaint against

21   Defendant SEARS, ROEBUCK AND CO. and DOES 1 to 100 (hereinafter collectively referred

22   to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and

23   belief, allege as follows:

24                                        I.

25                                 INTRODUCTION

26          1.     This is a civil action seeking recovery for Defendants' violations of California

27   Business and Professions Code ("B&PC") §17000, et seq. and §17200, et seq. and related

28   common law principles.

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

                                        - 1 -
                           JIMENEZ v. SEARS - COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 2 8 2007

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**EX. 2**
**8**

2.      Plaintiffs' action seeks full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter.

RELEVANT JOB TITLES

4.      The relevant job titles in this action are Defendants' California-based "Assistant Manager" positions in Defendant's Automotive Center Division, including any of Defendants' job positions with substantially similar titles and duties in that division (hereinafter, the "Assistant Manager" positions).

5.      Defendants' Assistant Manager positions are paid by Defendants on a salaried basis.

6.      The obligations and responsibilities of Defendants' Assistant Manager positions are virtually identical from region to region, district to district, facility to facility, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

7.      With regard to the Assistant Managers, Defendants have:

   a.   Failed to pay state-mandated overtime wages for all overtime hours worked;

   b.   Failed to provide meal periods;

   c.   Failed to provide paid rest periods;

   d.   Failed to timely furnish accurate itemized wage statements;

   e.   Violated Labor Code §203; and

   f.   Conducted unlawful, unfair and/or fraudulent business practices.

///

///

///

///

KEVIN T. BARNES
5670 WILSHIRE
BLVD., SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 2 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
9

II.

PARTIES

PLAINTIFF JOSE JIMENEZ

8.     Plaintiff JOSE JIMENEZ is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

9.     Plaintiff JOSE JIMENEZ is working and/or has worked for Defendants as a California-based Assistant Manager from November 2000 to May 16, 2003 in Torrance, California and from March 2004 to April 9, 2004 in West Covina, Califorina.

10.     Plaintiff JOSE JIMENEZ seeks recovery from Defendants because with regard to Plaintiff JOSE JIMENEZ, Defendants have:

      a.   Failed to pay state-mandated overtime wages for all overtime hours worked;

      b.   Failed to provide meal periods;

      c.   Failed to provide paid rest periods;

      d.   Failed to timely furnish accurate itemized wage statements;

      e.   Violated Labor Code §203; and

      f.   Conducted unlawful, unfair and/or fraudulent business practices.

DEFENDANT, SEARS, ROEBUCK AND CO.

11.     Defendant SEARS, ROEBUCK AND CO.is now and/or at all times mentioned in this Complaint was a New York corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

12.     DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

13.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

14.     Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

KENNY T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 3 -

JIMENEZ v. SEARS - COMPLAINT

EX. 2
10

ALL DEFENDANTS

15.   Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

16.   Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17.   Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

18.   Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

19.   Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

20.   Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

21.   Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

### III.

### JURISDICTION AND VENUE

22.   The California Superior Court has jurisdiction in this matter due to Defendants' violations of B&PC §17000, et seq. and §17200, et seq. and related common law principles.

JIMENEZ v. SEARS - COMPLAINT

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

EX. 2
11

23.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

24.     The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the California Labor Code ("Labor Code"), California IWC Wage Orders, California Code of Civil Procedure ("CCP"), California Civil Code ("CC") and B&PC.

25.     Venue is proper in Los Angeles County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## IV.

## CLASS ACTION ALLEGATIONS

26.     CCP §382 provides in pertinent part: "...[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

27.     Plaintiffs bring this suit as a class action pursuant to CCP §382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

28.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

All California-based Assistant Managers (as defined, supra) employed by Defendants during the appropriate time period against whom Defendant conducted unlawful, unfair and/or fraudulent business practices (the "17200 Class").

///

///

KEVIN T. BARNES
5670 WILSHIRE
BLVD., SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 5 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
12

29.    The 17200 Class is made up of the following subclasses:

a.   All California-based Assistant Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to pay overtime wages for all overtime hours worked (hereinafter, the "Overtime Subclass");

b.   All California-based Assistant Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide the legally requisite meal periods (hereinafter, the "Meal Period Subclass");

c.   All California-based Assistant Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide the legally requisite rest periods (hereinafter, the "Rest Period Subclass"); .

d.   All California-based Assistant Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide accurate itemized wage statements (hereinafter, the "Wage Statement Subclass"); and

e.   All California based Assistant Managers (as defined, supra) formerly employed by Defendants during the appropriate time period to whom Defendants willfully failed to pay any and all wages (hereinafter, the "LC 203 Subclass").

30.    The 17200 Class, Overtime Subclass, Meal Period Subclass, Rest Period Subclass, Wage Statement Subclass and LC 203 Subclass are hereinafter collectively referred to as the "Classes."

31.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

///

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5634
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 6 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
13

32.   Numerosity (CCP §382):

  a.   The potential quantity of members of the Classes as defined is so numerous that joinder of all members would be unfeasible and impractical.

  b.   The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

  c.   The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that each of the Classes numbers greater than 100 individuals.

  d.   The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

33.   Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

  a.   California has a public policy which encourages the use of the class action device;

  b.   By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

  c.   This case involves large corporate Defendant(s) and a large number of individual Class members with many relatively small claims and common issues of law and fact;

  d.   If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

KENT T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 7 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
14

e.  Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

   i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

   ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

   iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

   iv)  potentially incompatible standards of conduct for Defendants;

   v)  potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 8 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
15

1        i.   Courts seeking to preserve efficiency and other benefits of class actions

2            routinely fashion methods to manage any individual questions; and

3        j.   The Supreme Court of California urges trial courts, which have an obligation

4            to consider the use of innovative procedural tools to certify a manageable

5            class, to be procedurally innovative in managing class actions.

6       34.   <u>Well-defined Community of Interest</u>: Plaintiffs also meet the established

7    standards for class certification (see, e.g. <u>Lockheed Martin Corp. v. Superior Court</u> (2003) 29

8    Cal.4th 1096), as follows:

9       a.   <u>Typicality</u>: The claims of Plaintiff JOSE JIMENEZ are typical of the claims

10           of all members of the Classes they seek to represent because all members of

11           the Classes sustained injuries and damages arising out of Defendants'

12           common course of conduct in violation of law and the injuries and damages of

13           all members of the Classes were caused by Defendants' wrongful conduct in

14           violation of law, as alleged herein.

15      b.   <u>Adequacy</u>: Plaintiff JOSE JIMENEZ:

16         i)    is an adequate representative of the Classes he seeks to represent;

17         ii)   will fairly protect the interests of the members of the Classes;

18         iii)  has no interests antagonistic to the members of the Classes; and

19         iv)   will vigorously pursue this suit via attorneys who are competent,

20             skilled and experienced in litigating matters of this type.

21      c.   <u>Predominant Common Questions of Law or Fact</u>: There are common

22           questions of law and/or fact as to the members of the Classes which

23           predominate over questions affecting only individual members of the Classes,

24           including, without limitation:

25         i)    Whether Defendants' conduct constitutes unlawful, unfair and/or

26             fraudulent competition within the meaning of <u>B&PC</u> §17200, et seq.;

27   ///

28   ///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

EX. 2

16

ii)    Whether Defendants' conduct constitutes unlawful, unfair and/or fraudulent business practices within the meaning of B&PC §17200, et seq.;

iii)    Whether the members of the Classes are entitled to restitution and if so, the means of measuring such damages;

iv)    Whether the members of the Classes are entitled to injunctive relief;

v)    Whether Defendants are liable for attorneys' fees and costs.

vi)    Whether the members of the Overtime Subclass regularly worked overtime;

vii)    Whether the members of the Overtime Subclass were paid regular straight time pay, overtime pay and/or double time pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week;

viii)    Whether each of the reasonably definite and finite work tasks performed by the members of the Overtime Subclass should be classified as exempt/managerial or nonexempt/nonmanagerial;

ix)    Whether the members of the Overtime Subclass were uniformly and improperly classified as exempt in violation of the Labor Code and the IWC Wage Order(s);

x)    Whether Defendants failed to pay overtime compensation to the members of the Overtime Subclass by virtue of Defendants' uniform and improper designation of employees as exempt in violation of the Labor Code and the IWC Wage Order(s);

xi)    Whether Defendants' purportedly exempt position(s) required members of the Overtime Subclass to be actually primarily engaged in non-exempt work;

xii)    The correct method of calculating unpaid overtime pay;

///

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 10 -
JIMENEZ v. SEARS - COMPLAINT

xiii)   Whether Defendants failed and continue to fail to provide meal periods to the members of the Meal Period Subclass in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Order(s)</u>;

xiv)   Whether Defendants failed and continue to fail to provide paid rest periods to the members of the Rest Period Subclass in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Order(s)</u>;

xv)   Whether Defendants failed to timely furnish accurate itemized statements to the members of the Wage Statement Subclass; and

xvi)   Whether Defendants are liable pursuant to <u>Labor Code</u> §203.

34.   Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232, 238).

V.

<u>CAUSES OF ACTION</u>

FIRST CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES

(On Behalf of Plaintiffs and All Others Similarly Situated)

(Against All Defendants)

35.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

36.   <u>B&PC</u> §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

37.   <u>B&PC</u> §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

///

///

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.:(323) 549-9100
Fax:(323) 549-0101

- 11 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
18

38.    B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

39.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices as follows:

### A.

### FAILURE TO PAY OVERTIME WAGES

40.    Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

41.    Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

42.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

43.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a.    Administered a uniform company policy and practice regarding the duties and responsibilities of the members of the Overtime Subclass;

    b.    Administered a uniform company policy and practice regarding the payment of wages to the members of the Overtime Subclass;

    c.    Scheduled to work and in fact required the members of the Overtime Subclass to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying straight time or overtime compensation for such excess hours worked;

///

///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 12 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
19

d.  Paid the members of the Overtime Subclass on a salary basis without straight time and/or overtime compensation paid for all work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week;

e.  Deemed each of the members of the Overtime Subclass exempt based on his or her job description rather than on any consideration of actual work performed;

f.  Kept no records of the actual work activities performed by the members of the Overtime Subclass;

g.  Conducted no studies of how members of the Overtime Subclass spent their work time;

h.  Did not train the members of the Overtime Subclass on the difference between exempt and nonexempt work;

i.  Did not employ the members of the Overtime Subclass using: i) an alternative workweek schedule adopted pursuant to Labor Code §511 or ii) an alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Labor Code §514; or iii) an alternative workweek schedule which is inapplicable here pursuant to Labor Code §554;

j.  Allocated and authorized inadequate staffing levels, with the advance knowledge and designed intent to place non-exempt tasks and duties squarely onto the shoulders of each and every one of the members of the Overtime Subclass; and

k.  Required that Plaintiffs and the members of the Overtime Subclass spend more than fifty percent (50%) of their work time performing non-exempt tasks.

44.  Further, the members of the Overtime Subclass:

a.  Did not perform duties and responsibilities which involved the management of Defendants' enterprise;

///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 13 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
20

b.   Did not customarily and regularly direct the work of two or more of Defendants' other employees;

c.   Did not have the authority to hire or fire other employees (and/or their suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of Defendants' other employees will be given particular weight);

d.   Did not customarily and regularly exercise discretion and independent judgment; and/or

e.   Were not primarily engaged in duties which meet the test of the Executive Exemption.

45.   Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to <u>Labor Code</u> §218 and <u>Labor Code</u> §1194(a), to recovery by the members of the Overtime Subclass, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

46.   Defendants' misclassification as exempt of the members of the Overtime Subclass was the rule, and therefore a class action is the most efficient means of resolving the Overtime Subclass Members' overtime claims. (see, e.g. <u>Sav-On Drug Stores, Inc. v. Superior Court</u> (2004) 34 Cal.4th 319).

47.   Each Overtime Subclass Member's claim to unpaid overtime depends on whether he or she worked for Defendants during the relevant time period in a position that was misclassified either deliberately (on a class basis) or circumstantially (as a consequence of Defendants' class-wide policies and practices; that calculation of individual damages may at some point be required does not foreclose the possibility of taking common evidence on the misclassification questions. (see, e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232; <u>Hypolite v. Carleson</u> (1975) 52 Cal.App.3d 566; <u>Employment Development Dept. v. Superior Court</u> (1981) 30 Cal.3d 256).

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.:(323) 549-9100
Fax:(323) 549-0101

- 14 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
21

1      48.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the

2  members of the Overtime Subclass seek recovery of pre-judgment interest on all amounts

3  recovered herein.

4      49.    Pursuant to Labor Code §218.5 and Labor Code §1194, the members of the

5  Overtime Subclass request that the Court award reasonable attorneys' fees and costs incurred by

6  them in this action.

7

**B.**

**FAILURE TO PROVIDE MEAL PERIODS**

9      50.    Labor Code §226.7(a) provides that "No employer shall require any employee to

10  work during any meal or rest period mandated by an applicable order of the Industrial Welfare

11  Commission."

12      51.    Labor Code §512 provides that "An employer may not employ an employee for a

13  work period of more than five hours per day without providing the employee with a meal period

14  of not less than 30 minutes, except that if the total work period per day of the employee is no

15  more than six hours, the meal period may be waived by mutual consent of both the employer and

16  employee."

17      52.    Labor Code §512 further provides that "An employer may not employ an

18  employee for a work period of more than 10 hours per day without providing the employee with

19  a second meal period of not less than 30 minutes, except that if the total hours worked is no more

20  than 12 hours, the second meal period may be waived by mutual consent of the employer and the

21  employee only if the first meal period was not waived."

22      53.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or

23  amend working condition orders with respect to meal periods for any workers in California

24  consistent with the health and welfare of those workers.

25      54.    Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is

26  relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on

27  duty" meal period and counted as time worked. An "on duty" meal period shall be permitted

28  only when the nature of the work prevents an employee from being relieved of all duty and when

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

1   by written agreement between the parties an on-the-job paid meal period is agreed to. The

2   written agreement shall state that the employee may, in writing, revoke the agreement at any

3   time."

4      55.     Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to

5   provide an employee a meal period in accordance with the applicable provisions of this order, the

6   employer shall pay the employee one (1) hour of pay at the employee's regular rate of

7   compensation for each workday that the meal period is not provided."

8      56.     The members of the Meal Period Subclass consistently worked over five (5) hours

9   per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to

10  exceeding five (5) hours of employment.

11     57.     The members of the Meal Period Subclass did not waive their meal periods, by

12  mutual consent with Defendants or otherwise.

13     58.     The members of the Meal Period Subclass did not enter into any written

14  agreement with Defendants agreeing to an on-the-job paid meal period.

15     59.     Defendants failed to comply with the meal period requirements established by

16  Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage

17  Order(s).

18     60.     Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(b)

19  which states "if an employer fails to provide an employee a meal or rest period in accordance

20  with an applicable order of the industrial Welfare Commission, the employer shall pay the

21  employee one additional hour of pay at the employee's regular rate of compensation for each

22  work day that the meal or rest period is not provided," the members of the Meal Period Subclass

23  are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's

24  regular rate of compensation for each work day that the meal period was not provided.

25     61.     Pursuant to Labor Code §218.6 and CC §3287, the members of the Meal Period

26  Subclass seek recovery of pre-judgment interest on all amounts recovered herein.

27     62.     Pursuant to Labor Code §218.5, the members of the Meal Period Subclass request

28  that the Court award reasonable attorneys' fees and costs incurred by them in this action.

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 16 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
23

## C.

## FAILURE TO PROVIDE PAID REST PERIODS

63.     Labor Code §226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

64.     Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

65.     Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

66.     Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

67.     The members of the Rest Period Subclass consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

68.     Defendants failed to authorize and permit the required rest periods established by Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage Order(s).

69.     Pursuant to Section 12(B) of the IWC Wage Order(s) and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 17 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
24

1  work day that the meal or rest period is not provided," the members of the Rest Period Subclass

2  are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's

3  regular rate of compensation for each work day that the rest period was not provided.

4        70.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Rest Period

5  Subclass seek recovery of pre-judgment interest on all amounts recovered herein.

6        71.    Pursuant to Labor Code §218.5, the members of the Rest Period Subclass request

7  that the Court award reasonable attorneys' fees and costs incurred by them in this action.

8                          **D.**

9  **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

10       72.    Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly

11  or at the time of each payment of wages, to furnish each of his or her employees, either as a

12  detachable part of the check, draft, or voucher paying the employee's wages, or separately when

13  wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)

14  gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages

15  earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and

16  address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during

17  each the pay period and the corresponding number of hours worked at each hourly rate by the

18  employee....".

19       73.    Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every

20  employer shall keep accurate information with respect to each employee including the following:

21  (3) Time records showing when the employee begins and ends each work period. Meal periods,

22  split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked

23  in the payroll period and applicable rates of pay...."

24       74.    Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A),

25  California employers are required to maintain accurate records pertaining to the total hours

26  worked for Defendants by the members of the Wage Statement Subclass, including but not

27  limited to, beginning and ending of each work period, meal period and split shift interval, the

28  total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 18 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
25

1    75.    As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage

2    Orders §7(A), Defendants did not and still do not furnish each of the members of the Wage

3    Statement Subclass with an accurate itemized statement in writing showing (1) gross wages

4    earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or

5    (5) all applicable hourly rates in effect during each respective pay period and the corresponding

6    number of hours worked at each hourly rate by each respective individual.

7    76.    As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage

8    Orders §7(A), Defendants did not and do not maintain accurate records pertaining to the total

9    hours worked for Defendants by the members of the Wage Statement Subclass, including but not

10   limited to, beginning and ending of each work period, meal period and split shift interval, the

11   total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

12   77.    Plaintiffs and the members of the Wage Statement Subclass have suffered injury

13   as a result of Defendants' failure to maintain accurate records for the members of the Wage

14   Statement Subclass in that the members of the Wage Statement Subclass were not timely

15   provided written accurate itemized statements showing all requisite information, including but

16   not limited to total hours worked by the employee, net wages earned and all applicable hourly

17   rates in effect during the pay period and the corresponding number of hours worked at each

18   hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the

19   members of the Wage Statement Subclass were misled by Defendants as to the correct

20   information regarding various items, including but not limited to total hours worked by the

21   employee, net wages earned and all applicable hourly rates in effect during the pay period and

22   the corresponding number of hours worked at each hourly rate.

23   78.    Pursuant to Labor Code §226(e), the members of the Wage Statement Subclass

24   are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation

25   hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a

26   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

27   ///

28   ///

KEVIN T. BARNES
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 19 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
26

79.     Pursuant to Labor Code §226(g), the currently-employed members of the Wage Statement Subclass are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

80.     Pursuant to Labor Code §226(e) and/or §226(g), the members of the Wage Statement Subclass are also entitled to an award of costs and reasonable attorneys' fees.

E.

### VIOLATIONS OF LABOR CODE §203

81.     Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

82.     Some of the members of the Classes are no longer employed by Defendants. They were either discharged from or quit Defendants' employ.

83.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

84.     Defendants willfully failed to pay the members of the LC 203 Subclass a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

85.     Defendants' willful failure to pay wages to the members of the LC 203 Subclass violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Subclass, but Defendants failed to pay them.

86.     Thus, the members of the LC 203 Subclass are entitled to recovery pursuant to Labor Code §203, in the amount of each LC 203 Subclass members' daily wage multiplied by thirty (30) days.

87.     Pursuant to CC §3287, the members of the LC 203 Subclass seek recovery of pre-judgment interest on all amounts recovered herein.

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 20 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
27

88.     Therefore, Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of this Complaint, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under California labor laws and the IWC Wage Order(s), as specifically described herein.

89.     Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

90.     Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

91.     Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

92.     Plaintiffs, on behalf of themselves and all others similarly situated, seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

93.     Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

94.     Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

95.     Plaintiffs, on behalf of themselves and all others similarly situated, seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

///

///

///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 21 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
28

SECOND CAUSE OF ACTION

DECLARATORY RELIEF [CCP §1060]

(On Behalf of Plaintiffs and All Others Similarly Situated)

(Against All Defendants)

96.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

97.     California Code of Civil Procedure §1060 provides that any person who desires a declaration of his or her rights or duties with respect to another, in cases of actual controversy relating to the legal rights and duties of the respective parties, may ask the Court for a declaration of rights or duties, and the Court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time; any such declaration by the Court shall have the force of a final judgment.

98.     Defendants continue to this day to engage in some or all of the unlawful and unfair conduct as described herein.

99.     An actual controversy exists in that Defendant asserts that has the legal right to perform the acts as described herein.

100.    Plaintiffs desire a declaration as to the rights of Plaintiffs and all others similarly situated with respect to Defendants' unlawful and unfair conduct, as described herein.

101.    It is therefore necessary that the Court declare the rights and duties of the parties hereto.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a.      That the Court issue an Order certifying the Classes herein, appointing the named Plaintiff(s) as representative of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff(s) as counsel for the members of the Classes;

///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.:(323) 549-9100
FAX:(323) 549-0101

EX. 2
29

1    <u>As to the First Cause of Action for Unfair Business Practices:</u>

2       b.      For an accounting, under administration of Plaintiffs and/or the receiver and

3   subject to Court review, to determine the amount to be returned by Defendants, and the amounts

4   to be refunded to members of the Classes who are owed monies by Defendants;

5       c.      For an Order requiring Defendants to identify each of the members of the Classes

6   by name, home address, and home telephone number;

7       d.      For an Order requiring Defendants to make full restitution and payment pursuant

8   to California law;

9       e.      For an Order for a preliminary and/or permanent injunction prohibiting

10   Defendants from engaging in the acts complained of herein;

11       f.      For the creation of an administrative process wherein each injured member of the

12   Classes may submit a claim in order to receive his/her money;

13       g.      For all other appropriate injunctive, declaratory and equitable relief;

14       h.      For interest to the extent permitted by law;

15       i.      For an award of attorneys' fees and costs incurred in the investigation, filing and

16   prosecution of this action pursuant to <u>CCP</u> §1021.5, <u>B&PC</u> §17200, et seq., <u>Labor Code</u> §1194

17   and/or any other applicable provision of law;

18   <u>As to the Second Cause of Action for Declaratory Relief:</u>

19       j.      A Declaration from the Court determining the rights of Plaintiffs and all others

20   similarly situated regarding Defendants' unlawful and unfair conduct as described herein;

21       k.      Such further Declaration of rights as the Court may deem proper; and

22       l.      Payment of costs and attorneys' fees from the amount recovered for the common

23   benefit of Plaintiffs and all others similarly situated.

24   <u>As to All Causes of Action:</u>

25       m.      For such other and further relief as this Court may deem just and proper; and

26       n.      For reasonable attorneys' fees and costs incurred.

27   ///

28   ///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.:(323) 549-9100
FAX:(323) 549-0101

- 23 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
30

VII.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: December 20, 2007

LAW OFFICES OF KEVIN T. BARNES

Kevin T. Barnes, Esq.
Gregg Lander, Esq.
Attorneys for Plaintiffs

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel: (323) 549-9100
Fax: (323) 549-0101

- 24 -
JIMENEZ v. SEARS - COMPLAINT

EX. 2
31

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin T. Barnes<br>Kevin T. Barnes (SB# 138477)<br>Law Offices of Kevin T. Barnes<br>5670 Wilshire Blvd., Ste. 1460<br>Los Angeles, CA  90036<br>TELEPHONE NO.: (323)549-9100   FAX NO.: (323) 549-0101<br>ATTORNEY FOR (Name): Plaintiff | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>DEC 28 2007<br><br>John A. Clarke, Executive Officer/Clerk<br><br>BY MARY GARCIA, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: JIMENEZ V. SEARS, ROEBUCK AND CO.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC383006** |
| | | | | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Product liability (24) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [X] Other employment (15) | | |

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply):*
a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action *(specify):* TWO

**5.** This case [X] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 26, 2007

Kevin T. Barnes
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

EX. 2
32

# EXHIBIT 3

SUPERIO      URT OF CALIFORNIA, COUNTY      OS ANGELES
N     CL   UF CASE ASSIGNMENT – UNLI    7ED CIVIL CASE
CASE NUMBER _____

*BC383006*

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3 (c)). There is additional informatio
on  the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. William Highberger | 32 | 406 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Ernest Hiroshige | 54 | 512 | |
| Hon. Conrad Aragon | 49 | 509 | | Hon. Jane Johnson | 56 | 514 | |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Tricia Ann Bigelow | 23 | 315 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Soussan  Bruguera | 71 | 729 | | Hon. Rita Miller | 16 | 306 | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. David L. Minning | 61 | 632 | |
| Hon. James C. Chalfant | 13 | 630 | | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Victoria Chaney | 324 | CCW | | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Judith C. Chirlin | 19 | 311 | | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Michael C. Solner | 39 | 415 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Mel Recana | 45 | 529 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Andria  K. Richey | 31 | 407 | |
| Hon. Mark Mooney | 68 | 617 | | Hon.Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. William F. Fahey | 78 | 730 | | Hon. Ann I. Jones | 40 | 414 | |
| Hon. Irving Feffer | 51 | 511 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Haley J. Fromholz | 20 | 310 | | Hon. Mary Thornton House | 17 | 313 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Terry Green | 14 | 300 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Charles C. Lee | 33 | 409 | |
| Hon. Paul Gutman | 34 | 408 | | | | | |
| Hon. Robert L. Hess | 24 | 314 | | | | | |
| | | | | OTHER | | | |

*Class Actions

Given to Plaintiff/Cross-Complainant/Attorney of record on _____        John A. Clarke, Executive Officer/Clerk

_____, Deputy Cler

**EX. 3**
**33**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter 7 Rules as applicable in the Central District are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days prior to the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions and special jury instructions and special jury verdicts. These  matters may be heard and resolved at this conference.  At least 5 days prior to this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter 7 Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

## *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth St., Los Angeles 90005).  This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court rule 3.400.rule 3.400.  Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

LACIV CCH 190 (Rev. 10/07)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT-
UNLIMITED CIVIL CASE**

Page 2 of 2

**EX. 3
34**

BY FAX

| SHORT TITLE:<br>JIMENEZ V. SEARS, ROEBUCK AND CO. | CASE NUMBER<br>BC 383006 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☑ YES    TIME ESTIMATED FOR TRIAL 5    ☐ HOURS/ ☑ DAYS.

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016   Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

**EX. 3**
**35**

| | SHORT TITLE: | CASE NUMBER |
|---|---|---|
| | JIMENEZ V. SEARS, ROEBUCK AND CO. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

**EX. 3**

**36**

| SHORT TITLE | CASE NUMBER |
| --- | --- |
| JIMENEZ V. SEARS, ROEBUCK AND CO. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

EX. 3
37

| SHORT TITLE:<br>JIMENEZ V. SEARS, ROEBUCK AND CO. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE | ADDRESS:<br>818 West Seventh Street |
|---|---|
| ☑1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | |
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90017 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>December 26, 2007</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)        **CIVIL CASE COVER SHEET ADDENDUM**        LASC, rule 2.0<br>LASC Approved        **AND STATEMENT OF LOCATION**        Page 4 of 4

EX. 3
38

# EXHIBIT 4



*from the*
### LOS ANGELES SUPERIOR COURT
### *ADR* DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice

- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

◆ **ENE can reduce litigation time and costs and promote settlement.**

◆ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

◆ **ENE is voluntary and confidential.**

◆ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

◆ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- ## Chatsworth
- ## Pomona
- ## Santa Monica
- ## Van Nuys
- ## Stanley Mosk (Departments listed below only.)

    Department 15

    Department 16

    Department 28

    Department 30

    Department 31

    Department 32

    Department 38

    Department 42

    Department 47

    Department 50

    Department 52

    Department 55

    Department 56

    Department 68

    Department 71

    Department 89

### LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**      A neutral third party called a "mediator" helps participants in the dispute create their own resolution.  The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement.  Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**      A neutral third party called an "arbitrator" listens to each side in the dispute present its case.  The arbitrator, who is an attorney, issues a decision based on the evidence.  Although evidence is presented, arbitration is a less formal process than litigation.  The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**      A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence.  After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance.  Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**      A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**      Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**      Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL  INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process.  Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 01-07)

Page 1 of 2

**EX. 4**
**41**

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

| | |
|---|---|
| **PARTY PAY PANEL** | The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **PRO BONO PANEL** | The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono.  Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **ENE** | The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators.  The evaluators provide preparation time and three hours hearing time per case at no charge.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing. |
| **PRIVATE NEUTRAL** | The market rate for private neutrals can range from $200-$1,000 per hour. |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

> **DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

Page 1 of 2

EX. 4
43

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

**A Mediator helps parties. . .**

♦ Have productive discussions
♦ Avoid or break impasses
♦ Defuse controversy
♦ Generate options that have potential for mutual gain
♦ Better understand each other's concerns and goals
♦ Focus on their interests rather than their positions

**A Mediator does not...**

♦ Provide advice or opinions
♦ Offer legal information
♦ Make decisions for parties
♦ Represent or advocate for either side
♦ Judge or evaluate anyone or anything
♦ Conduct research
♦ "Take Sides"

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office.  Consult your phone directory to locate the number of the Court Office on your summons.)**

**THIS IS A TWO-SIDED DOCUMENT.**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

---

Name of Stipulating Party            Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Stipulating Party            Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Stipulating Party            Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Stipulating Party            Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

☐ **Additional signature(s) on reverse**

---

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

**EX. 4
45**

| Short Title | Case Number |
|---|---|
| | |

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

**EX. 4
46**

# EXHIBIT 5

1   Kevin T. Barnes, Esq. (#138477)
    Gregg Lander, Esq. (#194018)
2   LAW OFFICES OF KEVIN T. BARNES
    5670 Wilshire Boulevard, Suite 1460
3   Los Angeles, CA 90036-5627
    Tel.: (323) 549-9100 / Fax: (323) 549-0101
4   Email: Barnes@kbarnes.com

5   Joseph Antonelli, Esq. (#137039)
    Janelle Carney, Esq. (#201570)
6   LAW OFFICE OF JOSEPH ANTONELLI
    1000 Lakes Drive, Suite 450
7   West Covina, CA 91790-2918
    Tel.: (626) 917-6228 / Fax: (626) 917-7686
8   Email: JAntonelli@antonellilaw.com

9   Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11       FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED

12   JOSE JIMENEZ, on behalf of himself and all    )   Case No.:  BC383006
     others similarly situated,                     )   Dept.:      324
13                                                   )   Honorable: Mel Red Recana
              Plaintiffs,                            )
14                                                   )   **CLASS ACTION**
         v.                                          )
15                                                   )   **NOTICE OF MINUTE ORDER**
     SEARS, ROEBUCK AND CO., a New                   )
16   York corporation; and DOES 1 to 100,           )   **Action Filed: December 28, 2007**
     inclusive,                                      )
17                                                   )
              Defendants.                            )
18                                                   )

19   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20          PLEASE TAKE NOTICE that the above entitled case has been deemed non-complex and

21   reassigned to the Honorable Mel Red Recana in Dept.45 of the Los Angeles Superior Court,

22   Stanley Mosk Courthouse.  A true copy of said order is attached hereto as Exhibit 1.

23   Dated: January 9, 2008                    LAW OFFICES OF KEVIN T. BARNES

24
25                                             By: _____
26                                                 Kevin T. Barnes, Esq.
                                                   Gregg Lander, Esq.
27                                                 Attorneys for Plaintiffs

28

- 1 -
**NOTICE OF MINUTE ORDER**

EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/02/08

DEPT. 324

HONORABLE VICTORIA CHANEY    JUDGE    L. HIRONAKA    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR

Deputy Sheriff    NONE    Reporter

| 8:30 am | BC383006 | Plaintiff Counsel | NO APPEARANCES |
| | JOSE JIMENEZ VS SEARS ROEBUCK AND CO | Defendant Counsel | |
| | NON-COMPLEX (01-02-08) | | ON CALENDAR |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 01-03-08 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 01-03-08

John A. Clarke, Executive Officer/Clerk

By: _____KIN HILAIRE_____
            KIN HILAIRE

LAW OFFICES OF KEVIN T. BARNES
Kevin T. Barnes, Esq.
5670 Wilshire Boulevard, Suite 1460
Los Angeles, California  90036-5627

Page   2 of   2    DEPT. 324

```
MINUTES ENTERED
01/02/08
COUNTY CLERK
```

**EX. 5**

**49**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/02/08 | DEPT. 324 |
| HONORABLE VICTORIA CHANEY   JUDGE | L. HIRONAKA   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 8:30 am | BC383006 | Plaintiff<br>Counsel |
| | JOSEJIMENEZ<br>VS<br>SEARS ROEBUCK AND CO | NO APPEARANCES<br>Defendant<br>Counsel |
| | NON-COMPLEX (01-02-08) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Mel Red Recana in Department 45 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 45 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of   2   DEPT. 324

MINUTES ENTERED
01/02/08
COUNTY CLERK

EX. 5
50

1

PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los
4 Angeles County, where the service herein occurred.

5       On the date of execution hereof, I served the attached document(s) described as:

6 **NOTICE OF MINUTE ORDER**

7       on the interested parties in this action, addressed as follows:

8 CT CORPORATION SYSTEM          Joseph Antonelli, Esq.(#137039)
  818 West Seventh Street          Janelle Carney, Esq. (#201570)
9 Los Angeles, CA 90017           LAW OFFICE OF JOSEPH ANTONELLI
                                   1000 Lakes Drive, Suite 450
10                                 West Covina, CA 91790-2918
                                   Tel.: (626) 917-6228 / Fax: (626) 917-7686
11                                 Email: JAntonelli@antonellilaw.com

12

13      using the following service method(s):

14      __X__ **VIA MAIL:** I deposited the document(s) to be served at: **5670 Wilshire Boulevard, Los Angeles, CA,** which is a mailbox or other like facility regularly maintained by the United
15 States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those
16 person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date
17 is more than one (1) day after the date of deposit for mailing stated herein.

18 I DECLARE under penalty of perjury that the foregoing is true and correct.

19 Executed on January 9, 2008, at Los Angeles, California.

20                                        _____
21                                              Cindy Rivas

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel:(323) 549-9100
Fax:(323) 549-0101

**EX. 5**
**51**

# EXHIBIT 6

1   Kevin T. Barnes, Esq. (#138477)
    Gregg Lander, Esq. (#194018)
2   LAW OFFICES OF KEVIN T. BARNES
    5670 Wilshire Boulevard, Suite 1460
3   Los Angeles, CA 90036-5627
    Tel.: (323) 549-9100 / Fax: (323) 549-0101
4   Email: Barnes@kbarnes.com

5   Joseph Antonelli, Esq. (#137039)
    Janelle Carney, Esq. (#201570)
6   LAW OFFICE OF JOSEPH ANTONELLI
    1000 Lakes Drive, Suite 450
7   West Covina, CA 91790-2918
    Tel.: (626) 917-6228 / Fax: (626) 917-7686
8   Email: JAntonelli@antonellilaw.com

9   Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11       FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED

12   JOSE JIMENEZ, on behalf of himself and all    )   Case No.:  BC383006
     others similarly situated,                    )   Dept.:     324
13                                                  )   Honorable: Mel Red Recana
                                                    )
14          Plaintiffs,                             )   **CLASS ACTION**
                                                    )
15      v.                                          )   **PROOF OF SERVICE OF SUMMONS**
                                                    )   **& COMPLAINT**
16   SEARS, ROEBUCK AND CO., a New                  )
     York corporation; and DOES 1 to 100,          )   **Action Filed: December 28, 2007**
17   inclusive,                                     )
                                                    )
18          Defendants.                             )
                                                    )

19

20

21

22

23

24

25

26

27

28

KEVIN T. BARNES
5670 WILSHIRE
BLVD., SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

EX. 6
52

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kevin T. Barnes<br>Kevin T. Barnes (SB# 138477)<br>Law Offices of Kevin T. Barnes<br>5670 Wilshire Blvd., Ste. 1460<br>Los Angeles, CA 90036<br>TELEPHONE NO.: (323) 549-9100   FAX NO. *(Optional)*:   (323) 549-0101<br>E-MAIL ADDRESS *(Optional)*: barnes@Kbarnes.com<br>ATTORNEY FOR *(Name)*: Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

| PLAINTIFF/PETITIONER: JOSE JIMENEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED<br>DEFENDANT/RESPONDENT: SEARS, ROEBUCK AND CO., A NEW YORK CORPORATION | CASE NUMBER:<br>BC383006 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*: NOTICE OF CASE ASSIGNMENT, CIVIL CASE COVER SHEET ADDENDUM.

3. a. Party served *(specify name of party as shown on documents served)*: SEARS, ROEBUCK AND CO.

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   BJORN FLOR, CLERK @C.T. CORPORATION, REGISTERED AGENTS FOR SERVICE OF PROCESS.

4. Address where the party was served: 818 W. SEVENTH STREET, STE#200, LOS ANGELES, CA 90017.

5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 12-28-2007     (2) at *(time)*: 1:40 PM.
   b. [ ] by substituted service. On *(date)*:        at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:        from *(city)*:        or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Legal Solutions Plus

Code of Civil Procedure, § 417.10

EX. 6
53

| | |
|---|---|
| PLAINTIFF/PETITIONER: JOSE JIMENEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED<br>DEFENDANT/RESPONDENT: SEARS , ROEBUCK AND CO., A NEW YORK CORP | CASE NUMBER:<br>BC383006 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

        ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):* SEARS , ROEBUCK AND CO.
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: LUIS J.VELIS/SCORPION ATTORNEY SERVICES
  b. Address: 15438 WOOD DUCK STREET,FONTANA, CA 92336.
  c. Telephone number: 213-276-0484
  d. **The fee** for service was: $ 0.00
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
        (i) ☒ owner ☐ employee ☐ independent contractor.
        (ii) Registration No.: 746
        (iii) County: SAN BERNARDINO

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

  or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: 1-8-2008

LUIS J.VELIS,REG# 746
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                  (SIGNATURE )

**EX. 6**
**54**

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los Angeles County, where the service herein occurred.

4

5

    On the date of execution hereof, I served the attached document(s) described as:

6

**PROOF OF SERVICE OF SUMMONS & COMPLAINT**

7

    on the interested parties in this action, addressed as follows:

8

Bjorn Flor, Clerk
CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

9

10

11

    using the following service method(s):

12

  <u>X</u>  **VIA MAIL:** I deposited the document(s) to be served at: **5670 Wilshire Boulevard, Los Angeles, CA,** which is a mailbox or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing stated herein.

13

14

15

16

I DECLARE under penalty of perjury that the foregoing is true and correct.

17

Executed on January 10, 2008, at Los Angeles, California.

18

_____
        Cindy Rivas

19

20

21

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -
**PROOF OF SERVICE**

# EXHIBIT 7

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5627
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Joseph Antonelli, Esq. (#137039)
   Janelle Carney, Esq. (#201570)
6  LAW OFFICE OF JOSEPH ANTONELLI
   1000 Lakes Drive, Suite 450
7  West Covina, CA 91790-2918
   Tel.: (626) 917-6228 / Fax: (626) 917-7686
8  Email: JAntonelli@antonellilaw.com

9  Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11       FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED

12  JOSE JIMENEZ, on behalf of himself and all    ) Case No.: BC383006
    others similarly situated,                    ) Dept.:     45
13                                                 ) Honorable: Mel Red Recana
             Plaintiffs,                           )
14                                                 ) **CLASS ACTION**
         v.                                        )
15                                                 ) **NOTICE OF CASE MANAGEMENT
    SEARS, ROEBUCK AND CO., a New                  ) CONFERENCE**
16  York corporation; and DOES 1 to 100,          )
    inclusive,                                     ) Action Filed: December 28, 2007
17                                                 )
             Defendants.                           )
18  _____ )

19

20          PLEASE BE ADVISED that the Court has set a Case Management Conference for **April

21  25, 2008 at 8:30 a.m. in Dept. 45**.  Pursuant to CRC 212 a completed Case Management

22  Statement must be filed at least 15 calendar days prior to the Case Management Conference.

23          Attached as Exhibit 1 is a copy of the Notice of Case Management Conference.

24  Date:  January 25, 2008               LAW OFFICES OF KEVIN T. BARNES

25

26                                        By: _____
27                                              KEVIN T. BARNES
                                              Attorneys for Plaintiffs
28

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

                              - 1 -

              **NOTICE OF CASE MANAGEMENT CONFERENCE**

                                              **EX. 7**
                                               **56**

NOTICE SENT TO:

Barnes, Kevin T., Esq
Barnes, Kevin T., Law Offices of
5670 Wilshire Boulevard, Suite 1460
Los Angeles,          CA   90036-5627

ORIGINAL FILED

JAN 18 2008

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| JOSE JIMENEZ | | CASE NUMBER |
| VS. | Plaintiff(s), | BC383006 |
| SEARS ROEBUCK AND CO | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  April 25, 2008  at   8:30 am  in  Dept. 45  at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  January 18, 2008

_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date:  January 18, 2008

John A. Clarke, Executive Officer/Clerk

by  _____ , Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**EX. 7**
**57**

1   **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am over the age of 18 years and not a party to this action. My business address is 5670
Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los
4   Angeles County, where the service herein occurred.

5       On the date of execution hereof, I served the attached document(s) described as:

6       • **NOTICE OF CASE MANAGEMENT CONFERENCE**

7       on the interested parties in this action, addressed as follows:

8   Hwannie Lee Shen, Esq.              Joseph Antonelli, Esq.
WINSTON & STRAWN LLP        Janelle Carney, Esq.
9   333 South Grand Avenue, 38th Floor   LAW OFFICE OF JOSEPH ANTONELLI
Los Angeles, CA 90071            1000 Lakes Drive, Suite 450
10   Tel.: (213) 615-1700 / Fax: (213) 615-1750  West Covina, CA 91790-2918
Email: HShen@winston.com       Tel.: (626) 917-6228 / Fax: (626) 917-7686
11                                     Email: JAntonelli@antonellilaw.com

12       using the following service method(s):

13     **X**   VIA MAIL: I deposited the document(s) to be served at: **5670 Wilshire Boulevard,
Los Angeles, CA,** which is a mailbox or other like facility regularly maintained by the United
14   States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on
whom the document(s) is/are to be served, at the office address as last given by that/those
15   person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of
any party served, service is presumed invalid if the postal cancellation date or postage meter date
16   is more than one (1) day after the date of deposit for mailing stated herein.

17   

18   I DECLARE under penalty of perjury that the foregoing is true and correct.

19   Executed on January 25, 2008, at Los Angeles, California.

20                                       _____
                                      **Cindy Rivas**

21

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.:(323) 549-9100
Fax:(323) 549-0101

- 1 -
**PROOF OF SERVICE**

**EX. 7**
**58**

# EXHIBIT 8

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 11 2008

John A. Clarke, Executive Officer/Clerk
By _____ ,Deputy
Jalon Taylor

1  JESSIE A. KOHLER (SBN 179363)
   JULIA LAPIS BLAKESLEE (SBN 199365)
2  HWANNIE L. SHEN (SBN 222342)
   AUDREY SHEN CHUI (SBN 254510)
3  WINSTON & STRAWN LLP
   333 South Grand Avenue, 38th Floor
4  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
5  Facsimile: 213-615-1750

6

7  Attorneys for Defendant
   SEARS, ROEBUCK AND CO.

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11

12  JOSE JIMENEZ, on behalf of himself and all    )   Case No. BC 383006
    others similarly situated,                    )   Assigned to the Honorable Mel Red Recana
13                                                 )
                                                   )
14            Plaintiffs,                          )
                                                   )   1) NOTICE OF DEMURRER TO FIRST
15        vs.                                      )      AMENDED COMPLAINT;
                                                   )
16  SEARS, ROEBUCK AND CO., a New York             )   2) DEMURRER; AND
    corporation; and DOES 1 to 100, inclusive,    )
17                                                 )   3) MEMORANDUM OF POINTS AND
            Defendants.                            )      AUTHORITIES IN SUPPORT THEREOF
18                                                 )
                                                       [Filed Concurrently With Motion to Strike]
19
                                                       Date:  May 5, 2008
20                                                     Time:  8:30 a.m.
                                                       Dept.  45
21

22

23

24

25

26

27

28

                              DEMURRER
LA:204914.1

EX. 8
59

TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 5, 2008, at 8:30 a.m., or as soon thereafter as counsel can be heard, in Department 45 of the Los Angeles Superior Court, located at 111 North Hill Street, Los Angeles, California, Defendant Sears, Roebuck and Co. will, and hereby does, demur to the entire Complaint and each cause of action alleged therein.

The general demurrer is brought pursuant to Section 430.10, subsection (e), of the Code of Civil Procedure, on the grounds that the First and Second Causes of Action each fail to state facts sufficient to constitute a cause of action.

The general demurrer is based on the Complaint, this notice, the attached demurrer and memorandum of points and authorities, on matters of which this Court may judicially notice, and on the records on file with the Court, and on further evidence as may be presented at the hearing on this matter.

Dated: February 11, 2008

WINSTON & STRAWN LLP
JESSIE A. KOHLER
JULIA LAPIS BLAKESLEE

By: _____
Julia Lapis Blakeslee
Attorneys for Defendant
SEARS, ROEBUCK AND CO.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

DEMURRER

LA:204914.1

EX. 8
60

## DEMURRER

**1.   _General Demurrer To The First Cause of Action for Violation of Business & Professions_ _Code Sections 17200 et seq._**

Plaintiff cannot proceed on his claim for violation of the Unfair Competition Law, Business & Professions Code Sections 17200 _et seq._, because his claim is predicated entirely on statutory violations which are barred by the statute of limitations in Code of Civil Procedure Section 338, and Plaintiff cannot use the Unfair Competition Law to plead around barred claims.  In re Vaccine Cases, 134 Cal. App. 4th 438 (2005).

[Code of Civil Procedure § 430.10(e).]

**2.   _General Demurrer To The Second Cause of Action for Declaratory Relief Under Code Of_ _Civil Procedure Section 1060._**

Plaintiff cannot proceed on his claim for declaratory relief under Code of Civil Procedure Section 1060 because he lacks standing as a former employee of Defendant Sears, Roebuck and Co. ("Sears") to seek declaratory relief on behalf of Sears' current employees.  Carsten v. Psychology Examining Comm. of Bd. of Med. Qual. Assur., 27 Cal. 3d 793, 796 (1980).  He has also failed to allege a claim under Code of Civil Procedure section 1060.  Sherwyn v. Dep't of Social Services, 173 Cal. App. 3d 52, 58 (1985).

[Code of Civil Procedure § 430.10(e).]

Dated:  February 11, 2008

WINSTON & STRAWN LLP
JESSIE A. KOHLER
JULIA LAPIS BLAKESLEE

By:  _____
Julia Lapis Blakeslee
Attorneys for Defendant
SEARS, ROEBUCK AND CO.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2
DEMURRER

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   <u>INTRODUCTION</u>

Plaintiff Jose Jimenez has brought this wage and hour lawsuit against Defendant Sears, Roebuck and Co. ("Sears") too late.  He has not been employed by Sears for almost four years, and he has no present interest in Sears' wage and hour policies or practices.  Consequently, there is no justiciable controversy at issue here.

Plaintiff's First Cause of Action under the Unfair Competition Law, Business & Professions Code Sections 17200 *et seq.* ("UCL"), which is predicated entirely on alleged statutory violations, is barred because the statute of limitations on the underlying claims has expired.  Plaintiff cannot use Section 17200 to avoid a statutory bar to his claims.  Nor can he maintain a claim under the "unfairness" prong of Section 17200 because he did not allege any conduct by Sears that was unfair, separate and apart from his legally-barred claim of unlawful conduct.

Moreover, Plaintiff may not pursue a claim for declaratory relief on behalf of current Sears employees because he is not employed by Sears.  He therefore lacks standing to seek declaratory relief and has otherwise failed to set forth the requisite elements of a declaratory relief claim.

Plaintiff's First and Second Causes of Action fail to state a claim, and the admissions that Plaintiff makes in the Complaint make clear that he cannot possibly plead additional facts that would make his claims immune to demurrer.  The Court should sustain Sears' demurrer without leave to amend.

## II.   <u>PLAINTIFF'S ALLEGATIONS</u>

Plaintiff was first employed by Sears as an Assistant Manager in November 2000, at the Torrance, California store.  (Complaint, ¶ 9.)  He held his position for two and a half years, until to May 16, 2003.  (Complaint, ¶ 9.)  He was re-hired as an Assistant Manager at the West Covina store a year later, in March 2004, and held this position for about a month, until April 9, 2004.  (Complaint, ¶ 9.)  Plaintiff last worked for Sears almost four years ago.  (Complaint, ¶ 9.)

Plaintiff filed this putative class action complaint in Los Angeles Superior Court on December 28, 2007, over three-and-a-half years after he left his employment with Sears.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

LA:204914.1

1  (Complaint, ¶ 4.)  He seeks to represent current and former employees who held the title "Assistant

2  Manager" in Sears' Automotive Center Division.  (Complaint, ¶ 4.)  His definition of the putative

3  class also includes all persons who held positions "with substantially similar titles and duties in that

4  division."  (Complaint, ¶ 4.)  He does not, however, identify any of these duties or titles, or describe

5  how they are "substantially similar" to the Assistant Manager job title or duties.  (Complaint, ¶ 4.)

6       The Complaint alleges that the putative class period begins on December 28, 2003, four years

7  preceding the date that he filed the Complaint.  (Complaint, ¶ 3.)  Therefore, Plaintiff was a member

8  of the putative class for only a month during the class period he proposes.

9       The Complaint attempts to state two causes of action.  The First Cause of Action, for

10  violation of the UCL, complains of unlawful, unfair and fraudulent business practices.  (Complaint, ¶

11  39.)  Plaintiff identifies these practices as:

12      (a)    Misclassifying the putative class members as exempt from

13          overtime pay requirements, and failing to pay them overtime,

14          as required by to Labor Code Sections 204, 510(a) and 1194

15          (Complaint, ¶¶ 40-45);

16      (b)    Not providing rest breaks, as required by to Labor Code

17          Sections 226.7(a) and 512, and Section 11(B) of the Industrial

18          Welfare Commission ("IWC") Wage Orders (Complaint, ¶¶

19          50-52, 54-55, 59);

20      (c)    Not providing meal breaks, as required by to Labor Code

21          Sections 226.7(a) and 512, and Section 12(B) of the IWC

22          Wage Orders (Complaint, ¶¶ 63-66, 68);

23      (d)    Failing to issue accurate, itemized wage statements, as required

24          by to Labor Code Sections 226(a) and Section 7(A) of the IWC

25          Wage Orders (Complaint, ¶¶ 72-77); and

26      (e)    Not paying the penalties required by Labor Code Section 203

27          for an alleged failure to pay all wages due upon termination of

28          employment (Complaint, ¶¶ 81-84).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2

DEMURRER

1   The First Cause of Action does not allege any unlawful, unfair or fraudulent business practices other

2   than the purported violations of the statutes set forth above.

3       The Second Cause of Action seeks declaratory relief pursuant to Code of Civil Procedure

4   Section 1060 for the same conduct that gives rise to Plaintiff's UCL claim.  (Complaint, ¶¶ 96-101.)

5   Thus, the factual allegations underlying the Second Cause of Action are the same as those in the

6   First Cause of Action.

7       The Complaint seeks various remedies, including restitution, disgorgement, penalties,

8   injunctive relief, attorneys' fees, costs, interest and declaratory relief.  (Complaint, prayer, ¶¶ d, e, g-

9   j, l, n.)

10  **III.   PLAINTIFF'S FIRST CAUSE OF ACTION FOR UNFAIR COMPETITION IS**

11  **BARRED BECAUSE IT IS ENTIRELY DUPLICATIVE OF STATUTORY WAGE**

12  **CLAIMS ON WHICH THE STATUTE OF LIMITATIONS HAS EXPIRED**

13  **A.   The First Cause Of Action Is Predicated Exclusively On Sears' Alleged Labor**

14  **Code Violations.**

15  The Complaint alleges that Plaintiff's UCL claim is based on the following acts by Sears:

16  • Overtime

17      "Defendants' pattern, practice and uniform administration of corporate
        policy regarding illegal employee compensation as described herein is

18      unlawful and creates an entitlement, pursuant to tabor Code §218 and
        Labor Code §1194(a), to recovery by the members of the Overtime

19      Subclass, in a civil action, for the unpaid balance of the full amount of
        the straight time compensation and overtime premiums owing,

20      including interest thereon, reasonable attorneys' fees, and costs of
        suit."

21

22      (Complaint, ¶ 45.)

23  • Meal periods

24      "Defendants failed to comply with the meal period requirements
        established by Labor Code §226.7, Labor Code §512, Labor Code

25      §516 and Section 11(B) of the IWC Wage Order(s)."

26      (Complaint, ¶ 59.)

27  //

28  //

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

3
DEMURRER

- <u>Rest periods</u>

  "Defendants failed to authorize and permit the required rest periods established by <u>Labor Code</u> §226.7 and <u>Labor Code</u> §516 and Section 12 of the <u>IWC Wage Order(s)</u>.

  (Complaint, ¶ 68.)

- <u>Wage statements</u>

  "75. As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants did not and still do not furnish each of the members of the Wage Statement Subclass with an accurate itemized statement in writing showing (1) gross wages (2) total daily hours worked by the employee (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding, and the total hours worked per pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

  76. As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Subclass, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay."

  (Complaint, ¶¶ 75, 76.)

- <u>Penalties for failure to pay wages upon termination of employment</u>

  "Defendants willfully failed to pay the members of the LC 203 Subclass a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter."

  (Complaint, ¶ 84.)

Thus, the only factual allegations supporting Plaintiff's UCL claim concern a violation of the Labor Code.[1]

_____

[1] California Business and Professions Code Section 17200 defines "unfair competition" as any "unlawful, unfair or fraudulent business practice." Proscribed "unlawful business activity" includes "anything that can properly be called a business practice and that at the same time is forbidden by law." <u>Barquis v. Merchants Collection Assn.</u>, 7 Cal. 3d 94, 113 (1972). Essentially, "an action based on [§ 17200] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." <u>Farmers Ins. Exchange v. Superior Court</u>, 2 Cal. 4th 377, 383 (1992).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

4

DEMURRER

**B.**   **The Statutes On Which Plaintiff's First Cause Of Action Is Based Are Subject To Statute Of Limitations That Expired Before Plaintiff Filed His Complaint.**

The Labor Code sections upon which Plaintiff relies in pleading his UCL claim are all subject to the limitations period set forth in Code of Civil Procedure Sections 203, 338(a) and 340(a), which read as follows:

> Section 338(a) -- "An action upon a liability created by statute, other than a penalty or forfeiture" must be brought within three years.
>
> Section 340(a) -- "An action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation," must be brought within one year.
>
> Section 203 -- "Suit may be filed for these penalties [for failure to pay wages due a terminated employee] at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

Therefore, Plaintiff's claims under Labor Code Sections 203, 204, 218, 226.7, 510, 512, 1194 and 1198 are subject to a three year statute of limitations.[2]  His claim for penalties under Labor Code Section 226 is subject to a one year statute of limitations.[3]

---

[2] Plaintiff also alleges that Sears violated Labor Code Sections 218, and 516, however, these statutes do not provide any basis for an action by Plaintiff.  Labor Code Section 218 states:
   "Nothing in this article shall limit the authority of the district attorney of any county or prosecuting attorney of any city to prosecute actions, either civil or criminal, for violations of this article or to enforce the provisions thereof independently and without specific direction of the division.  Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."
Labor Code Section 516 states:
   "Except as provided in Section 512, the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."
[3] As discussed in the accompanying motion to strike, Plaintiff may not seek penalties under Labor Code Sections 203 and 226 as part of his UCL claim because the UCL provides only for restitutionary relief and penalties are not available.  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone, 20 Cal. 4th 163, 179 (1999).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

5

DEMURRER

1    Since Plaintiff's last day of employment with Sears was April 9, 2004, his right to bring an

2    action under Labor Code Section 226 expired on April 9, 2005, and his right to bring an action under

3    Labor Code Sections 203, 204, 218, 226.7, 510, 512, 1194 and 1198 expired on April 9, 2007.  Cal.

4    Code Civ. Proc. §§ 338(a), 340(a).  However, Plaintiff did not file the Complaint until December 28,

5    2007 – almost nine months after the three year statute of limitations on the Labor Code violations

6    expired.  Thus, the alleged statutory violations underlying his UCL claim are barred by the statute of

7    limitations.

8    **C.**     **Plaintiff's UCL Claim Is Barred Because The Underlying Statutory Claims Are**

9              **Barred.**

10    Since Plaintiff cannot maintain a cause of action against Sears under any set of facts for

11    violation of the Labor Code, there is no basis for relief against Sears under the unfair competition

12    law.  In re Vaccine Cases, 134 Cal. App. 4th 438 (2005).

13    The plaintiffs in In re Vaccine Cases alleged that the defendant vaccine manufacturers

14    violated the Safe Drinking Water and Toxic Enforcement Act of 1986 (the "Act") by failing to

15    provide warnings required by the Act.  Id. at 444.  The plaintiffs in that case also included a claim

16    under Section 17200.  Id. at 445.  The Court of Appeal upheld the trial court's ruling sustaining the

17    defendants' demurrer on the ground that no statutory violation supported the unlawful act or practice

18    upon which the plaintiffs' UCL claim was based because the plaintiff had failed to timely provide

19    60-day notice of the lawsuit.  Id.

20    The Court of Appeal in In re Vaccine Cases relied upon a California Supreme Court decision

21    holding that "a plaintiff may not bring an action under the unfair competition law if some other

22    provision bars it."  Id. at 445 (citing Cel-Tech, supra, 20 Cal. 4th at 184).  As the Court of Appeal

23    observed, "Cel-Tech holds that where the Legislature has specifically precluded that no action

24    should lie, the plaintiff cannot use the unfair competition law to '"plead around"' an '"absolute bar to

25    relief."'"  Id. at 458 (citing Cel-Tech, supra, at 182).

26    In re Vaccine Cases expressly rejected the proposition that the plaintiffs' claim in that case

27    could be construed to seek redress for "unfair" practices because the complaint focused exclusively

28    on an alleged statutory violation.  Id. at 457.  Thus, the court held that the same conduct which is

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

6

DEMURRER

1    alleged to be "unlawful" because it violates a statute may *not* also satisfy the alternative "unfair"

2    prong of Section 17200.

3        The "unfair" prong of Section 17200 may be satisfied only by separate allegations of

4    different conduct that is not also alleged to violate a statute.  Such separate allegations of "unfair"

5    conduct are absent in the instant case.  In fact, Plaintiff expressly alleges that the Sears' conduct was

6    "unfair" only because of his alleged statutory violations:

7           "Defendants have engaged in unfair business practices in California by

8           practicing, employing and utilizing the employment practices outlined

9           in the preceding paragraphs, specifically, by requiring employees to

10          perform the labor services complained of herein without the requisite

11          compensation. . . . [¶] Defendants' use of such practices constitutes an

12          unfair business practice, unfair competition and provides an unfair

13          advantage over Defendants' competitors."

14          (Complaint, ¶¶ 89, 90.)

15       Like the plaintiffs in In re Vaccine Cases, Plaintiff in this case predicates his UCL claim

16   solely on Sears' alleged statutory violations.  (Complaint, ¶¶ 45, 59, 68, 75, 76, 84.)  He avers that

17   Sears' conduct constituted "unfair business practices" in violation of Section 17200 because it

18   violated the Labor Code.  Plaintiff does not allege that any other business practice, aside from the

19   alleged Labor Code violations, is "unfair."

20       Thus, even if the Court accepts all material allegations in Plaintiff's Complaint as true and

21   construes them in the light most favorable to Plaintiff, there is simply no allegation in the Complaint

22   that forms the basis for a UCL violation aside from Plaintiff's contention that Sears' actions violated

23   the Labor Code.  Id.  As the case in Cel-Tech, Plaintiff cannot evade the requirement imposed by the

24   statute of limitations by re-pleading his Labor Code claims as one for violation of the UCL.[4]  In re

25   Vaccine Cases, 134 Cal. App. 4th at 459.

26   _____
     [4] The decision in Cortez v. Purolator Air Filtration, 23 Cal. 4th 163 (2000), which confirmed that a
27   claim for back wages under the UCL is restitutionary in nature and may be subject to a four year
     statute of limitations, did not consider the question of whether a UCL claim is barred when the
28   statute of limitations on the underlying statutory claims has expired.  A decision is authority only
     "for the points actually involved and actually decided."  Santisas v. Goodin, 17 Cal. 4th 599, 620

7

DEMURRER

1        Accordingly, he cannot maintain a cause of action for violation of Section 17200 against

2    Sears.  The Court should sustain Sears' demurrer as to the first cause of action, without leave to

3    amend.

4    **IV.**    **PLAINTIFF HAS NOT, AND CANNOT, SET FORTH A CLAIM FOR**

5           **DECLARATORY RELIEF**

6        **A.**    **Plaintiff Lacks Standing To Sue For Declaratory Relief Over His Former**

7           **Employer's Wage And Hour Practices, Which Have No Effect Upon Him.**

8        Plaintiff, who has not been employed by Sears since early 2004, has no real interest in Sears'

9    current wage and hour policies and practices, and lacks standing to seek declaratory relief on behalf

10   of current Sears employees.  His Second Cause of Action is therefore subject to demurrer for lack of

11   standing, as it is clear from the face of the Complaint that he is not in danger of suffering any

12   continuing or future injury as a result of Sears' alleged wage and hour policies or practices.  Carsten

13   v. Psychology Examining Comm. of Bd. of Med. Qual. Assur., 27 Cal. 3d 793, 796 (1980).

14       In order to bring a claim against Sears, Plaintiff must be a real party in interest with respect

15   to that claim.  Gantman v. United Pac. Ins. Co., 232 Cal. App. 3d 1560, 1566 (1991) (affirming

16   summary judgment of claim for lack of standing to sue).  As the person invoking judicial the

17   process, Plaintiff must have a real interest in the ultimate adjudication of the claim at issue, and be

18   about to suffer "an injury of sufficient magnitude."  Blumhorst v. Jewish Family Services of Los

19   Angeles, 126 Cal. App. 4th 993, 1001 (2005).  See also Carsten, supra (plaintiff fails to state a cause

20   of action where the claim sued upon belongs to somebody else).

21       Plaintiff is not, however, in danger of any present or future harm from Sears' wage and hour

22   policies or practices.  To the extent that he has a claim against Sears, it is only for what it allegedly

23   did in the *past*, and not for Sears' current or future actions, which have no effect upon Plaintiff.  The

24   Court should therefore dismiss the Second Cause of Action.

25   / / /

26   / / /

27

28   (1998).  And since no party in Cortez raised that claim of error, the issue presented by this demurrer
has not been ruled upon.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

LA:204914.1

**B.** **Plaintiff Has Failed To Allege The Necessary Elements Of A Declaratory Relief Claim.**

An claim for declaratory relief must allege either a present or probable future controversy relating to the legal rights and duties of the parties.  Sherwyn v. Dep't of Social Services, 173 Cal. App. 3d 52, 58 (1985).  The Complaint here fails to plead these elements.  It concedes that Plaintiff is a former employee of Sears.  (Complaint, ¶ 9.)  Plaintiff therefore does not, and cannot, plead the existence of a present or probable future controversy relating to his employment with Sears.  Id.  See also  Deming v. Communist Party of United States, 64 Cal. App. 2d 35 (1944) (affirming trial court's decision to sustain demurrer without leave to amend for failure to plead actual justiciable controversy under Section 1060).  See also Blumhorst, supra, at 1004 ("for standing to seek the prospective relief of an injunction, a plaintiff must show a likelihood he will be harmed in the future if the injunction is not granted") (citing Coral Construction, Inc. v. City & County of San Francisco, 116 Cal. App. 4th 6, 17, 24 (2004)).

The Court should therefore sustain Sears' demurrer to Plaintiff's Second Cause of Action for declaratory relief under Code of Civil Procedure section 1060.

**V.** **CONCLUSION**

For the foregoing reasons, Sears respectfully requests that this Court sustain its demurrer without leave to amend.

Dated: February 11, 2008

WINSTON & STRAWN LLP
JESSIE A. KOHLER
JULIA LAPIS BLAKESLEE

By: _____
     Julia Lapis Blakeslee
     Attorneys for Defendant
     SEARS, ROEBUCK AND CO.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

9
DEMURRER

LA:204914.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543.  On February 11, 2008, I served the within document(s):

1.    NOTICE OF DEMURRER TO FIRST AMENDED COMPLAINT;

2.    DEMURRER

3.    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

Kevin T. Barnes, Esq.
Gregg Lander, Esq.
Law Offices of Kevin T. Barnes
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA  90036-5627

Joseph Antonelli, Esq.
Janelle Carney, Esq.
Law Office of Joseph Antonelli
1000 Lakes Drive, Suite 450
West Covina, CA  91790

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on February 11, 2008, at Los Angeles, California.

                *Rebecca L. Willis*
                    Rebecca L. Willis

PROOF OF SERVICE

**EX. 8**
**71**