# EXHIBIT 15

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kevin T. Barnes
Kevin T. Barnes (SB# 138477)
Law Offices of Kevin T. Barnes
5670 Wilshire Blvd., Ste. 1460
Los Angeles, CA  90036
    TELEPHONE NO.: (323)549-9100    FAX NO. *(Optional):* (323) 549-0101
    E-MAIL ADDRESS *(Optional):* barnes@Kbarnes.com
    ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
    STREET ADDRESS: 111 N. Hill Street
    MAILING ADDRESS: 111 N. Hill Street
    CITY AND ZIP CODE: Los Angeles, CA
    BRANCH NAME: Central

PLAINTIFF/PETITIONER: JOSE JIMENEZ, on behalf of himself and all others similarly situated,
DEFENDANT/RESPONDENT: SEARS, ROEBUCK AND CO., a New York corporation; and DOES 1 to 100, inclusive

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):   [x] UNLIMITED CASE        [ ] LIMITED CASE | BC383006 |

(Check one):   [x] **UNLIMITED CASE**
    (Amount demanded exceeds $25,000)
[ ] **LIMITED CASE**
    (Amount demanded is $25,000 or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 25, 2008    Time: 8:30 a.m.    Dept.: 45    Div.:    Room:

Address of court *(if different from the address above):*

INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Jose Jimenez
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* December 28, 2007
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
       (1) [ ] have not been served *(specify names and explain why not):*
       (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
       (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint    [ ] cross-complaint    *(describe, including causes of action):*
   Plaintiffs seek recovery for unpaid wages and penalties for Defendant's violation of various Labor Codes and Business & Professions Code Section 17200, et seq.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720-3.730

**EX. 15**
**144**

CM-110

| PLAINTIFF/PETITIONER: JOSE JIMENEZ, on behalf of himself and all others similarly situated,<br>DEFENDANT/RESPONDENT:SEARS, ROEBUCK AND CO., a New York corporation; and DOES 1 to 100, inclusive | CASE NUMBER:<br>BC383006 |
| --- | --- |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Plaintiff brings this action against Defendant Claire's for recovery of unpaid straight time, minimum wages, overtime wages meal periods, rest periods, business expenses, bonus deductions and penalties under California Business and Professions Code ("B&PC") §17200, et seq., California Labor Code ("Labor Codes") §204, §510,§1198, §1197, §226 , §203 and applicable Wage Order(s) issued by the California Industrial Welfare Commission.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request ☒ a jury trial ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐  The trial has been set for *(date):*
   b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  ☒  days *(specify number):* 30 days
   b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9.  **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a.  Counsel  ☒ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c.  ☐  The case has gone to an ADR process *(indicate status):*

EX. 15
145

CM-110

| PLAINTIFF/PETITIONER: JOSE JIMENEZ, on behalf of himself and all others similarly situated, DEFENDANT/RESPONDENT:SEARS, ROEBUCK AND CO., a New York corporation; and DOES 1 to 100, inclusive | CASE NUMBER: BC383006 |
|---|---|

10. d.  The party or parties are willing to participate in *(check all that apply):*

    (1)  [x]  Mediation

    (2)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4)  [ ]  Binding judicial arbitration

    (5)  [ ]  Binding private arbitration

    (6)  [ ]  Neutral case evaluation

    (7)  [ ]  Other *(specify):*

    e.  [ ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f.  [ ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g.  [ ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    [ ]  The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a.  [ ]  Insurance carrier, if any, for party filing this statement *(name):*

    b.  Reservation of rights:  [ ] Yes  [ ] No

    c.  [ ]  Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    [ ] Bankruptcy  [ ] Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a.  [ ]  There are companion, underlying, or related cases.

        (1)  Name of case:

        (2)  Name of court:

        (3)  Case number:

        (4)  Status:

        [ ]  Additional cases are described in Attachment 14a.

    b.  [ ]  A motion to  [ ] consolidate  [ ] coordinate  will be filed by *(name party):*

**15. Bifurcation**

    [ ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    [x]  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Plaintiffs Motion for Class Certification.

EX. 15
146

CM-110

| PLAINTIFF/PETITIONER: JOSE JIMENEZ, on behalf of himself and all others similarly situated, DEFENDANT/RESPONDENT: SEARS, ROEBUCK AND CO., a New York corporation; and DOES 1 to 100, inclusive | CASE NUMBER: BC383006 |
|---|---|

17. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written and document discovery | December 2008 |
| Plaintiff | Deposition(s) | December 2008 |

    c. ☐ The following discovery issues are anticipated *(specify):*

18. **Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

19. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

20. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

21. **Case management orders**
    Previous case management orders in this case are *(check one):* ☐ none ☐ attached as Attachment 21.

22. **Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 8, 2008

Kevin T. Barnes, Esq.
    (TYPE OR PRINT NAME)     ▶      (SIGNATURE OF PARTY OR ATTORNEY)

    (TYPE OR PRINT NAME)     ▶      (SIGNATURE OF PARTY OR ATTORNEY)
    ☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

EX. 15
147

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am over the age of 18 years and not a party to this action. My business address is 5670
Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los

4   Angeles County, where the service herein occurred.

5      On the date of execution hereof, I served the attached document(s) described as:

6   **CASE MANAGEMENT STATEMENT**

7      on the interested parties in this action, addressed as follows:

8   Jessie A. Kohler, Esq.                          Joseph Antonelli, Esq.
    Hwannie Lee Shen, Esq.                          Janelle Carney, Esq.
9   WINSTON & STRAWN LLP                            LAW OFFICE OF JOSEPH ANTONELLI
    333 South Grand Avenue, 38th Floor              1000 Lakes Drive, Suite 450
10  Los Angeles, CA 90071                           West Covina, CA 91790-2918
    Tel.: (213) 615-1700 / Fax: (213) 615-1750      Tel.: (626) 917-6228 / Fax: (626) 917-7686
11  Email: HShen@winston.com                        Email: JAntonelli@antonellilaw.com

12      using the following service method(s):

13      __X__ **VIA MAIL:** I deposited the document(s) to be served at: **5670 Wilshire Boulevard,
    Los Angeles, CA**, which is a mailbox or other like facility regularly maintained by the United

14  States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on
    whom the document(s) is/are to be served, at the office address as last given by that/those

15  person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of
    any party served, service is presumed invalid if the postal cancellation date or postage meter date

16  is more than one (1) day after the date of deposit for mailing stated herein.

17  I DECLARE under penalty of perjury that the foregoing is true and correct.

18  Executed on April 8, 2008, at Los Angeles, California.

19

20                                          **Cindy Rivas**

21

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -
**PROOF OF SERVICE**

EX. 15
148

# EXHIBIT 16

COPY

1  JESSIE A. KOHLER (SBN 179363)
   JULIA LAPIS BLAKESLEE (SBN 199365)
2  HWANNIE L. SHEN (SBN 222342)
   AUDREY SHEN CHUI (SBN 254510)
3  WINSTON & STRAWN LLP
   333 South Grand Avenue, 38th Floor
4  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
5  Facsimile: 213-615-1750

6  Attorneys for Defendant
   SEARS, ROEBUCK AND CO.
7

ORIGINAL FILED

APR 1 0 2008

LOS ANGELES
SUPERIOR COURT

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

11  JOSE JIMENEZ, on behalf of himself and all        )   Case No. BC 383006
    others similarly situated,                        )
12                                                     )   Assigned to the Honorable Mel Red Recana
                     Plaintiffs,                       )
13                                                     )   STIPULATED CONFIDENTIALITY AND
             vs.                                       )   PROTECTIVE ORDER; AND
14                                                     )
    SEARS, ROEBUCK AND CO., a New York                )   [PROPOSED] ORDER
15  corporation; and DOES 1 to 100, inclusive,        )
                                                       )
16                   Defendants.                       )
                                                       )
17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER

LA:209512.1

EX. 16
149

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

WHEREAS, Plaintiff Jose Jimenez and Defendant Sears, Roebuck and Co. are conducting pretrial discovery in the above-captioned litigation; and

WHEREAS, this discovery may require the disclosure of testimony, documents or other information considered by Defendant to contain confidential, private, proprietary and/or trade secret information relating to Defendant and/or any current or former employee of Defendant; and

WHEREAS, the parties wish to provide a mechanism for the exchange of such information in a manner that will protect its confidentiality and limit its dissemination;

THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS:

1.     For the purposes of this Stipulation and Order the term CONFIDENTIAL INFORMATION shall mean:

a.     Information, including information contained in documents and other materials, including without limitation, answers to interrogatories, responses to requests for production of documents and responses to requests for admission which have been produced, or which may be produced or disclosed or otherwise provided by any party to this litigation or by its attorneys (or by any current or former officer, director, employee, attorney, consultant, expert, agent or other representative) when so designated by the producing party in response to a notice of deposition, subpoena *duces tecum* or any provision of the California Rules of Civil Procedure governing pretrial discovery, the trial and appeal of this action; and which the producing party reasonably believes contains proprietary, confidential, private, or trade secret information of the producing party and/or any current or former employee of the producing party, or whose disclosure could result in competitive, financial, personal, or commercial injury to the producing party;

b.     Deposition testimony given in this litigation by Defendant or its current or former officers, directors, employees, attorneys, consultants, experts, agents, or other representatives when so designated by the producing party; and which Defendant reasonably believes contains proprietary, confidential, private, or trade secret information of Defendant and/or an employee of Defendant, or whose disclosure could result in competitive, financial, personal, or commercial injury to Defendant or an employee of Defendant;

1

PROTECTIVE ORDER

LA:209512.1

c.      Documents, materials or testimony, all copies or portions of transcripts, and all summaries and abstracts of any information contained therein, whether produced by Defendant or a third party to this action, when so designated by Defendant and which Defendant reasonably believes contains proprietary, confidential, private, or trade secret information of a party and/or any current of former employee, or whose disclosure could result in competitive, financial, personal, or commercial injury to affected party.

2.      CONFIDENTIAL INFORMATION in written or documentary form shall be designated as CONFIDENTIAL INFORMATION by the producing party by marking each page of the writing or document with the legend "CONFIDENTIAL."

3.      The provisions of this Stipulation and Order may also apply to other copies of documents designated as "CONFIDENTIAL," and testimony related thereto, which have been produced or which may be produced or disclosed during the course of this litigation by a third person or entity possessing such documents, materials or information in the Court or during pretrial discovery of this action when so designated by a party.

4.      CONFIDENTIAL INFORMATION may be used only for purposes of prosecuting or defending this action and may not be disclosed to any person other than:

a.      Counsel of record for Plaintiff and Defendant in this litigation, and their partners, employees or associates to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

b.      Plaintiff, Defendant, and Defendant's officers, directors and employees who are assisting counsel, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation, and provided further that a party (or its officers, directors or employees) may retain CONFIDENTIAL INFORMATION only so long as necessary for the conduct of this litigation;

c.      Court Reporters while in the performance of their official duties;

d.      This Court or referee or any other court appointed referee before whom or which this litigation is pending, including any court or arbitration personnel; and

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

EX. 16
151

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    e.    The person(s) who actually prepared the CONFIDENTIAL INFORMATION,

2    or to whom the CONFIDENTIAL INFORMATION was addressed or delivered, but only to the

3    extent that such disclosure is necessary for the conduct of this litigation and provided that such

4    persons may not retain any CONFIDENTIAL INFORMATION.

5         5.    The provisions of this Stipulation and Order shall not apply to the designating party's

6    own use of its CONFIDENTIAL INFORMATION.

7         6.    Prior to the disclosure of any CONFIDENTIAL INFORMATION to any person

8    identified in paragraphs 4(b) or (c) hereof, such person shall be furnished with a copy of this

9    Stipulation and Order and shall be required to certify in writing that he or she has read this

10   Stipulation and Order, understands it, and agrees to be bound by its terms and subjects himself or

11   herself to the jurisdiction of this Court for the purpose of contempt proceedings in the event of any

12   violation of this Stipulation and Order.   Counsel for the party disclosing CONFIDENTIAL

13   INFORMATION shall maintain these written certifications, and they shall be available to opposing

14   counsel for inspection and copying.   In the event that disclosure is made to an undisclosed expert or

15   consultant retained by that party in connection with the litigation, the identity of the undisclosed

16   expert is that party attorney's work product and need not be disclosed to opposing counsel even

17   though the expert or consultant signs a written certification.   Nevertheless, counsel for the party

18   disclosing CONFIDENTIAL INFORMATION shall produce for inspection and copying, upon

19   request by the other party, the written certification executed by the undisclosed expert or consultant

20   with that person's name redacted.

21        7.    It shall be Defendant's duty to inform Plaintiff which materials are to be treated as

22   CONFIDENTIAL INFORMATION by so denominating such information.

23        8.    If Plaintiff intends to use CONFIDENTIAL INFORMATION in connection with a

24   motion or other court hearing, Plaintiff must comply with California Rules of Court Rule 2.551.

25        9.    If Plaintiff intends to use CONFIDENTIAL INFORMATION at trial, he shall notify

26   Defendant of such intention at the same time that he is required to disclose the documents which will

27   be used at trial.   The parties shall address with the Court how the CONFIDENTIAL

28   INFORMATION is to be treated at trial.

LA:209512.1

10.     In the event that any of the information protected by the terms of this Stipulation and Order is used in any proceeding in this action, including, without limitation, any hearing or trial, the information shall not lose its confidential and privileged status through such use, and counsel shall take all steps reasonably required to protect the confidentiality of such document or testimony during such use.

11.     No person shall make copies, extracts or summaries of CONFIDENTIAL INFORMATION except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying confidential status. Counsel and all persons to whom CONFIDENTIAL INFORMATION is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

12.     This Stipulation and Order shall be without prejudice to Plaintiff's right to bring before this Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, is subject to a valid claim of attorney-client privilege, work product protection, or any other privilege, or whether any particular document or information should or should not be designated as CONFIDENTIAL INFORMATION for the purposes of this Stipulation and Order.

13.     Notwithstanding the entry by the parties hereto into this Stipulation and Order, nothing prohibits Defendant from objecting to the disclosure of proprietary, confidential, private, or trade secret information, if requested by Plaintiff through discovery or otherwise, or from seeking a further protective order prohibiting the disclosure of such information.

14.     Nothing contained in this Stipulation and Order shall be construed in any manner as an admission by Defendant that the documents or materials subsequently designated or labeled by a party as CONFIDENTIAL INFORMATION in fact contain proprietary, confidential, private, or trade secret information.

15.     Nothing contained in this Stipulation and Order shall be construed to constitute a waiver of Defendant's right to claim that a document not designated as CONFIDENTIAL

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

4

PROTECTIVE ORDER

LA:209512.1

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    INFORMATION is in fact CONFIDENTIAL INFORMATION within the terms of this Stipulation

2    and Order.

3       16.     This Stipulation and Order shall not prevent the marking or the exhibition to a witness

4    (other than a witness who is also an opposing party), or the offering in evidence of any

5    CONFIDENTIAL INFORMATION during depositions, hearings or other pretrial proceedings, at

6    trial, or on appeal, but no copy of any CONFIDENTIAL INFORMATION shall be retained by any

7    such witness. Nothing in this Stipulation and Order shall be read to require a formal order of the

8    Court prior to use of such CONFIDENTIAL INFORMATION, so long as its use is consistent with

9    the terms of this Stipulation and Order.

10       17.     Except as otherwise may be agreed by the parties, but not later than sixty (60) days

11    after the termination of this litigation, whether by settlement, judgment or appeal, all copies of

12    CONFIDENTIAL INFORMATION shall be returned to counsel for Defendant or destroyed, except

13    for material reasonably considered by Plaintiff's counsel to be his work product. Plaintiff's counsel

14    shall permanently obliterate or excise all CONFIDENTIAL INFORMATION contained in any such

15    retained work product. Counsel shall certify in writing to opposing counsel that all

16    CONFIDENTIAL INFORMATION has been returned or destroyed.

17       18.     CONFIDENTIAL INFORMATION shall not be used or disclosed for any purpose

18    whatsoever except the conduct of this litigation.

19       19.     The Court shall retain jurisdiction of all matters pertaining to this Stipulation and

20    Order, and each party, person or entity signing a copy of this Stipulation and Order.

22    Dated: April 8, 2008

                       WINSTON & STRAWN LLP
                       JESSIE A. KOHLER
                       JULIA LAPIS BLAKESLEE

            By:                                                                                                                                              
                      Jessie A. Kohler
                      Attorneys for Defendant
                      SEARS, ROEBUCK AND CO.

LA:209512.1

1   Dated: 4/7/08                 LAW OFFICES OF KEVIN T. BARNES
                                  KEVIN T. BARNES
2                                 GREGG LANDER

3                                 LAW OFFICE OF JOSEPH ANTONELLI
                                  JOSEPH ANTONELLI
4                                 JANELLE CARNEY

5

6                          By: _____
7                               Gregg Lander
                                Attorneys for Plaintiff
8                               JOSE JIMENEZ

9   GOOD CAUSE APPEARING, IT IS SO ORDERED.

10

11  Dated: ___APR 1 0 2008___          MEL RED RECANA
                                  _____
12                                Hon. Judge Mel Red Recana

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER

LA:209512.1

*Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543.*

EX. 16
155

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                            )  ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543. On **April 8, 2008**, I served the within document(s):

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER; AND**

**[PROPOSED] ORDER**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] On April ___, 2008, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

[ ] by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by causing the document(s) listed above to be delivered via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

[ ] by causing the document(s) listed above to be delivered via overnight delivery (United Parcel Service (UPS) to the person(s) at the address(es) set forth below.

Kevin T. Barnes, Esq.                  Joseph Antonelli, Esq.
Gregg Lander, Esq.                     Janelle Carney, Esq.
Law Offices of Kevin T. Barnes         Law Office of Joseph Antonelli
5670 Wilshire Boulevard, Suite 1460    1000 Lakes Drive, Suite 450
Los Angeles, CA  90036-5627            West Covina, CA  91790

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 8, 2008**, at Los Angeles, California.

Veronica Guerrero

7
PROTECTIVE ORDER

LA:209512.1

EX. 16
156

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT 17

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5627
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Joseph Antonelli, Esq. (#137039)
   Janelle Carney, Esq. (#201570)
6  LAW OFFICE OF JOSEPH ANTONELLI
   1000 Lakes Drive, Suite 450
7  West Covina, CA 91790-2918
   Tel.: (626) 917-6228 / Fax: (626) 917-7686
8  Email: JAntonelli@antonellilaw.com

9  Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11      **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED**

12  JOSE JIMENEZ, on behalf of himself and all      )  Case No.: BC383006
    others similarly situated,                       )  Dept.:    45
13                                                   )  Honorable: Mel Red Recana
              Plaintiffs,                            )
14                                                   )  **CLASS ACTION**
         v.                                          )
15                                                   )  **STIPULATION TO CONTINUE CASE**
                                                     )  **MANAGEMENT CONFERENCE TO**
16  SEARS, ROEBUCK AND CO., a New                    )  **DATE FOR DEFENDANT'S**
    York corporation; and DOES 1 to 100,            )  **DEMURRER;**
17  inclusive,                                       )
                                                     )  [PROPOSED] ORDER
18            Defendants.                            )
                                                     )  Case Management Conference
19                                                   )  Date:    April 25, 2008
                                                     )  Time:    8:30 a.m.
20                                                   )
                                                     )  Defendant's Demurrer /
21                                                   )  [Proposed CMC]
                                                     )  Date:    May 13, 2008
22                                                   )  Time:    8:30 a.m.
                                                     )
23                                                   )  Action Filed: December 28, 2007

24  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25      PLEASE BE ADVISED that all parties have discussed the following matters:

26      There is currently on the Court's calendar a Case Management Conference for April 25,

27  2008 at 8:30 a.m. in Department 45. The parties, through their counsel, propose to continue this

28  hearing and the briefing thereon because there is also on the Court's calendar Defendant's

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -

**EX. 17**
**157**

1   noticed Demurrer hearing on May 13, 2008. To that end, the parties stipulate that the 4/25/08

2   CMC and the 5/13/08 Demurrer both take place on May 13, 2008 at 8:30 a.m.

3   Dated: April 16, 2008                          LAW OFFICES OF KEVIN T. BARNES

4                                                  By: _____

5                                                       Kevin T. Barnes, Esq.
                                                         Gregg Lander, Esq.
6                                                        Attorneys for Plaintiffs

7   Dated: April 16, 2008                          WINSTON & STRAWN LLP

8

9                                                  By: _____

10                                                      Jessie A. Kohler, Esq.
                                                        Julia Lapis Blakeslee, Esq.
11                                                      Attorneys for Defendants
     - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

12                              [PROPOSED] ORDER

13

14   IT IS SO ORDERED.

15

16   DATED: _____          By: _____

17                                         Honorable: Mel Red Recana

18

19

20

21

22

23

24

25

26

27

28

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 2 -

**STIPULATION TO CONTINUE CASE MANAGEMENT**
**CONFERENCE TO DATE FOR DEFENDANT'S DEMURRER; ORDER**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I served the attached document(s) described as:

**STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE TO DATE FOR DEFENDANT'S DEMURRER; [PROPOSED] ORDER**

on the interested parties in this action, addressed as follows:

Jessie A. Kohler, Esq.
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700 / Fax: (213) 615-1750
Email: HShen@winston.com

Joseph Antonelli, Esq.
Janelle Carney, Esq.
LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
West Covina, CA 91790-2918
Tel.: (626) 917-6228 / Fax: (626) 917-7686
Email: JAntonelli@antonellilaw.com

using the following service method(s):

__X__ **VIA MAIL:** I deposited the document(s) to be served at: **5670 Wilshire Boulevard, Los Angeles, CA,** which is a mailbox or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing stated herein.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **April 17, 2008,** at Los Angeles, California.

Gregg Lander

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

EX. 17
159

# EXHIBIT 18

1 │ Kevin T. Barnes, Esq. (#138477)
  │ Gregg Lander, Esq. (#194018)
2 │ LAW OFFICES OF KEVIN T. BARNES
  │ 5670 Wilshire Boulevard, Suite 1460
3 │ Los Angeles, CA 90036-5627
  │ Tel.: (323) 549-9100 / Fax: (323) 549-0101
4 │ Email: Barnes@kbarnes.com

5 │ Joseph Antonelli, Esq. (#137039)
  │ Janelle Carney, Esq. (#201570)
6 │ LAW OFFICE OF JOSEPH ANTONELLI
  │ 1000 Lakes Drive, Suite 450
7 │ West Covina, CA 91790-2918
  │ Tel.: (626) 917-6228 / Fax: (626) 917-7686
8 │ Email: JAntonelli@antonellilaw.com

9 │ Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10 │           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 │      FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED

12 │ JOSE JIMENEZ, on behalf of himself and all    ) Case No.: BC383006
   │ others similarly situated,                     ) Dept.:    45
13 │                                                ) Honorable: Mel Red Recana
   │           Plaintiffs,                          )
14 │                                                ) **CLASS ACTION**
   │      v.                                        )
15 │                                                ) Hearing:
   │ SEARS, ROEBUCK AND CO., a New                  ) **Date:      May 13, 2008**
16 │ York corporation; and DOES 1 to 100,           ) **Time:      8:30 a.m.**
   │ inclusive,                                     )
17 │                                                ) **PLAINTIFF'S OPPOSITION TO**
   │           Defendants.                          ) **DEFENDANT'S DEMURRER TO**
18 │                                                ) **PLAINTIFF'S FIRST AMENDED**
   │                                                ) **COMPLAINT**
19 │                                                )
   │                                                ) Action Filed: December 28, 2007
20 │

21 │                              I.

22 │               INTRODUCTION AND STATEMENT OF FACTS

23 │      On December 28, 2007, Plaintiff JOSE JIMENEZ, on behalf of himself and all others

24 │ similarly situated (hereafter, "Plaintiff") filed a Complaint against SEARS, ROEBUCK AND

25 │ CO. and DOES 1 to 100 (hereafter, "Defendant"). Plaintiff's Complaint alleges causes of action for

26 │ violation of California Business and Professions Code ("B&PC") §17200, et seq. (also known as the

27 │ "Unfair Competition Law ("UCL")) and Declaratory Relief. On March 5, 2008, Plaintiff filed a

28 │ First Amended Complaint ("FAC"). On April 8, 2008, Defendant filed a Demurrer to the FAC.

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

EX. 18
160

1    Defendant's Demurrer contains the following arguments:

2    1) Defendant argues that Plaintiff cannot proceed on his UCL cause of action because "his

3    claim is predicated on statutory violations which are barred by the statute of limitations." However,

4    the UCL allows Plaintiff to allege statutory violations as the basis for an independent action for

5    unlawful business practices.

6    2) Defendant argues that Plaintiff cannot request Declaratory Relief "because he lacks

7    standing as a former employee" "to seek declaratory relief on behalf of Sears' current

8    employees." However, Plaintiff may certainly seek to right an ongoing wrong. Further, a general

9    demurrer to a cause of action for declaratory relief must be overruled as long as an actual

10   controversy is alleged; here, an actual controversy is pled in the FAC.

11   As such, Defendant's Demurrer is without merit and must be overruled.

12                                         **II.**

13            **THE OPERATIVE COMPLAINT MUST BE LIBERALLY CONSTRUED**

14   Pursuant to California Code of Civil Procedure ("CCP") §425.10(a)(1), a complaint shall

15   contain "A statement of the facts constituting the cause of action, in ordinary and concise

16   language." The complaint's allegations "must be liberally construed, with a view to substantial

17   justice between the parties." CCP §452. "Neither trial nor appellate courts should be distracted

18   from the main issue, or rather the only issue involved in a demurrer hearing, namely, whether the

19   complaint, as it stands, unconnected with extraneous matters, states a cause of action." Griffith v.

20   Dept. of Public Works (1956) 141 Cal.App.2d 376.

21   A demurrer simply tests, as a matter of law, if the pleading states facts sufficient to

22   constitute a cause of action. La Jolla Village Homeowner's Ass'n. v. Superior Court (1989) 212

23   Cal.App.3d 1131, 1141.

24   A complaint challenged by a general demurrer must be also liberally construed, and the

25   demurrer must be overruled if **any** cause of action is stated. Amacorp Indus. Leasing Co. v.

26   Robert C. Young Assoc., Inc. (1965) 237 Cal.App.2d 724. Further, a demurrer admits all

27   material and issuable facts pleaded, and the trial court is required to treat all of the plaintiff's

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel:(323)549-9100
Fax:(323)549-0101

- 2 -

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

EX. 18
161

1  allegations as being proved. <u>Trewin v. State of California</u> (1984) 150 Cal.App.3d 975, 981;

2  <u>Sullivan v. Los Angeles County</u> (1974) 12 Cal.3d 710, 714-715, n. 3.

3        Further, this Court may not consider evidence outside of the pleadings, nor interpret the

4  matters before it when such interpretations involve resolving factual questions that cannot be

5  answered by viewing the pleadings. <u>Trewin</u>, *supra*, 150 Cal.App.3d at 980. Here, Defendant

6  provides a "speaking demurrer" in that it fails to stick to just the facts pleaded in the FAC.

7        In fact, Defendant's Demurrer is replete with "facts" outside of the pleadings, which are

8  impermissible and cannot be considered. For example, in Defendant's "Introduction," Defendant

9  claims that Plaintiff "has no present interest in Sears' wage and hour policies or practices." Not

10  only is this simply not true, but it steps outside of the four walls of the FAC to attempt to

11  improperly influence this Court. The court may not consider extrinsic evidence argued in

12  Defendant's demurrer. <u>Ion Equip. Corp. v. Nelson</u> (1980) 110 Cal.App.3d 868, 881.

13        Plaintiff has sufficiently pled all causes of action. Accordingly, this Court is required to

14  liberally construe the operative complaint, treat all of the material allegations as being proved

15  and overrule the Demurrer.

16  **III.**

17  **PLAINTIFF'S CAUSES OF ACTION SURVIVE DEMURRER**

18  **A.   Plaintiff's First Cause of Action For Unfair Competition States Facts Sufficient to**

19  **Constitute a Cause of Action**

20        Defendant argues that Plaintiff's first cause of action for violation of the <u>UCL</u> is barred

21  because "it is entirely duplicative of statutory wage claims on which the statute of limitations has

22  expired." However, <u>B&PC</u> §17208 provides that "[a]ny action to enforce any cause of action

23  under this chapter shall be commenced within four years after the cause of action accrued."

24  Further, any business act or practice that violates the <u>Labor Code</u> through failure to pay wages is,

25  by definition, an unfair business practice. <u>Cortez v. Purolator Air Filtration Products Co.</u> (2000)

26  23 Cal.4th 163, 178. "It follows that an action to recover wages that might be barred if brought

27  pursuant to <u>Labor Code</u> §1194 still may be pursued as a <u>UCL</u> action seeking restitution pursuant

28  to [<u>B&PC</u>] §17203 if the failure to pay constitutes a business practice." <u>Id</u>. at 178-179.

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

-3-

**EX. 18**<br>**162**

1    Defendant's Demurrer repeatedly cites to In re Vaccine Cases (2005) 134 Cal.App.4[th] 43.

2    There, the plaintiffs alleged that the defendant violated "Proposition 65" and based on this

3    alleged statutory violation, the plaintiffs also alleged a violation of the UCL. The trial court

4    sustained a demurrer to the complaint without leave to amend. The Court of Appeal affirmed the

5    dismissal for the following reasons:

6         1) The dismissal of the first cause of action for violation of Proposition 65 was affirmed

7    because the plaintiffs did not plead a necessary element of Proposition 65 and the plaintiffs had

8    not complied with Proposition 65's pre-suit notice requirements.

9         2) The dismissal of the second cause of action for UCL violations because no violation of

10   Proposition 65 occurred with regard to one group of defendants and the plaintiffs did not comply

11   with the pre-suit notice requirements with regard to the other group of defendants. Id. at 444-445.

12   As such, In re Vaccine Cases stands for the proposition that if the underlying statute itself

13   specifically requires pre-suit notice, then such notice must too be given before a UCL claim may

14   be filed. However, In re Vaccine Cases does not stand for the proposition that Plaintiff here is

15   barred from bringing a UCL claim even if the statute of limitations for the underlying statute has

16   passed. In fact, the opposite is true. A plaintiff can bring a UCL cause of action under the four-

17   year statute of limitations of the UCL, even though the predicate statutory violation under the

18   Labor Code had a shorter statute of limitations. Id., citing Cortez, supra, 23 Cal.4[th] 163.

19   It is true that a plaintiff cannot use the UCL to plead around an absolute bar to relief. In re

20   Vaccine Cases, supra, 134 Cal.App.4[th] at 458. However, there, the lack of pre-suit notice created

21   the bar to relief. Here, no such bar exists, including and especially any statute of limitations

22   issues.

23   Defendant's Demurrer brazenly makes the following assertions:

24        In re Vaccine Cases expressly rejected the proposition that the plaintiffs' claim in
          that case could be construed to seek redress for "unfair" practices because the

25        complaint focused exclusively on an alleged statutory violation. Id. at 457.

26   and

27        The "unfair" prong of Section 17200 may be satisfied only by separate
          allegations of different conduct that is not also alleged to violate a statute. (See

28        Defendant's Demurrer, p. 10, lines 10-16).

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 4 -

PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EX. 18

163

1    However, a review of page 457 of In re Vaccine Cases (and the entire case for that

2    matter) does not uncover any such holding, and both of Defendant's aforementioned statements

3    are simply neither true or accurate.

4    In truth, by proscribing any unlawful business practice, the UCL borrows violations of

5    other laws and treats them as unlawful practices that the UCL makes independently actionable.

6    Schnall v. Hertz Corp. (2000) 78 Cal.App.4th 1144, 1153. Here, Defendant concedes that

7    Plaintiff's alleged unlawful practices are independently actionable under the UCL. (See

8    Defendant's Demurrer, p. 4, fn. 1, citing Farmers Ins. Exchange v. Superior Court (1992) 2

9    Cal.4th 377, 383). As such, there can be no good faith argument that Plaintiff's first cause of

10   action for unfair competition states facts sufficient to constitute a cause of action, and as such,

11   Defendant's Demurrer fails as to this cause of action.

12   **B.      Plaintiff's Second Cause of Action For Declaratory Relief States Facts Sufficient to**

13   **Constitute a Cause of Action**

14   A general demurrer to a cause of action for declaratory relief must be overruled as long as

15   an actual controversy is alleged; the pleader need not establish entitlement to a favorable

16   judgment. Ludgate Ins. Co. v. Lockheed Martin Corp. (2000) 82 CA4th 592, 606. A "demurrer is

17   a procedurally inappropriate method for disposing of a complaint for declaratory relief."

18   Lockheed Corp. v. Continental Ins. Co. (2005) 134 CA4th 187, 221.

19   Here, the FAC alleges at ¶92:

20          92.    An actual controversy exists in that Defendants assert they have the legal
                  right to perform the acts as described herein.
21

22   Therefore, an actual controversy has been pled.

23   Defendant next argues that the FAC fails to please a present or probable future

24   controversy relating to the legal rights and duties of the parties. This is also an untrue statement,

25   as the FAC alleges at ¶91:

26          91.    Defendants continue to this day to engage in some or all of the unlawful
                  and unfair conduct as described herein.
27

28   ///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX (323) 549-0101

- 5 -

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**EX. 18**

**164**

1    In Cortez, *supra*, 23 Cal.4[th] 163, an employee sued her employer "on behalf of herself

2  and the general public" under the Labor Code and the UCL, seeking restitution and other relief in

3  connection with her employer's failure to pay overtime wages. After a nonjury trial, the trial

4  court entered judgment in favor of the plaintiff on the Labor Code claims and awarded plaintiff

5  overtime pay, interest, and penalties sought for her own behalf, but found no threat of repeated

6  violation and could not order restitution on behalf of absent employees. Plaintiff appealed and

7  the California Supreme Court ultimately held that the defendant may be compelled to restore

8  unpaid wages to its current and former employees. Id. at 168. There, as here, the defendant

9  argued that the plaintiff lacked standing to seek restitution on behalf of the other employees.

10  Therefore, Plaintiff has set forth the present and probable future controversy.

11    Further, B&PC §17203 specifically authorizes the Court to fashion remedies to prevent,

12  deter and compensate for unfair business practices. It authorizes orders that are necessary to

13  prevent practices that constitute unfair competition and to make order or judgments as may be

14  necessary to restore to persons in interest any money or property acquired by unfair competition.

15  Here, both former and current employees were and are the subject of the alleged unfair

16  competition and as such Plaintiff has standing to pursue declaratory relief.

17    Finally, as previously stated, Defendant's statements that Plaintiff has no "real interest in

18  Sears' current wage and hour policies and practices" is both untrue and an impermissible

19  speaking Demurrer. As such, the Demurrer to this cause of action must be overruled.

20                         **IV.**

21        **IF DEFENDANTS' DEMURRER HAS ANY MERIT,**

22      **PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND**

23    Generally it is an abuse of discretion to sustain a demurrer without leave to amend if

24  there is any reasonable possibility of a cure by amendment. Goodman v. Kennedy (1976) 18

25  Cal.3d 335. Leave to amend should be granted if there it is reasonably possible for the plaintiff to

26  state a good cause of action. Virginia G. v. ABC Unified School. Dist. (1993) 15 Cal.App.4[th]

27  1848. Therefore, if the Court sustains Defendant's Demurrer, or any part of it, Plaintiff

28  respectfully requests the opportunity to further amend the FAC.

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel: (323) 549-9100
Fax: (323) 549-0101

- 6 -

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**EX. 18**
**165**

V.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully request that this Court overrule Defendant's Demurrer in its entirety, and Order Defendants to file and serve an Answer the FAC within twenty (20) days of this hearing.

Dated: April 30, 2008

LAW OFFICES OF KEVIN T. BARNES

By: _____
       Kevin T. Barnes, Esq.
       Gregg Lander, Esq.
       Attorneys for Plaintiffs

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

EX. 18
166

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I served the attached document(s) described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

Jessie A. Kohler, Esq.                          Joseph Antonelli, Esq.
WINSTON & STRAWN LLP                    Janelle Carney, Esq.
333 South Grand Avenue, 38th Floor       LAW OFFICE OF JOSEPH ANTONELLI
Los Angeles, CA 90071                        1000 Lakes Drive, Suite 450
Tel.: (213) 615-1700 / Fax: (213) 615-1750   West Covina, CA 91790-2918
Email: HShen@winston.com                    Tel.: (626) 917-6228 / Fax: (626) 917-7686
                                                          Email: JAntonelli@antonellilaw.com

using the following service method(s):

___X___ **VIA EXPRESS MAIL:** I deposited the document(s) to be served in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in a sealed envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **April 30, 2008**, at Los Angeles, California.

Gregg Lander

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -
PROOF OF SERVICE

EX. 18
167

# EXHIBIT 19

1  JESSIE A. KOHLER (SBN 179363)
   JULIA LAPIS BLAKESLEE (SBN 199365)
2  AUDREY SHEN CHUI (SBN 254510)
   WINSTON & STRAWN LLP
3  333 South Grand Avenue, 38th Floor
   Los Angeles, CA 90071-1543
4  Telephone: 213-615-1700
   Facsimile: 213-615-1750
5

6  Attorneys for Defendant
   SEARS, ROEBUCK AND CO.,
7  a New York corporation

UNFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 06 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
   LORIETTA ROBINSON

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  JOSE JIMENEZ, on behalf of himself and all    )  Case No. BC 383006
    others similarly situated,                    )
12                                                 )  Assigned to the Honorable Mel Red Recana
                    Plaintiffs,                    )
13                                                 )  DEFENDANT'S REPLY IN SUPPORT OF
         vs.                                       )  DEMURRER TO PLAINTIFF'S FIRST
14                                                 )  AMENDED COMPLAINT
    SEARS, ROEBUCK AND CO., a New York             )
15  corporation; and DOES 1 to 100, inclusive,     )  Complaint Filed:  December 28, 2007
                                                   )
16                  Defendants.                    )  Date:   May 13, 2008
                                                   )  Time:   8:30 a.m.
17                                                 )  Dept.   45
                                                   )
18                                                 )
                                                   )
19                                                 )
                                                   )
20  _____   )

21

22

23

24

25

26

27

28

COPY

EX. 19
168

*(Left margin, vertical text: Winston & Strawn LLP / 333 South Grand Avenue / Los Angeles, CA 90071-1543)*

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    I.    <u>INTRODUCTION</u>

3        In his Opposition to the Demurrer of Defendant Sears, Roebuck and Co. ("Sears"), Plaintiff

4    Jose Jimenez ("Plaintiff") wholly fails to address the fundamental deficiencies in the First Amended

5    Complaint ("FAC") that cannot be cured by amendment.

6        Plaintiff's wage and hour claims are barred by a three-year statute of limitations, which

7    expired nearly nine months before he filed the Complaint.  Plaintiff may not attempt to plead around

8    this absolute bar to relief by relying on the four-year statute of limitation that applies to unfair

9    business practices under California Business and Professions Code § 17200 *et seq.* ("UCL").

10        Moreover, Plaintiff fails to address his lack of standing to bring a cause of action for

11    declaratory relief on behalf of current employees.

12        Plaintiff's First and Second Causes of Action fail to state a claim, and the admissions that

13    Plaintiff makes in the FAC make clear that he cannot possibly plead additional facts to establish

14    standing or to meet the statute of limitations.  For these and other reasons, discussed below, the

15    Court should grant Sears' demurrer.

16    II.   <u>PLAINTIFF'S FIRST CAUSE OF ACTION FOR UNFAIR COMPETITION IS</u>

17        <u>BARRED BECAUSE THE STATUTE OF LIMITATION FOR THE UNDERLYING</u>

18        <u>STATUTORY CLAIM ALREADY EXPIRED.</u>

19        Plaintiff obscures the proposition from *In Re Vaccine Cases* that where the complaint fails to

20    state facts sufficient to support statutory violations underlying a UCL claim, the UCL claim must

21    also fail.  The plaintiffs in *In re Vaccine Cases* alleged that defendant vaccine manufacturers violated

22    the Safe Drinking and Water Toxic Enforcement of 1986 ("Proposition 65").  134 Cal. App. 4th 348

23    (2005).  The Court of Appeal upheld the trial court's ruling sustaining the defendants' demurrer

24    because no statutory violation supported the UCL claim where plaintiff failed to satisfy the

25    requirements of Proposition 65 by failing to provide timely notice of the lawsuit.  *Id.*  Plaintiff

26    argues that "*In re Vaccine Cases* stands for the proposition that if the underlying statute itself

27    specifically requires pre-suit notice, then such notice must too be given before a UCL claim may be

28    filed." (Plaintiff's Opposition, p. 4, lines 12-14.)  But Plaintiff's narrow reading of *In re Vaccine*

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

EX. 19

169

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543.

1    *Cases* does not address the proposition that a plaintiff is barred from relief under Proposition 65

2    where he fails to comply with pre-suit notice requirements *because he has not satisfied the*

3    *requirements under that statute. Id.* at 458. That is, plaintiffs must effectively allege a violation of

4    the underlying statute on which a UCL claim is based on.

5         Indeed, Plaintiff concedes that he cannot use the UCL to plead around an absolute bar to

6    relief. (Plaintiff's Opposition, p. 4, line 19.) But Plaintiff's unfair competition claim does just that.

7    Plaintiff did not file the Complaint until December 28, 2007 – nearly nine months after the three-

8    year statute of limitations on the alleged Labor Code violations expired.[1]  Thus, the alleged

9    violations of the Labor Code underlying Plaintiff's UCL claim are barred by the statute of

10   limitations.

11        Plaintiff does not dispute that actions for violations of the Labor Code (on which his UCL

12   cause of action is based) are governed by a three-year statute of limitations. Although the decision

13   in *Cortez v. Purolator Air Filtration,* 23 Cal. 4th 163 (2000), confirmed that a claim for back wages

14   under the UCL may be subject to a four year statute of limitations, the Supreme Court did *not*

15   consider the question of whether a UCL claims is barred when the statute of limitations on the

16   underlying statutory claims has expired. Indeed, in *Cortez,* the plaintiff filed her complaint within

17   the Labor Code's three-year statute of limitations. *Cortez v. Purolator Air Filtration,* 64 Cal. App.

18   4th 882, 888 (1998).

19        The fundamental policy reasons underlying statutes of limitations further support Sears'

20   position. Statutes of limitations are designed to protect defendants from defending against stale

21   claims and to ensure that plaintiffs diligently pursue their claims. *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d

22   1103, 1111-1112 (1988). It is unjust not to put an adversary on notice of a claim within the period of

23   limitation. *Duty v. Abex Corp.,* 214 Cal. App. 3d 742, 749 (1989). Here, Plaintiff failed to pursue

24   his wage and hour claims diligently and provide notice to Sears of his claim. After allowing the

25

26   [1] A claim under Labor Code Section 226 is subject to a one year statute of limitations, and claims
     under Labor Code Sections 218, 226.7, 510, 512, 1194 and 1198 are subject to a three year statute of
27   limitations. Since Plaintiff's last day of employment with Sears was April 9, 2004 (FAC, ¶ 9), his
     right to bring an action under Labor Code Section 226 expired on April 9, 2005, and his right to
28   bring an action under Labor Code Sections 218, 226.7, 510, 512, 1194 and 1198 expired on April 9,
     2007.

DEFENDANT'S REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EX. 19
170

1   applicable three-year statute of limitation to expire, Plaintiff now relies on the UCL's four-year

2   statute of limitation to moot, in essence, all statutes of limitations and to attempt to revive otherwise

3   barred claims.

4       Here, Plaintiff allowed the three-year statute of limitation on his underlying Labor Code

5   allegations to expire, and expiration of the statute of limitation operates as a complete bar to relief.

6   Thus, Plaintiff cannot rely on the UCL to plead around the statute of limitations bar.  Nor can

7   Plaintiff amend the FAC to allege facts that satisfy the statute of limitations.

8       Accordingly, Plaintiff cannot maintain a cause of action for violation of the UCL.  The Court

9   should sustain Sears' demurrer as to the First Cause of Action.

10  **III.   PLAINTIFF HAS NOT, AND CANNOT, SET FORTH HIS SECOND CAUSE OF**

11       **ACTION FOR DECLARATORY RELIEF BECAUSE HE LACKS STANDING AND**

12       **FAILS TO ALLEGE THE NCESSARY ELEMENTS.**

13       Plaintiff, who has not been employed by Sears since early 2004, lacks standing to seek

14  declaratory relief on behalf of current Sears employees.  (FAC, ¶ 9.)  Plaintiff wholly fails to address

15  his lack of standing to represent current Sears employees in his opposition papers.

16       Plaintiff argues that the FAC alleges at ¶ 91 that "Defendants continue to this day to engage

17  in some or all of the unlawful and unfair conduct as described herein."  Even if this allegation were

18  true, Plaintiff fails to address how Sears' current wage and hour policies or practices create a present

19  or probable future controversy involving himself.

20       Plaintiff cites to *Cortez, supra*, 23 Cal. 4th 163, to argue that he has set forth a present and

21  probable future controversy.  In *Cortez*, an employee sued her employer under the Labor Code and

22  the UCL and prevailed in seeking restitution for unpaid wages.  Notably, the plaintiff was a *former*

23  employee and did not seek declaratory relief.  *Id.* at 169-70.  Plaintiff provides no explanation as to

24  how a former employee prevailing on a UCL claim and receiving restitution for unpaid wages in

25  *Cortez* allows a claim for declaratory relief in this case.

26       Furthermore, "[d]eclaratory procedure operates prospectively, and not merely for the redress

27  of past wrongs. . . in short, the remedy is to be used in the interests of preventive justice, to declare

28  rights rather than execute them."  *Babb v. Superior Court*, 3 Cal. 3d 841, 848 (1971).  The FAC

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

---

3

**EX. 19**

**171**

1 concedes that Plaintiff is a former employee of Sears.  (FAC, ¶ 9.)  Thus, based on the face of the

2 FAC, to the extent that Plaintiff has a claim against Sears, it is only for alleged violations that took

3 place in the past.  Plaintiff therefore cannot seek declaratory relief.

4 **IV.    CONCLUSION**

5        For the foregoing reasons, Sears respectfully requests that this Court sustain its demurrer

6 without leave to amend.

7

8 Dated: May 6, 2008                                WINSTON & STRAWN LLP

9

10                                                  By:

11                                                      Eric E. Suits
                                                       Attorneys for Defendant
12                                                     SEARS ROEBUCK AND CO.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFENDANT'S REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

EX. 19
172

ROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543.  On May 6, 2008, I served the within document(s):

**DEFENDANT'S REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐    On May 6, 2008, I sent such document(s) from facsimile machine 213-615-1750.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☐    by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☒    by causing the document(s) listed above to be delivered via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

Kevin T. Barnes, Esq.                      Joseph Antonelli, Esq.
Gregg Lander, Esq.                         Janelle Carney, Esq.
Law Offices of Kevin T. Barnes            Law Office of Joseph Antonelli
5670 Wilshire Boulevard, Suite 1460       1000 Lakes Drive, Suite 450
Los Angeles, CA  90036-5627               West Covina, CA  91790

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 6, 2008, at Los Angeles, California.

_Margo J. Hagin_
Margo J. Hagin

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

**EX. 19**
**173**

# EXHIBIT 20

1 | Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
2 | LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
3 | Los Angeles, CA 90036-5627
Tel.: (323) 549-9100 / Fax: (323) 549-0101
4 | Email: Barnes@kbarnes.com

5 | Joseph Antonelli, Esq. (#137039)
Janelle Carney, Esq. (#201570)
6 | LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
7 | West Covina, CA 91790-2918
Tel.: (626) 917-6228 / Fax: (626) 917-7686
8 | Email: JAntonelli@antonellilaw.com

9 | Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED**

12 | JOSE JIMENEZ, on behalf of himself and all others similarly situated,     ) Case No.: BC383006
                                                                             ) Dept.: 45
13 |                                                                          ) Honorable: Mel Red Recana
                Plaintiffs,                                                   )
14 |                                                                          ) **Hearing:**
        v.                                                                    ) **Date: June 6, 2008**
15 |                                                                          ) **Time: 8:30 a.m.**
     SEARS, ROEBUCK AND CO., a New                                           )
16 | York corporation; and DOES 1 to 100,                                     ) **CLASS ACTION**
     inclusive,                                                               )
17 |                                                                          ) **PLAINTIFF'S NOTICE OF MOTION**
                Defendants.                                                   ) **AND MOTION TO COMPEL**
18 |                                                                          ) **RESPONSE TO PLAINTIFF'S**
                                                                             ) **SPECIAL INTERROGATORIES, SET**
19 |                                                                          ) **NO. ONE (1); INTERROGATORY NO.**
                                                                             ) **2; DECLARATION OF GREGG**
20 |                                                                          ) **LANDER IN SUPPORT THEREOF;**
                                                                             ) **SEPARATE STATEMENT IN**
21 |                                                                          ) **SUPPORT THEREOF; [PROPOSED]**
                                                                             ) **ORDER**
22 |                                                                          )
                                                                             ) Action Filed: December 28, 2007
23 |                                                                          )

24 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25 |     **PLEASE TAKE NOTICE OF THE FOLLOWING:**

26 |     On June 6, 2008 at 8:30 a.m. or as soon thereafter as the matter may be heard, in

27 | Department 45 of the above-titled Court, the Honorable Mel Red Recana presiding, Plaintiff Jose

28 | Jimenez, an individual on behalf of himself and all others similarly situated and the general public,

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel.:(323)549-9100
Fax:(323)549-0101

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET NO. ONE (1); INTERROGATORY NO. 2; DECLARATION OF GREGG LANDER
IN SUPPORT THEREOF; SEPARATE STATEMENT IN SUPPORT THEREOF; [PROPOSED] ORDER**

EX. 20
174

1  will move the Court for an Order to Compel Response to Plaintiffs' Special Interrogatories, Set

2  No. One (1).

3     This Motion is made on the grounds that:

4     1)   the discovery provisions are to be liberally construed in favor of disclosure;

5     2)   Defendants have offered no viable legal objection or authority to withhold the

6          requested information;

7     3)   the requested information is necessary and relevant to class certification issues of

8          commonality, typicality, adequacy and numerosity;

9     4)   the requested information is necessary in order for Plaintiffs to conduct an

10         adequate precertification and/or pretrial investigation;

11    5)   the requested information is essential so Plaintiffs can communicate and conduct

12         discovery with the putative class members;

13    6)   the requested information is necessary for Plaintiffs to carry out fiduciary and

14         ethical duties owed to the absent class members;

15    7)   Defendants may not hide behind the assertion of privacy rights; and

16    8)   Defendants can establish no risk of prejudice by such a disclosure.

17  Dated: April 21, 2008                    LAW OFFICES OF KEVIN T. BARNES

18

19                                  By: _____

20                                      Kevin T. Barnes, Esq.
                                        Gregg Lander, Esq.
21                                      Attorneys for Plaintiffs

22

23

24

25

26

27

28

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 2 -

EX. 20
175

1 | Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
2 | LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
3 | Los Angeles, CA 90036-5627
Tel.: (323) 549-9100 / Fax: (323) 549-0101
4 | Email: Barnes@kbarnes.com

5 | Joseph Antonelli, Esq. (#137039)
Janelle Carney, Esq. (#201570)
6 | LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
7 | West Covina, CA 91790-2918
Tel.: (626) 917-6228 / Fax: (626) 917-7686
8 | Email: JAntonelli@antonellilaw.com

9 | Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED**

| | |
|---|---|
| JOSE JIMENEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>SEARS, ROEBUCK AND CO., a New York corporation; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.: BC383006<br>Dept.:    45<br>Honorable: Mel Red Recana<br><br>**Hearing:**<br>**Date:  June 6, 2008**<br>**Time: 8:30 a.m.**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2**<br><br>[PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSE FILED CONCURRENTLY HEREWITH]<br><br>Action Filed: December 28, 2007 |

25 | ///
26 | ///
27 | ///
28 | ///

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- i -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2

EX. 20
176

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

On December 28, 2007, Plaintiff JOSE JIMENEZ ("Plaintiff") filed a proposed Class Action against Defendant Sears, Roebuck and Co. and DOES 1 to 100 ("Defendants") alleging violations of California labor laws, including the California Labor Code ("Labor Code").

On or about January 18, 2008, Plaintiffs propounded Special Interrogatories ("SROG"), Set No. One (1) upon Defendants by mail, consisting of two (2) discovery requests. Plaintiffs' SROG No. 2 states: "IDENTIFY each putative CLASS MEMBER." SROG No. 2 requests the name, address and telephone number of Defendants' California-based "Assistant Manager" positions in Defendants' Automotive Center Division employed during the relevant time period. (A true and correct copy of Plaintiffs' discovery is attached hereto the Declaration of Gregg Lander ("GL Decl.") as Exhibit "1").

On or about February 22, 2008, Defendants responded to SROG No. 2 as follows:

Defendant objects to the Special Interrogatory to the extent it is vague and ambiguous as to the term "putative class members," including to the extent that Plaintiff has defined the putative class as including people in "job positions with substantially similar titles and duties in that Division." Defendant objects to the Special Interrogatory to the extent it is overbroad, oppressive, burdensome, and harassing. Defendant objects to the Special Interrogatory to the extent it requests information protected by privacy rights and conflicts with Defendant's legal obligation to maintain the confidentiality of its employee's personnel data. (A true and correct copy of Defendants' response is attached to GL Decl. as Exhibit "2").

Deeming these to be improper objections, on or about March 3, 2008, Plaintiffs initiated the meet and confer process in an attempt to informally resolve this discovery dispute. Essentially this meet and confer process can be summed up as follows:

- 3/3/08 - Plaintiffs send Meet & Confer letter re: SROG1;
- 3/14/08 - Defendants respond regarding putative class members' privacy rights;
- 3/27/08 - Plaintiffs respond by agreeing to enter into a protective order;
- 4/2/08 - Defendants send protective order and now also want disclosure consent;
- 4/3/08 - Plaintiffs compromise by agreeing to an "opt-out" privacy notice;
- 4/16/08 - Defendants advise they will only agree to an "opt-in" notice;

- 1 -

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2

1      • 4/16/08 - As Plaintiffs are already compromising, Plaintiffs advise they will only agree

2         to an "opt-out" notice pursuant to Pioneer v. Superior Court (2005) 128 Cal.App.4th

3         246 and Belaire-West v. Superior Court (2007) 149 Cal.App.4th 554;

4      • 4/17/08 - Plaintiffs again request Defendants' decision, with no response.

5         (A true and correct copy of all written correspondence memorializing the meet and

6         confer process herein is attached to GL Decl. as Exhibit "3").

7      Plaintiffs' deadline to file a Motion to Compel regarding this discovery was April 21, 2008. As of

8      that date, which was also the date of filing of the instant Motion, Defendants have failed to provide

9      the requested responses to Plaintiffs' discovery. The parties have met and conferred in good faith

10     and are unable to informally resolve this dispute. Therefore, Plaintiffs see no choice but to move to

11     compel the requested information.

12                                              **II.**

13                     **PLAINTIFFS' MOTION TO COMPEL IS**

14          **APPROPRIATE BECAUSE THE SCOPE OF DISCOVERY**

15          **IS DIRECTLY RELEVANT TO THE SUBJECT MATTER INVOLVED**

16          If discovery responses are incomplete, inadequate, evasive, or the **objections are**

17     **meritless or too general**, a plaintiff may bring a motion to compel further responses. Deyo v.

18     Kilbourne (1978) 84 Cal.App.3d 771.

19          For the foregoing reasons, Plaintiffs believe they are entitled to the names, addresses, and

20     telephone numbers of all of Defendants' California-based employees who are and were similarly

21     situated to Plaintiffs herein during the relevant time period.

22          **California courts have reiterated that discovery provisions are to be liberally**

23     **construed in favor of disclosure.** In interpreting the former Discovery Act of 1957, the

24     Supreme Court stated in the still important seminal case of Greyhound Corp. v. Superior Court

25     (1961) 56 Cal.2d 355, 378 that disclosure in discovery exists "as a matter of right unless

26     statutory or public policy considerations clearly prohibit it." This concept of liberal discovery is

27     codified in the Discovery Act of 1986. Any information that "might reasonably assist a party in

28     evaluating the case, preparing for trial, or facilitating settlement" falls within the definition of

KEVIN T. BARNES
5670 WILSHIRE
BLVD., SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 2 -

**EX. 20**
**178**

1  permissible discovery. <u>Lipton v. Superior Court</u> (1996) 48 Cal.App.4th 1599, 1611. Discovery

2  rules are applied liberally in favor of discovery, and "(contrary to popular belief) **fishing**

3  **expeditions are permissible in some cases.**" <u>Gonzales v. Superior Court</u> (1995) 33 Cal.App.4th

4  1539, 1546 (emphasis added).

5      Further, all doubts about discovery are resolved in favor of disclosure. <u>Glenfed Dev.

6  Corp. v. Superior Court</u> (1997) 53 Cal.App.4th 1113, 1119. By making both the scope of

7  discovery and the court's discretion to limit it very broad, the Legislature has assured that

8  California trial courts will continue the common law tradition of flexibility in applying legal

9  concepts to specific discovery disputes and reaching reasonable conclusions.

10      Plaintiffs' discovery seeks information directly relevant to the disclosure of facts

11  supporting key contentions. (See CCP §382) Defendants' apparent goal is to deny Plaintiffs the

12  ability to conduct discovery into Defendants' defenses in this case and thus unfairly prejudice

13  Plaintiffs at the time of Plaintiffs' Motion for Class Certification. Plaintiffs are entitled to

14  straightforward, non-evasive and complete discovery responses.

15      **Here, Plaintiffs are simply asking for the identity of putative class members, who**

16  **are key fact witnesses** both for the current purposes of class certification, as well as for the trial

17  herein. The putative class members possess unique and important knowledge of facts concerning

18  the duties, hours, policies, procedures, and tasks, among other things, which are at the heart of

19  this case. The names, addresses and telephone numbers of the class members are reasonably

20  calculated to lead to the discovery of admissible evidence. Without this information, Plaintiffs

21  are prevented from ascertaining information essential to this case. Further, Defendants have

22  unfettered access to this same information, which fatally prejudices Plaintiffs' ability to conduct

23  the necessary discovery.

24      The Court of Appeal, Second District, considered and evaluated the purpose of the

25  statutory authorization for the discovery of the identity and location of witnesses in <u>City of Long

26  Beach v. Superior Court</u> (1976) 64 Cal.App.3d 65, when faced with the issue of whether the

27  names and locations of witnesses are discoverable or are protected by the attorney work product

28  privilege. The Court held:

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 3 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2

EX. 20
179

1   The legitimate interests and purposes of discovery are generally amply protected
    by the requirement that an adverse party is entitled to the identity and location of
2   all persons with knowledge of relevant facts...Its basis is that persons who have
    relevant knowledge are not to be considered the witnesses of any particular party
3   to the litigation. **Ensuring the availability to all parties of the right to contact**
    and to take depositions of these witnesses provides adequate safeguards against
4   surprise or false testimony. Id. at 76-77 (emphasis added).

5       Defendants' attempt to hide the location of these individuals is inherently abhorrent to

6   California's discovery rules. By withholding the identities of the most important witnesses,

7   Defendants critically obstruct Plaintiffs' access to these persons. Such unilateral control over the

8   discovery process by a party to the litigation is not what the Legislature intended. Defendants

9   are, in essence, securing these witnesses as their own, thereby entitling Defendants to control

10  what information is brought out in discovery.

11      In fact, from past experience with class certification, this Court is certainly aware that

12  defendants often rely on declarations from the putative class members (usually current

13  employees) in order to oppose class certification. Therefore, the Court cannot allow Defendants

14  the opportunity to freely use this information while simultaneously seeking to bar Plaintiffs'

15  access to the same.

16      Plaintiffs are entitled to this information for all the reasons expressed above as well as the

17  facts that this information: 1) is relevant to class certification issues of commonality, typicality

18  and numerosity; 2) is necessary for Plaintiffs to conduct an adequate precertification and/or

19  pretrial investigation; 3) is essential for Plaintiffs to communicate with the putative class

20  members; 4) is necessary for Plaintiffs to carry out fiduciary and ethical duties owed to the

21  absent class members; and 5) creates no risk of prejudice to Defendants by such disclosure.

22      Further, CCP §2017.010 provides in pertinent part that "any party may obtain discovery

23  regarding any matter, not privileged, that is relevant to the subject matter involved in the pending

24  action or to the determination of any motion made in the action, if the matter either is itself

25  admissible in evidence or appears reasonably calculated to lead to the discovery of admissible

26  evidence." As previously stated, here it is fundamental that Defendants are required to disclose

27  the identity and location of persons having knowledge of particular relevant facts. Deyo v.

28  Kilbourne, supra. Presently, Defendants have sole access to the putative class members.

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 4 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2

1   Plaintiffs are seeking the identity of these individuals in order to further Plaintiffs' investigative

2   efforts in preparation for class certification.

3       As the court in <u>Atari, Inc. v. Superior Court</u> (1985) 166 Cal.App.3d 867 ("<u>Atari</u>") stated:

4

5       "A determination 'whether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits' cannot realistically be made until the parties have had a chance to conduct reasonable investigation." <u>Id.</u> at 870.

6       Likewise, in <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, the

7   plaintiffs sought customer information that the defendant claimed was confidential. The

8   defendant objected on the grounds of relevancy and privacy. The California Supreme Court

9   rejected that defendant's arguments, holding that the discovery of the names was relevant to the

10   subject matter of the action. The court approved a communication to the customers, i.e., the ones

11   who would have standing to assert a privacy objection, affording them with an opportunity to

12   assert their interests by objecting to disclosure.

13       **Plaintiffs herein will suffer an immeasurable prejudice without the ability to**

14   **conduct reasonable investigation in anticipation of class certification.** Plaintiffs' ability to

15   communicate with absent class members will be effectively silenced, while Defendants will be

16   afforded total access to the same group. All counsel are permitted fair precertification

17   communication pursuant to <u>Gulf Oil Co. v. Bernard</u> (1981) 452 U.S. 89 and its progeny.

18   Consistent with fundamental fairness, in the absence of abuse, neither party should be precluded

19   from investigating and preparing its case for certification. <u>Atari</u>, <u>supra</u>, at 873. The <u>Atari</u> Court

20   approved free, open, and fair communication between any party to the litigation and the absent

21   class members.

22       By denying Plaintiffs access to the classes, Defendants seek to trump the reasoning of

23   <u>Atari</u> in that the Court will have imposed upon Plaintiffs a practical gag. Tilting the playing field

24   (in Defendants' favor) in such a manner would be fundamentally unfair.

25       A class representative has a right, if not an outright duty, to contact all absent class

26   members in the course of prosecuting a class action "...to discover certain information in the

27   possession of absent class members, or to ascertain the whereabouts of other class members, in

28   order to show the impracticability of joinder or to refine the class to ensure certification. Absent

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2**

EX. 20
181

1   class members may also provide additional facts concerning charges raised in the complaint."

2   Newberg on Class Actions, Fourth Edition, 2002, §15:13.

3        Additionally, the late Professor Newberg also offered other legitimate reasons why class

4   counsel may wish to communicate with absent class members prior to certification:

5        (1) the filing of a class complaint tolls the statute of limitations, and this information
         would be of value to class members who may be uncertain how they may preserve
6        their claims;

7        (2) in protracted litigation, when the court does not reach an early determination of the
         class issues, the class counsel may wish to notify absent class members, who may have
8        learned of the action through attendant publicity, of the status of litigation;

9        (3) because absent class members need not enter an appearance or intervene in the
         action, they are entitled to rely on the class action attorney to prosecute the litigation
10       on their behalf;

11       (4) communications with absent class members are appropriate as long as they are not
         considered abusive within the guidelines created by Gulf Oil Co. v. Bernard. Newberg
12       on Class Actions, Fourth Edition, 2002, §15:12.

13  All of the reasons enumerated above are applicable to the instant case. Without the identity of the

14  absent class members, Plaintiffs will be unable to carry out even one of these tasks.

15       **Class counsel and class representatives are fiduciaries to the absent class members.**

16  See Newberg on Class Actions, Fourth Edition, 2002, §15:3. As such, they must vigorously

17  investigate and prosecute this action. It is only through the ability to communicate with the

18  absent class members that the class representative and class counsel will be able to fulfill their

19  ethical and fiduciary obligations. It is also noteworthy that Plaintiffs' interest in effectively

20  investigating and vigorously prosecuting this action on the behalf of the absent class members

21  outweighs any perceived intrusion into the privacy of those very same absent class members. It

22  would be improper to gag the class representative and class counsel by sustaining Defendants'

23  objections.

24       In advancing the broad latitude of discovery, CCP §2017.010 provides that "Discovery

25  may be obtained of the identity and location of persons having knowledge of discoverable

26  matter..." Thus, the names, home addresses, and telephone numbers which are essential locating

27  information are authorized under this CCP section. In fact, form interrogatories requesting this

28  particular information have been expressly approved by the California Judicial Council.

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2**

1    Unquestionably, the names, addresses, and telephone numbers of class members and

2    witnesses are reasonably calculated to lead to the discovery of admissible evidence since the

3    class certification briefings will certainly contain information from that pool of witnesses. It

4    would be interesting to see if Defendants would stipulate that no member of this witness pool, to

5    wit, absent class members, will provide any declaration testimony in its class certification

6    briefing. Absent such a stipulation this witness pool is plainly relevant for purposes of discovery.

7    **Defendants' interests are diametrically opposed to those of the absent class**

8    **members, but Plaintiffs and Plaintiffs' counsel have an ethical and fiduciary duty to protect**

9    **those absent class members.** In fact, one perspective on the relationship between the absent

10   class and the class counsel would describe it as a "constructive attorney-client relationship."

11   Newberg on Class Actions, Fourth Edition, 2002, §15:3. Any attempt by Defendants to "preserve

12   the privacy rights" of the very individuals whose rights Defendants have allegedly violated is

13   disingenuous.

14       Recently, the Second Appellate District confirmed parties' rights to names, addresses and

15   telephone numbers in Parris v. Superior Court (2003) 109 Cal.App.4th 285 ("Parris"). The

16   Appellate Court held that precertification communication with potential class members is

17   protected by the First Amendment to the United States Constitution and remanded the court's

18   denial of identification information, as there was no showing of potential for abuse.

19                                    **III.**

20              **DEFENDANTS' OBJECTIONS HEREIN SHOULD BE OVERRULED**

21   **A.       DEFENDANTS' "PRIVACY" OBJECTION SHOULD BE OVERRULED**

22       Defendants object to SROG No. Two, asserting: "Defendant objects to the Special

23   Interrogatory to the extent it requests information protected by privacy rights and conflicts with

24   Defendant's legal obligation to maintain the confidentiality of its employee's personnel data."

25   Said objection is without merit.

26       The right to privacy is not absolute; it may be abridged to accommodate a compelling

27   interest. Moskowitz v. Superior Court (1982) 137 Cal.App.3d 313, 316; El Dorado Savings &

28   Loan Association v. Superior Court (1987) 190 Cal.App.3d 345. One such interest is "the

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 7 -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2**

1    historically important state interest of facilitating the ascertainment of truth in connection with

2    legal proceedings." Moskowitz, *supra*, 137 Cal.App.3d at 316.

3         The language of CCP §2017.010 is indeed broad and explicitly entitles each party to

4    discover the identity of witnesses, which include class members. To use the right to privacy to

5    preclude the release of the names of class members and witnesses violates the basic tenets

6    underlying discovery. There is an expressed compelling state interest in the "ascertainment of

7    truth" in these proceedings. That interest is particularly acute in instances such as this, in which

8    the defendant-employer has the upper hand with respect to critical information such as the home

9    addresses, and telephone numbers of class members/witnesses. The critical nature of this

10   information in a case of this nature makes it that much more compelling, demanding that any

11   minimal privacy right accorded to their location (the home addresses and telephone numbers of

12   these persons), is outweighed by the public policy of fair and open communication - toward the

13   ultimate goal of ascertaining the truth.

14        To the extent that any of these individuals continue to work at Defendants' locations, it

15   would be impossible and improper to discuss Plaintiffs' allegations with them at work.

16   Moreover, the discussion of personal legal matters such as this is properly conducted outside of

17   the workplace. Plaintiffs' ability to conduct their investigation outside of Defendants' place of

18   business not only avoids any interference with Defendants' operations but also ensures the

19   confidentiality of the communication. Finally, with respect to those persons who are no longer

20   employed by the company, Plaintiffs are completely without means to contact them unless

21   Defendants provide this information.

22        Accordingly, Defendants' "privacy" objection should be overruled.

23   **B.    DEFENDANTS' "VAGUE AND AMBIGUOUS" OBJECTION SHOULD BE**

24   **     OVERRULED**

25        Defendants object to SROG No. Two, asserting: "Defendant objects to the Special

26   Interrogatory to the extent it is vague and ambiguous as to the term "putative class members,"

27   including to the extent that Plaintiff has defined the putative class as including people in "job

28   positions with substantially similar titles and duties in that Division." Said objection is without

Kevin T. Barnes
5670 Wilshire
Blvd, Suite 1460
Los Angeles, CA
90036-5614
Tel: (323) 549-9100
Fax: (323) 549-0101

- 8 -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE, INTERROGATORY NO. 2**

**EX. 20**
**184**

1   merit. Defendant has been able to respond to Special Interrogatory No. 1, with a number certain

2   of the employees at issue. Therefore, Defendant *can* ascertain for whom Plaintiffs seek the

3   identity. Accordingly, Defendants' "vague and ambiguous" objection should be overruled.

4   **C.      DEFENDANTS' "OVERBROAD, OPPRESSIVE, BURDENSOME AND**

5   **HARASSING" OBJECTION SHOULD BE OVERRULED**

6       Defendants object to SROG No. Two, asserting: "Defendant objects to the Special

7   Interrogatory to the extent it is overbroad, oppressive, burdensome, and harassing." Said

8   objection is without merit. The production of information sought by this discovery is no more

9   than what is necessary for Plaintiffs to conduct an investigation and prepare this case for

10   certification and/or trial. As discussed infra, courts have upheld the disclosure of more

11   information than presently sought. Further, it is absurd to consider a request for contact

12   information for putative class members in a class action wage and hour lawsuit as excessive.

13   Accordingly, Defendants' "burdensome and oppressive" objection is without merit.

14                                          **IV.**

15                                     **CONCLUSION**

16       For all of the foregoing reasons, Plaintiffs respectfully request that this Court Order

17   Defendants to provide verified responses, without objections, to the requested discovery within

18   twenty (20) days. In the alternative, Plaintiffs would request some other appropriate relief to

19   allow Plaintiffs to contact class members and conduct discovery.

20   Dated: April 18, 2008                LAW OFFICES OF KEVIN T. BARNES

21

22                                        By: _____
                                              Kevin T. Barnes, Esq.
23                                            Gregg Lander, Esq.
                                              Attorneys for Plaintiffs

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel: (323) 549-9100
Fax: (323) 549-0101

- 9 -

EX. 20
185

1  | Kevin T. Barnes, Esq. (#138477)
   | Gregg Lander, Esq. (#194018)
2  | LAW OFFICES OF KEVIN T. BARNES
   | 5670 Wilshire Boulevard, Suite 1460
3  | Los Angeles, CA 90036-5627
   | Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  | Email: Barnes@kbarnes.com

5  | Joseph Antonelli, Esq. (#137039)
   | Janelle Carney, Esq. (#201570)
6  | LAW OFFICE OF JOSEPH ANTONELLI
   | 1000 Lakes Drive, Suite 450
7  | West Covina, CA 91790-2918
   | Tel.: (626) 917-6228 / Fax: (626) 917-7686
8  | Email: JAntonelli@antonellilaw.com

9  | Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED**

12 | JOSE JIMENEZ, on behalf of himself and all others similarly situated,  ) Case No.: BC383006
13 | ) Dept.:   45
   | ) Honorable: Mel Red Recana
14 | Plaintiffs,  )
15 | )  **Hearing:**
   | v.  ) Date:   June 6, 2008
   | )  Time:  8:30 a.m.
16 | SEARS, ROEBUCK AND CO., a New York corporation; and DOES 1 to 100, inclusive,  )
17 | )  **CLASS ACTION**
18 | Defendants.  )  **PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**
19 | )
20 | )
21 | )  Action Filed: December 28, 2007
22 | )

23 | [PLAINTIFFS' MOTION TO COMPEL RESPONSE FILED CONCURRENTLY HEREWITH]

24 | Plaintiff Jose Jiminez submit this Separate Statement, pursuant to <u>California Rules of</u>

25 | <u>Court</u>, Rule 3.1020, in support of Plaintiffs' Motion to Compel Response to Plaintiffs' Special

26 | Interrogatories, Set No. One (1), Interrogatory No. Two.

27 | **INTERROGATORY NO. TWO.**

28 | IDENTIFY each putative CLASS MEMBER.

- 1 -

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

EX. 20
186

1   <u>DEFENDANTS' RESPONSE TO INTERROGATORY NO. TWO:</u>

2         Defendant objects to the Special Interrogatory to the extent it is vague and ambiguous as

3   to the term "putative class members," including to the extent that Plaintiff has defined the

4   putative class as including people in "job positions with substantially similar titles and duties in

5   that Division." Defendant objects to the Special Interrogatory to the extent it is overbroad,

6   oppressive, burdensome, and harassing. Defendant objects to the Special Interrogatory to the

7   extent it requests information protected by privacy rights and conflicts with Defendant's legal

8   obligation to maintain the confidentiality of its employee's personnel data.

9   <u>**PLAINTIFFS' ARGUMENTS FOR FURTHER RESPONSE TO INTERROGATORY**</u>

10   <u>**NO. TWO:**</u>

11   **PLAINTIFFS' MOTION TO COMPEL IS APPROPRIATE BECAUSE THE SCOPE OF**

12   **DISCOVERY IS DIRECTLY RELEVANT TO THE SUBJECT MATTER INVOLVED**

13         If discovery responses are incomplete, inadequate, evasive, or the **objections are**

14   **meritless or too general**, a plaintiff may bring a motion to compel further responses. <u>Deyo v.</u>

15   <u>Kilbourne</u> (1978) 84 Cal.App.3d 771.

16         For the foregoing reasons, Plaintiffs believe they are entitled to the names, addresses, and

17   telephone numbers of all of Defendants' California-based employees who are and were similarly

18   situated to Plaintiffs herein during the relevant time period.

19       **California courts have reiterated that discovery provisions are to be liberally**

20   **construed in favor of disclosure.** In interpreting the former Discovery Act of 1957, the

21   Supreme Court stated in the still important seminal case of <u>Greyhound Corp. v. Superior Court</u>

22   (1961) 56 Cal.2d 355, 378 that disclosure in discovery exists "as a matter of right unless

23   statutory or public policy considerations clearly prohibit it." This concept of liberal discovery is

24   codified in the Discovery Act of 1986. Any information that "might reasonably assist a party in

25   evaluating the case, preparing for trial, or facilitating settlement" falls within the definition of

26   permissible discovery. <u>Lipton v. Superior Court</u> (1996) 48 Cal.App.4th 1599, 1611. Discovery

27   rules are applied liberally in favor of discovery, and "(contrary to popular belief) **fishing**

28   **expeditions are permissible in some cases.**" <u>Gonzales v. Superior Court</u> (1995) 33 Cal.App.4th

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

-2-

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL**
**INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

1539, 1546 (emphasis added).

Further, all doubts about discovery are resolved in favor of disclosure. Glenfed Dev. Corp. v. Superior Court (1997) 53 Cal.App.4th 1113, 1119. By making both the scope of discovery and the court's discretion to limit it very broad, the Legislature has assured that California trial courts will continue the common law tradition of flexibility in applying legal concepts to specific discovery disputes and reaching reasonable conclusions.

Plaintiffs' discovery seeks information directly relevant to the disclosure of facts supporting key contentions. (See CCP §382) Defendants' apparent goal is to deny Plaintiffs the ability to conduct discovery into Defendants' defenses in this case and thus unfairly prejudice Plaintiffs at the time of Plaintiffs' Motion for Class Certification. Plaintiffs are entitled to straightforward, non-evasive and complete discovery responses.

**Here, Plaintiffs are simply asking for the identity of putative class members, who are key fact witnesses** both for the current purposes of class certification, as well as for the trial herein. The putative class members possess unique and important knowledge of facts concerning the duties, hours, policies, procedures, and tasks, among other things, which are at the heart of this case. The names, addresses and telephone numbers of the class members are reasonably calculated to lead to the discovery of admissible evidence. Without this information, Plaintiffs are prevented from ascertaining information essential to this case. Further, Defendants have unfettered access to this same information, which fatally prejudices Plaintiffs' ability to conduct the necessary discovery.

The Court of Appeal, Second District, considered and evaluated the purpose of the statutory authorization for the discovery of the identity and location of witnesses in City of Long Beach v. Superior Court (1976) 64 Cal.App.3d 65, when faced with the issue of whether the names and locations of witnesses are discoverable or are protected by the attorney work product privilege. The Court held:

> The legitimate interests and purposes of discovery are generally amply protected by the requirement that an adverse party is entitled to the identity and location of all persons with knowledge of relevant facts...Its basis is that persons who have relevant knowledge are not to be considered the witnesses of any particular party to the litigation. Ensuring the availability to all parties of the right to contact

- 3 -

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel: (323) 549-9100
Fax: (323) 549-0101

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

EX. 20
188

and to take depositions of these witnesses provides adequate safeguards against surprise or false testimony. Id. at 76-77 (emphasis added).

Defendants' attempt to hide the location of these individuals is inherently abhorrent to California's discovery rules. By withholding the identities of the most important witnesses, Defendants critically obstruct Plaintiffs' access to these persons. Such unilateral control over the discovery process by a party to the litigation is not what the Legislature intended. Defendants are, in essence, securing these witnesses as their own, thereby entitling Defendants to control what information is brought out in discovery.

In fact, from past experience with class certification, this Court is certainly aware that defendants often rely on declarations from the putative class members (usually current employees) in order to oppose class certification. Therefore, the Court cannot allow Defendants the opportunity to freely use this information while simultaneously seeking to bar Plaintiffs' access to the same.

Plaintiffs are entitled to this information for all the reasons expressed above as well as the facts that this information: 1) is relevant to class certification issues of commonality, typicality and numerosity; 2) is necessary for Plaintiffs to conduct an adequate precertification and/or pretrial investigation; 3) is essential for Plaintiffs to communicate with the putative class members; 4) is necessary for Plaintiffs to carry out fiduciary and ethical duties owed to the absent class members; and 5) creates no risk of prejudice to Defendants by such disclosure.

Further, CCP §2017.010 provides in pertinent part that "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in the action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." As previously stated, here it is fundamental that Defendants are required to disclose the identity and location of persons having knowledge of particular relevant facts. Deyo v. Kilbourne, supra. Presently, Defendants have sole access to the putative class members. Plaintiffs are seeking the identity of these individuals in order to further Plaintiffs' investigative efforts in preparation for class certification.

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL
INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1    As the court in <u>Atari, Inc. v. Superior Court</u> (1985) 166 Cal.App.3d 867 ("<u>Atari</u>") stated:

2

3    "A determination 'whether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits' cannot realistically be made until the parties have had a chance to conduct reasonable investigation." <u>Id.</u> at 870.

4    Likewise, in <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, the

5    plaintiffs sought customer information that the defendant claimed was confidential. The

6    defendant objected on the grounds of relevancy and privacy. The California Supreme Court

7    rejected that defendant's arguments, holding that the discovery of the names was relevant to the

8    subject matter of the action. The court approved a communication to the customers, i.e., the ones

9    who would have standing to assert a privacy objection, affording them with an opportunity to

10   assert their interests by objecting to disclosure.

11   **Plaintiffs herein will suffer an immeasurable prejudice without the ability to**

12   **conduct reasonable investigation in anticipation of class certification.** Plaintiffs' ability to

13   communicate with absent class members will be effectively silenced, while Defendants will be

14   afforded total access to the same group. All counsel are permitted fair precertification

15   communication pursuant to <u>Gulf Oil Co. v. Bernard</u> (1981) 452 U.S. 89 and its progeny.

16   Consistent with fundamental fairness, in the absence of abuse, neither party should be precluded

17   from investigating and preparing its case for certification. <u>Atari</u>, <u>supra</u>, at 873. The <u>Atari</u> Court

18   approved free, open, and fair communication between any party to the litigation and the absent

19   class members.

20   By denying Plaintiffs access to the classes, Defendants seek to trump the reasoning of

21   <u>Atari</u> in that the Court will have imposed upon Plaintiffs a practical gag. Tilting the playing field

22   (in Defendants' favor) in such a manner would be fundamentally unfair.

23   A class representative has a right, if not an outright duty, to contact all absent class

24   members in the course of prosecuting a class action "...to discover certain information in the

25   possession of absent class members, or to ascertain the whereabouts of other class members, in

26   order to show the impracticability of joinder or to refine the class to ensure certification. Absent

27   class members may also provide additional facts concerning charges raised in the complaint."

28   <u>Newberg on Class Actions</u>, Fourth Edition, 2002, §15:13.

-5-

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL
INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

**EX. 20**
**190**

1    Additionally, the late Professor Newberg also offered other legitimate reasons why class

2    counsel may wish to communicate with absent class members prior to certification:

3        (1) the filing of a class complaint tolls the statute of limitations, and this information
         would be of value to class members who may be uncertain how they may preserve
4        their claims;

5        (2) in protracted litigation, when the court does not reach an early determination of the
         class issues, the class counsel may wish to notify absent class members, who may have
6        learned of the action through attendant publicity, of the status of litigation;

7        (3) because absent class members need not enter an appearance or intervene in the
         action, they are entitled to rely on the class action attorney to prosecute the litigation
8        on their behalf;

9        (4) communications with absent class members are appropriate as long as they are not
         considered abusive within the guidelines created by Gulf Oil Co. v. Bernard. *Newberg*
10       *on Class Actions*, Fourth Edition, 2002, §15:12.

11   All of the reasons enumerated above are applicable to the instant case. Without the identity of the

12   absent class members, Plaintiffs will be unable to carry out even one of these tasks.

13       **Class counsel and class representatives are fiduciaries to the absent class members.**

14   *See* Newberg on Class Actions, Fourth Edition, 2002, §15:3. As such, they must vigorously

15   investigate and prosecute this action. It is only through the ability to communicate with the

16   absent class members that the class representative and class counsel will be able to fulfill their

17   ethical and fiduciary obligations. It is also noteworthy that Plaintiffs' interest in effectively

18   investigating and vigorously prosecuting this action on the behalf of the absent class members

19   outweighs any perceived intrusion into the privacy of those very same absent class members. It

20   would be improper to gag the class representative and class counsel by sustaining Defendants'

21   objections.

22       In advancing the broad latitude of discovery, CCP §2017.010 provides that "Discovery

23   may be obtained of the identity and location of persons having knowledge of discoverable

24   matter..." Thus, the names, home addresses, and telephone numbers which are essential locating

25   information are authorized under this CCP section. In fact, form interrogatories requesting this

26   particular information have been expressly approved by the California Judicial Council.

27       Unquestionably, the names, addresses, and telephone numbers of class members and

28   witnesses are reasonably calculated to lead to the discovery of admissible evidence since the

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 6 -

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL
INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

**EX. 20**

**191**

1    class certification briefings will certainly contain information from that pool of witnesses. It

2    would be interesting to see if Defendants would stipulate that no member of this witness pool, to

3    wit, absent class members, will provide any declaration testimony in its class certification

4    briefing. Absent such a stipulation this witness pool is plainly relevant for purposes of discovery.

5         **Defendants' interests are diametrically opposed to those of the absent class**

6    **members, but Plaintiffs and Plaintiffs' counsel have an ethical and fiduciary duty to protect**

7    **those absent class members.** In fact, one perspective on the relationship between the absent

8    class and the class counsel would describe it as a "constructive attorney-client relationship."

9    Newberg on Class Actions, Fourth Edition, 2002, §15:3. Any attempt by Defendants to "preserve

10   the privacy rights" of the very individuals whose rights Defendants have allegedly violated is

11   disingenuous.

12        Recently, the Second Appellate District confirmed parties' rights to names, addresses and

13   telephone numbers in Parris v. Superior Court (2003) 109 Cal.App.4th 285 ("Parris"). The

14   Appellate Court held that precertification communication with potential class members is

15   protected by the First Amendment to the United States Constitution and remanded the court's

16   denial of identification information, as there was no showing of potential for abuse.

17   **DEFENDANTS' OBJECTIONS HEREIN SHOULD BE OVERRULED**

18   **A.    DEFENDANTS' "PRIVACY" OBJECTION SHOULD BE OVERRULED**

19        Defendants object to SROG No. Two, asserting: "Defendant objects to the Special

20   Interrogatory to the extent it requests information protected by privacy rights and conflicts with

21   Defendant's legal obligation to maintain the confidentiality of its employee's personnel data."

22   Said objection is without merit.

23        The right to privacy is not absolute; it may be abridged to accommodate a compelling

24   interest. Moskowitz v. Superior Court (1982) 137 Cal.App.3d 313, 316; El Dorado Savings &

25   Loan Association v. Superior Court (1987) 190 Cal.App.3d 345. One such interest is "the

26   historically important state interest of facilitating the ascertainment of truth in connection with

27   legal proceedings." Moskowitz, supra, 137 Cal.App.3d at 316.

28        The language of CCP §2017.010 is indeed broad and explicitly entitles each party to

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL
INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

1   discover the identity of witnesses, which include class members. To use the right to privacy to

2   preclude the release of the names of class members and witnesses violates the basic tenets

3   underlying discovery. There is an expressed compelling state interest in the "ascertainment of

4   truth" in these proceedings. That interest is particularly acute in instances such as this, in which

5   the defendant-employer has the upper hand with respect to critical information such as the home

6   addresses, and telephone numbers of class members/witnesses. The critical nature of this

7   information in a case of this nature makes it that much more compelling, demanding that any

8   minimal privacy right accorded to their location (the home addresses and telephone numbers of

9   these persons), is outweighed by the public policy of fair and open communication - toward the

10  ultimate goal of ascertaining the truth.

11       To the extent that any of these individuals continue to work at Defendants' locations, it

12  would be impossible and improper to discuss Plaintiffs' allegations with them at work.

13  Moreover, the discussion of personal legal matters such as this is properly conducted outside of

14  the workplace. Plaintiffs' ability to conduct their investigation outside of Defendants' place of

15  business not only avoids any interference with Defendants' operations but also ensures the

16  confidentiality of the communication. Finally, with respect to those persons who are no longer

17  employed by the company, Plaintiffs are completely without means to contact them unless

18  Defendants provide this information.

19       Accordingly, Defendants' "privacy" objection should be overruled.

20  **B.     DEFENDANTS' "VAGUE AND AMBIGUOUS" OBJECTION SHOULD BE**

21       **OVERRULED**

22       Defendants object to SROG No. Two, asserting: "Defendant objects to the Special

23  Interrogatory to the extent it is vague and ambiguous as to the term "putative class members,"

24  including to the extent that Plaintiff has defined the putative class as including people in "job

25  positions with substantially similar titles and duties in that Division." Said objection is without

26  merit. Defendant has been able to respond to Special Interrogatory No. 1, with a number certain

27  of the employees at issue. Therefore, Defendant *can* ascertain for whom Plaintiffs seek the

28  identity. Accordingly, Defendants' "vague and ambiguous" objection should be overruled.

- 8 -

KevinT.Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL
INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

EX. 20
193

1    **C.    DEFENDANTS' "OVERBROAD, OPPRESSIVE, BURDENSOME AND**

2    **HARASSING" OBJECTION SHOULD BE OVERRULED**

3    Defendants object to SROG No. Two, asserting: "Defendant objects to the Special

4    Interrogatory to the extent it is overbroad, oppressive, burdensome, and harassing." Said

5    objection is without merit. The production of information sought by this discovery is no more

6    than what is necessary for Plaintiffs to conduct an investigation and prepare this case for

7    certification and/or trial. As discussed infra, courts have upheld the disclosure of more

8    information than presently sought. Further, it is absurd to consider a request for contact

9    information for putative class members in a class action wage and hour lawsuit as excessive.

10    Accordingly, Defendants' "burdensome and oppressive" objection is without merit.

11    Dated: April 21, 2008             LAW OFFICES OF KEVIN T. BARNES

12

13                 By: _____

                            Kevin T. Barnes, Esq.

14                          Gregg Lander, Esq.

                          Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 9 -

**PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL
INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

1 | Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
2 | LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
3 | Los Angeles, CA 90036-5627
Tel.: (323) 549-9100 / Fax: (323) 549-0101
4 | Email: Barnes@kbarnes.com

5 | Joseph Antonelli, Esq. (#137039)
Janelle Carney, Esq. (#201570)
6 | LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
7 | West Covina, CA 91790-2918
Tel.: (626) 917-6228 / Fax: (626) 917-7686
8 | Email: JAntonelli@antonellilaw.com

9 | Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10 |        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 |   **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED**

| | |
|---|---|
| 12  JOSE JIMENEZ, on behalf of himself and all others similarly situated, | Case No.:  BC383006<br>Dept.:     45<br>Honorable: Mel Red Recana |
| 13         Plaintiffs, | |
| 14              v. | **Hearing:**<br>**Date:   June 6, 2008**<br>**Time:  8:30 a.m.** |
| 15  SEARS, ROEBUCK AND CO., a New | |
| 16  York corporation; and DOES 1 to 100, inclusive, | **CLASS ACTION** |
| 17         Defendants. | **DECLARATION OF GREGG LANDER IN SUPPORT OF** |
| 18 | **PLAINTIFFS' MOTION AND MOTION TO COMPEL RESPONSE** |
| 19 | **TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE** |
| 20 | **(1); INTERROGATORY NO. TWO** |
| 21 | Action Filed: December 28, 2007 |

22 |              **DECLARATION OF GREGG LANDER**

23 | I, Gregg Lander declare:

24 |    1.    Attached hereto as Exhibit "1" is a true and correct copy of Plaintiffs' Special

25 | Interrogatories, Set No. One (1) propounded upon Defendant Sears, Roebuck and Co.

26 |    2.    Attached hereto as Exhibit "2" is a true and correct copy of Defendant's Responses to

27 | Plaintiffs' Special Interrogatories, Set No. One (1).

28 |

- 1 -

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**DECLARATION OF GREGG LANDER IN SUPPORT OF PLAINTIFFS' MOTION AND MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE (1); INTERROGATORY NO. TWO**

3.      Attached hereto as Exhibit "3" is a true and correct copy of the meet and confer exchange between the parties regarding the discovery at issue.

Executed April 21, 2008 at Los Angeles, California.

Gregg Lander
Declarant

**DECLARATION OF GREGG LANDER IN SUPPORT OF PLAINTIFFS' MOTION AND MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE (1); INTERROGATORY NO. TWO**

Kevin T. Barnes
5670 Wilshire
Blvd., Suite 1460
Los Angeles, CA
90036-5614
Tel: (323) 549-9100
Fax: (323) 549-0101

EX. 20
196

# EXHIBIT 1

EX. 20
197

1   Kevin T. Barnes, Esq. (#138477)
    Gregg Lander, Esq. (#194018)
2   LAW OFFICES OF KEVIN T. BARNES
    5670 Wilshire Boulevard, Suite 1460
3   Los Angeles, CA 90036-5627
    Tel.: (323) 549-9100 / Fax: (323) 549-0101
4   Email: Barnes@kbarnes.com

5   Joseph Antonelli, Esq. (#137039)
    Janelle Carney, Esq. (#201570)
6   LAW OFFICE OF JOSEPH ANTONELLI
    1000 Lakes Drive, Suite 450
7   West Covina, CA 91790-2918
    Tel.: (626) 917-6228 / Fax: (626) 917-7686
8   Email: JAntonelli@antonellilaw.com

9   Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11     **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED**

12   JOSE JIMENEZ, on behalf of himself and all      )   Case No.: BC383006
     others similarly situated,                       )   Dept.:    45
13                                                     )   Honorable: Mel Red Recana
            Plaintiffs,                                )
14                                                     )   **CLASS ACTION**
            v.                                         )
15                                                     )   **PLAINTIFFS' SPECIALLY**
     SEARS, ROEBUCK AND CO., a New                    )   **PREPARED INTERROGATORIES,**
16   York corporation; and DOES 1 to 100,            )   **SET NO. ONE**
     inclusive,                                        )
17                                                     )   Action Filed: December 28, 2007
            Defendants.                                )
18                                                     )

19   **PROPOUNDING PARTY:**       Plaintiff, JOSE JIMENEZ

20   **RESPONDING PARTY:**        Defendant, SEARS, ROEBUCK AND CO.

21   **SET NUMBER:**              One

22         TO RESPONDING PARTY, AND TO ITS ATTORNEYS OF RECORD:

23         PROPOUNDING PARTY hereby requests that RESPONDING PARTY respond in a

24   timely manner, under oath and pursuant to the provisions of California <u>Code of Civil Procedure</u>

25   to the following discovery requests.

26                              **DEFINITIONS**

27         The following definitions, where applicable, should be used regarding these discovery

28   requests. In addition, some discovery requests herein may contain additional specific definitions.

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.:(323)549-9100
Fax:(323)549-0101

- 1 -
**PLAINTIFFS' SPECIALLY PREPARED INTERROGATORIES, SET NO. ONE**

EX. 20
198

1    {"CLASS MEMBER" refers to the putative class and means any PERSON who

2    WORKED for YOU in the State of California in the position of "Assistant Manager" positions in

3    YOUR Automotive Center Division, including any of (hereinafter including any of Defendants'

4    job positions with substantially similar titles and duties in that Division) during the RELEVANT

5    TIME PERIOD.}

6    {"DEFENDANT," YOU," or "YOUR," means RESPONDING PARTY, Defendant in

7    the instant action, YOUR parent corporation, YOUR subsidiaries, YOUR officers, YOUR

8    directors, YOUR managing agents, YOUR managers, YOUR agents, YOUR investigators,

9    YOUR attorneys, their agents, their employees and anyone else acting or who has acted on

10   YOUR behalf.}

11   {"IDENTIFY" in the context of a PERSON means to provide, in electronic format (or, if

12   unable to comply, in any written form) the name, last known residence address and last known

13   residence telephone number.}

14   {"PERSON" includes a natural person, firm, association, organization, partnership,

15   business, trust, corporation, or public entity.}

16   {"RELEVANT TIME PERIOD" means the period from four (4) years before the filing of

17   the Complaint herein through the present and continuing forward to the time of final judgment in

18   this matter.}

19   {"WORKED" means during that time in which the individual was suffered and/or

20   permitted to work by YOU and/or was required to remain under YOUR control.}

21   **SPECIALLY PREPARED INTERROGATORIES**

22   **INTERROGATORY NO. 1.**

23   How many putative CLASS MEMBERS are there?

24   **INTERROGATORY NO. 2.**

25   IDENTIFY each putative CLASS MEMBER.

26   (Hereby, PROPOUNDING PARTY bypasses the ambiguity of asking RESPONDING PARTY

27   to generally identify all persons having knowledge of facts concerning such matters as hours,

28   duties, policies, procedures and tasks, in order to determine the community of interest

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 2 -
PLAINTIFFS' SPECIALLY PREPARED INTERROGATORIES, SET NO. ONE

EX. 20
199

1  requirements which embodies three factors, i.e. whether there are in this case: 1) predominant

2  common questions of law or fact, 2) class representative(s) with claims or defenses typical of the

3  class, and 3) class representative(s) who can adequately represent the proposed class(es). See

4  Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 462, 470. Further, to address any concerns

5  about privacy rights, PROPOUNDING PARTY is willing to enter a protective order keeping the

6  use of the requested information confined to this action.)

7  Dated: January 18, 2008                          LAW OFFICES OF KEVIN T. BARNES

8

9                                                    By: _____

10                                                        Kevin T. Barnes, Esq.
                                                          Gregg Lander, Esq.
                                                          Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd, Suite 1460
Los Angeles, CA
90036-5614
Tel: (323) 549-9100
Fax: (323) 549-0101

- 3 -

**PLAINTIFFS' SPECIALLY PREPARED INTERROGATORIES, SET NO. ONE**

1

# PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3     I am over the age of 18 years and not a party to this action. My business address is 5670
Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los
4 Angeles County, where the service herein occurred.

5     On the date of execution hereof, I served the attached document(s) described as:

6 **PLAINTIFFS' SPECIALLY PREPARED INTERROGATORIES, SET NO. ONE**

7     on the interested parties in this action, addressed as follows:

8 Hwannie Lee Shen, Esq.                         Joseph Antonelli, Esq.
WINSTON & STRAWN LLP                    Janelle Carney, Esq.
9 333 South Grand Avenue, 38th Floor          LAW OFFICE OF JOSEPH ANTONELLI
Los Angeles, CA 90071                        1000 Lakes Drive, Suite 450
10 Tel.: (213) 615-1700 / Fax: (213) 615-1750  West Covina, CA 91790-2918
Email: HShen@winston.com                    Tel.: (626) 917-6228 / Fax: (626) 917-7686
11                                              Email: JAntonelli@antonellilaw.com

12     using the following service method(s):

13     __X__ **VIA MAIL:** I deposited the document(s) to be served at: **5670 Wilshire Boulevard,
Los Angeles, CA,** which is a mailbox or other like facility regularly maintained by the United
14 States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on
whom the document(s) is/are to be served, at the office address as last given by that/those
15 person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of
any party served, service is presumed invalid if the postal cancellation date or postage meter date
16 is more than one (1) day after the date of deposit for mailing stated herein.

17 I DECLARE under penalty of perjury that the foregoing is true and correct.

18 Executed on **January 18, 2008,** at Los Angeles, California.

19

                                              _____
20                                                      **Gregg Lander**

21

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -
**PROOF OF SERVICE**

**EX. 20**
**201**

# EXHIBIT 2

EX. 20
202

1  JESSIE A. KOHLER (SBN 179363)
   JULIA LAPIS BLAKESLEE (SBN 199365)
2  HWANNIE L. SHEN (SBN 222342)
   AUDREY SHEN CHUI (SBN 254510)
3  WINSTON & STRAWN LLP
   333 South Grand Avenue, 38th Floor
4  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
5  Facsimile: 213-615-1750

6  Attorneys for Defendant
   SEARS, ROEBUCK AND CO.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  JOSE JIMENEZ, on behalf of himself and all      )  Case No. BC 383006
    others similarly situated,                      )
12                                                   )  Assigned to the Honorable Mel Red Recana
                   Plaintiffs,                       )
13                                                   )  **DEFENDANT SEARS, ROEBUCK AND**
           vs.                                       )  **CO.'S RESPONSES TO PLAINTIFF'S**
14                                                   )  **SPECIALLY PREPARED**
    SEARS, ROEBUCK AND CO., a New York              )  **INTERROGATORIES**
15  corporation; and DOES 1 to 100, inclusive,      )
                                                     )
16                 Defendants.                        )
                                                     )
17

18  PROPOUNDING PARTY:          Jose Jimenez

19  RESPOSPONDING PARTY:        Sears, Roebuck and Co.

20  SET NO.:                    One (T)

21

22

23

24

25

26

27

28

                                          1
── DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIALLY PREPARED INTERROGATORIES ──
LA:205588.1

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

EX. 20
203

1    Pursuant to California Code of Civil Procedure Sections 2030.210, *et seq.*, Defendant Sears,

2    Roebuck and Co. ("Defendant") hereby responds and objects to Plaintiff Jose Jimenez' ("Plaintiff")

3    First Set of Specially Prepared Interrogatories ("Special Interrogatories").

4                            **PRELIMINARY STATEMENT**

5        The following responses and objections to Plaintiff's Special Interrogatories are based upon

6    Defendant's knowledge, information, and belief at this time.  Defendant has made a reasonable and

7    good faith effort to respond.  However, Defendant has not fully completed its investigation relating

8    to the facts in this action, has not fully completed discovery in this action, and has not completed

9    preparation for trial.  The responses contained herein are based only on such information and

10   documents which are presently available and specifically known to Defendant, and disclose only

11   those contentions which presently occur to Defendant.  It is anticipated that further discovery,

12   independent investigation, legal research and analysis will supply additional facts and meaning to the

13   known facts as well as establish entirely new factual conclusions and legal conclusions, all of which

14   may lead to substantial additions to, and variations in, the contentions set forth herein.  Defendant

15   specifically reserves the right to amend these responses should additional information become

16   available and to use such information.

17       No incidental or implied admissions are intended in this response.  The fact that Defendant

18   has responded to the Special Interrogatories should not be taken as an admission that Defendant

19   accepts or admits the existence of any facts set forth or assumed by the Special Interrogatories or

20   that such response constitutes admissible evidence.  The fact that Defendant has responded to the

21   Special Interrogatories is not intended to and shall not be construed to be a waiver by Defendant of

22   all or any part of any objection to the Special Interrogatories.

23       These introductory paragraphs shall apply to the responses given herein and shall be

24   incorporated by this reference as though fully set forth in each of the following responses.

25   Defendant makes this response to the Special Interrogatories solely for the purpose of this action.

26   The response is subject to all objections as to competence, relevance, materiality, propriety,

27   admissibility, privilege, privacy, proprietary information, trade secrets and the like, and any and all

28   other objections on grounds that would require the exclusion of the response herein if such were

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2

DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIALLY PREPARED INTERROGATORIES
LA:205588.1

**EX. 20**
**204**

1    offered in court, all of which objections and grounds are reserved and may be interposed at the time

2    of trial.

3                              **GENERAL OBJECTIONS**

4        1.      Defendant objects to each Special Interrogatory to the extent it requests information

5    protected by the attorney-client privilege.  Defendant will not provide any information that is

6    protected by the attorney-client privilege.

7        2.      Defendant objects to each Special Interrogatory to the extent it requests information

8    protected by the attorney work product doctrine and/or to the extent it seeks documents and/or

9    information concerning the mental impressions, conclusions, opinions, and legal theories of

10   Defendant's counsel or of consultants retained or formally employed to assist Defendant and its

11   counsel in preparation for trial.  Defendant will not provide any information that is protected by the

12   attorney work product doctrine.

13       3.      Defendant objects to each Special Interrogatory to the extent it seeks information that

14   is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

15   discovery of admissible evidence.

16       4.      Defendant objects to each Special Interrogatory to the extent it is vague and

17   ambiguous.

18       5.      Defendant objects to each Special Interrogatory to the extent it is overbroad,

19   oppressive, burdensome, and harassing.

20       6.      Defendant objects to the Special Interrogatory collectively in that they are

21   collectively overbroad, oppressive, burdensome, and harassing.

22       7.      Defendant objects to each Special Interrogatory to the extent it requests information

23   that is repetitive and duplicative.

24       8.      Defendant objects to each Special Interrogatory to the extent it is compound,

25   conjunctive, and/or disjunctive.

26       9.      Defendant objects to each Special Interrogatory to the extent it requests information

27   protected by privacy rights.

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

---

3

DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIALLY PREPARED INTERROGATORIES

LA:205588.1

10.    Defendant objects to each Special Interrogatory to the extent it requests information that constitutes confidential proprietary and/or financial information, and/or trade secrets.

11.    Defendant objects to each Special Interrogatory to the extent it calls for an improper legal conclusion.

12.    Defendant objects to each Special Interrogatory to the extent it seeks information concerning Plaintiff which is equally available or which is already in Plaintiff's possession, and is therefore, annoying, harassing, and unreasonable.

13.    Defendant objects to the Special Interrogatories on the grounds that the discovery includes a preface or instruction and each interrogatory is not "full and complete in and of itself" in violation of California Code of Civil Procedure Section 2030.060.

Defendant provides the following responses without waiving and subject to the foregoing objections.  These objections are incorporated by reference into each response below.

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

How may putative CLASS MEMBERS are there?

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to the Special Interrogatory to the extent it is vague and ambiguous as to the term "putative class members", including to the extent that Plaintiff has defined the putative class as including people in "job positions with substantially similar titles and duties in that Division."

Without waiving and subject to the foregoing objection, the Preliminary Statement, and General Objections, Defendant responds that 268 people were employed in the job positions of "Auto Center Assistant Coach" and "Assistant Auto Center Manager" in California from December 28, 2003 to the present.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY each putative CLASS MEMBER.

(Hereby, PROPOUNDING PARTY bypasses the ambiguity of asking RESPONDING PARTY to generally identify all persons having knowledge of facts concerning such matters as hours, duties, policies, procedures and tasks, in order to determine the community of interest

4

DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIALLY PREPARED INTERROGATORIES

LA:205588.1

**EX. 20**
**206**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  requirements which embodied three factors, i.e. whether there are in this case:  1) predominant

2  common questions of law or fact, 2) class representative(s) with claims or defenses typical of the

3  class, and 3) class representative(s) who can adequately represent the proposed class(es).  See

4  Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 462, 470.  Further, to address any concerns about

5  privacy rights, PROPOUNDING PARTY is willing to enter a protective order keeping the use of the

6  requested information confined to this action.

7  **RESPONSE TO INTERROGATORY NO. 2:**

8        Defendant objects to the Special Interrogatory to the extent it is vague and ambiguous as to

9  the term "putative class members", including to the extent that Plaintiff has defined the putative class

10  as including people in "job positions with substantially similar titles and duties in that Division."

11  Defendant objects to the Special Interrogatory to the extent it is overbroad, oppressive, burdensome,

12  and harassing.  Defendant objects to the Special Interrogatory to the extent it requests information

13  protected by privacy rights and conflicts with Defendant's legal obligation to maintain the

14  confidentiality of its employee's personnel data.

15

16  Dated:  February 22, 2008                    WINSTON & STRAWN LLP
                                                 JESSIE A. KOHLER
                                                 JULIA LAPIS BLAKESLEE

17

18                                               By:

19                                                  Jessie A. Kohler
                                                    Attorneys for Defendant
20                                                 SEARS, ROEBUCK AND CO.

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

5

**EX. 20
207**

## VERIFICATION

I, Jessica Friedman, declare as follows:

I am Assistant Corporate Secretary and an authorized agent for the purpose of executing this document on behalf of Defendant Sears, Roebuck and Co.

While I do not have personal knowledge of all of the facts recited in Sears, Roebuck and Co.'s Responses to Plaintiff's Specially Prepared Interrogatories, the statements and information made herein have been collected and made available to me by counsel and employees of Sears, Roebuck and Co.; the information contained herein is true and correct to the best of my knowledge and belief and the document is, therefore, verified on behalf of Sears, Roebuck and Co.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Hoffman Estates, Illinois on February 17, 2008.

Jessica Friedman

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

LA:205614.1

EX. 20
208

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       )  ss
COUNTY OF LOS ANGELES                  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543. On February 22, 2008, I served the within document(s):

**DEFENDANT SEARS, ROEBUCK AND CO.'S RESPONSES TO PLAINTIFF'S SPECIALLY PREPARED INTERROGATORIES**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ On February 22, 2008, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing the document(s) listed above to be delivered via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

☐ by causing the document(s) listed above to be delivered via overnight delivery (United Parcel Service (UPS) to the person(s) at the address(es) set forth below.

Kevin T. Barnes, Esq.                    Joseph Antonelli, Esq.
Gregg Lander, Esq.                       Janelle Carney, Esq.
Law Offices of Kevin T. Barnes           Law Office of Joseph Antonelli
5670 Wilshire Boulevard, Suite 1460      1000 Lakes Drive, Suite 450
Los Angeles, CA  90036-5627              West Covina, CA  91790

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 22, 2008, at Los Angeles, California.

_Myrna Fuentes_
Myrna Fuentes

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

6

DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIALLY PREPARED INTERROGATORIES

LA:205588.1

**EX. 20**
**209**

# EXHIBIT 3

EX. 20
210

## Gregg Lander

| | |
|---|---|
| **From:** | Gregg Lander [lander@kbarnes.com] |
| **Sent:** | Monday, March 03, 2008 8:43 PM |
| **To:** | HShen@winston.com |
| **Cc:** | Lander@kbarnes.com; Barnes@kbarnes.com; DP; jantonelli@antonellilaw.com; jcarney@antonellilaw.com |
| **Subject:** | Sears (v. Jimenez) Discovery Set 1 |
| **Importance:** | High |

3/3/08

Re: Jimenez v. Sears

Dear Counsel,

Please allow this letter to serve as Plaintiffs' attempt to informally resolve a discovery dispute involving Defendants' responses to Plaintiffs' Special Interrogatories, Set No. 1 and Requests for Production of Documents, Set No. 1. Plaintiffs respectfully request a written response to this letter by **4:00 p.m. on March 14, 2008.** If no such response is received, Plaintiffs will assume that Defendants prefer that the Court decide this issue and will immediately thereafter prepare and file a motion to compel the requested information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

On or about January 18, 2008, Plaintiffs propounded Requests for Production of Documents ("RFPD"), Set No. One (1) upon Defendants by mail, consisting of three discovery requests.

Defendants responded to RFPD Nos. 1 and 2 by advising that Defendant "will produce" the requested documents "that it has located in its possession, custody, or control." Said responses do not conform with the Code of Civil Procedure. Please supplement with Code-compliant responses. Further, Defendants produced documents, yet did not advise which documents respond to which discovery request. Please so respond.

Defendants responded to RFPD No. 3 by stating "Defendant responds that it will meet and confer with Plaintiff regarding the scope of Plaintiff's request." We do not understand the confusion regarding the scope of our request and believe it is clearly set forth in the Request. Therefore, Plaintiffs expect Defendant to both supplement this response and immediately provide the requested documents.

## SPECIALLY PREPARED INTERROGATORIES

Also on or about January 18, 2008, Plaintiffs propounded Specially Prepared Interrogatories ("SROG"), Set No. One (1) upon Defendants by mail, consisting of two discovery requests.

Plaintiffs' SROG No. 2 states: **"IDENTIFY each putative CLASS MEMBER."** SROG No. 2 requests the name, last known residence address and last known residence telephone number of Defendants' California-based "Assistant Managers" employed in Defendant's Automotive Center Division during the relevant time period.

On or about February 22, 2008, Defendants responded to SROG No. 2 as follows:

4/20/2008

**EX. 20**

**211**

"Defendant objects to the Special Interrogatory to the extent it is vague and ambiguous as to the term "putative class members," including to the extent that Plaintiff has defined the putative class as including people in "job positions with substantially similar titles and duties in that Division." Defendant objects to the Special Interrogatory to the extent it is overbroad, oppressive, burdensome, and harassing. Defendant objects to the Special Interrogatory to the extent it requests information protected by privacy rights and conflicts with Defendant's legal obligation to maintain the confidentiality of its employee's personnel data."

Thereby, Defendants have provided no response to SROG No. 2 and Defendants' objections thereto are inappropriate for the following compelling reasons.

**PLAINTIFFS' DISCOVERY IS APPROPRIATE BECAUSE THE SCOPE OF DISCOVERY IS DIRECTLY RELEVANT TO THE SUBJECT MATTER INVOLVED**

If discovery responses are incomplete, inadequate, evasive, or the **objections are meritless or too general,** a plaintiff may bring a motion to compel further responses. Deyo v. Kilbourne (1978) 84 Cal.App.3d 771.

For the foregoing reasons, Plaintiffs believe they are entitled to the names, addresses, and telephone numbers of all of Defendants' California-based employees who are and were similarly situated to Plaintiffs herein during the relevant time period.

**California courts have reiterated that discovery provisions are to be liberally construed in favor of disclosure.** In interpreting the former Discovery Act of 1957, the Supreme Court stated in the still important seminal case of Greyhound Corp. v. Superior Court (1961) 56 Cal.2d 355, 378 that disclosure in discovery exists "as a matter of right unless statutory or public policy considerations clearly prohibit it." This concept of liberal discovery is codified in the Discovery Act of 1986. Any information that "might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement" falls within the definition of permissible discovery. Lipton v. Superior Court (1996) 48 Cal.App.4th 1599, 1611. Discovery rules are applied liberally in favor of discovery, and "(contrary to popular belief) **fishing expeditions are permissible in some cases.**" Gonzales v. Superior Court (1995) 33 Cal.App.4th 1539, 1546 (emphasis added).

Further, all doubts about discovery are resolved in favor of disclosure. Glenfed Dev. Corp. v. Superior Court (1997) 53 Cal.App.4th 1113, 1119. By making both the scope of discovery and the court's discretion to limit it very broad, the Legislature has assured that California trial courts will continue the common law tradition of flexibility in applying legal concepts to specific discovery disputes and reaching reasonable conclusions.

Plaintiffs' discovery seeks information directly relevant to the disclosure of facts supporting key contentions. (See CCP §382) Defendants' apparent goal is to deny Plaintiffs the ability to conduct discovery into Defendants' defenses in this case and thus unfairly prejudice Plaintiffs at the time of Plaintiffs' Motion for Class Certification. Plaintiffs are entitled to straightforward, non-evasive and complete discovery responses.

**Here, Plaintiffs are simply asking for the identity of putative class members, who are key fact witnesses** both for the current purposes of class certification, as well as for the trial herein. The putative class members possess unique and important knowledge of facts concerning the duties, hours, policies, procedures, and tasks, among other things, which are at the heart of this case. The names, addresses and telephone numbers of the class members are reasonably calculated to lead to the discovery of admissible evidence. Without this information, Plaintiffs are prevented from ascertaining information essential to this case. Further, Defendants have unfettered access to this same information, which fatally prejudices Plaintiffs' ability to conduct the necessary discovery.

The Court of Appeals, Second District, considered and evaluated the purpose of the statutory authorization for the discovery of the identity and location of witnesses in City of Long Beach v.

Superior Court (1976) 64 Cal.App.3d 65, when faced with the issue of whether the names and locations of witnesses are discoverable or are protected by the attorney work product privilege. The Court held:

> The legitimate interests and purposes of discovery are generally amply protected by the requirement that an adverse party is entitled to the identity and location of all persons with knowledge of relevant facts...Its basis is that persons who have relevant knowledge are not to be considered the witnesses of any particular party to the litigation. **Ensuring the availability to all parties of the right to contact** and to take depositions of these witnesses provides adequate safeguards against surprise or false testimony. Id. at 76-77 (emphasis added).

Defendants' attempt to hide the location of these individuals is inherently abhorrent to California's discovery rules. By withholding the identities of the most important witnesses, Defendants critically obstruct Plaintiffs' access to these persons. Such unilateral control over the discovery process by a party to the litigation is not what the Legislature intended. Defendants are, in essence, securing these witnesses as their own, thereby entitling Defendants to control what information is brought out in discovery.

In fact, from past experience with class certification, this Court is certainly aware that defendants often rely on declarations from the putative class members (usually current employees) in order to oppose class certification. Therefore, the Court cannot allow Defendants the opportunity to freely use this information while simultaneously seeking to bar Plaintiffs' access to the same.

Plaintiffs are entitled to this information for all the reasons expressed above as well as the facts that this information: 1) is relevant to class certification issues of commonality, typicality and numerosity; 2) is necessary for Plaintiffs to conduct an adequate precertification and/or pretrial investigation; 3) is essential for Plaintiffs to communicate with the putative class members; 4) is necessary for Plaintiffs to carry out fiduciary and ethical duties owed to the absent class members; and 5) creates no risk of prejudice to Defendants by such disclosure.

CCP §2017.010 provides in pertinent part that "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in the action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence."

As previously stated, here it is fundamental that Defendants are required to disclose the identity and location of persons having knowledge of particular relevant facts. Deyo v. Kilbourne, supra. Presently, Defendants have sole access to the putative class members. Plaintiffs are seeking the identity of these individuals in order to further Plaintiffs' investigative efforts in preparation for class certification.

As the court in Atari, Inc. v. Superior Court (1985) 166 Cal.App.3d 867 ("Atari") stated:

> "A determination 'whether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits' cannot realistically be made until the parties have had a chance to conduct reasonable investigation." Id. at p. 870.

Likewise, in Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, the plaintiffs sought customer information that the defendant claimed was confidential. The defendant objected on the grounds of relevancy and privacy. The California Supreme Court rejected that defendant's arguments, holding that the discovery of the names was relevant to the subject matter of the action. The court approved a communication to the customers, i.e., the ones who would have standing to assert a privacy objection, affording them with an opportunity to assert their interests by objecting to disclosure.

**Plaintiffs herein will suffer an immeasurable prejudice without the ability to conduct reasonable investigation in anticipation of class certification.** Plaintiffs' ability to communicate with

4/20/2008

absent class members will be effectively silenced, while Defendants will be afforded total access to the same group. All counsel are permitted fair precertification communication pursuant to Gulf Oil Co. v. Bernard (1981) 452 U.S. 89 and its progeny. Consistent with fundamental fairness, in the absence of abuse, neither party should be precluded from investigating and preparing its case for certification. Atari, supra, at 873. The Atari Court approved free, open, and fair communication between any party to the litigation and the absent class members.

By denying Plaintiffs access to the classes, Defendants seek to trump the reasoning of Atari in that the Court will have imposed upon Plaintiffs a practical gag. Tilting the playing field (in Defendants' favor) in such a manner would be fundamentally unfair.

A class representative has a right, if not an outright duty, to contact all absent class members in the course of prosecuting a class action "...to discover certain information in the possession of absent class members, or to ascertain the whereabouts of other class members, in order to show the impracticability of joinder or to refine the class to ensure certification. Absent class members may also provide additional facts concerning charges raised in the complaint." Newberg on Class Actions, Fourth Edition, 2002, §15:13.

Additionally, the late Professor Newberg also offered other legitimate reasons why class counsel may wish to communicate with absent class members prior to certification:

(1) the filing of a class complaint tolls the statute of limitations, and this information would be of value to class members who may be uncertain how they may preserve their claims;

(2) in protracted litigation, when the court does not reach an early determination of the class issues, the class counsel may wish to notify absent class members, who may have learned of the action through attendant publicity, of the status of litigation;

(3) because absent class members need not enter an appearance or intervene in the action, they are entitled to rely on the class action attorney to prosecute the litigation on their behalf;

(4) communications with absent class members are appropriate as long as they are not considered abusive within the guidelines created by Gulf Oil Co. v. Bernard. Newberg on Class Actions, Fourth Edition, 2002, §15:12.

All of the reasons enumerated above are applicable to the instant case. Without the identity of the absent class members, Plaintiffs will be unable to carry out even one of these tasks.

**Class counsel and class representatives are fiduciaries to the absent class members.** See Newberg on Class Actions, Fourth Edition, 2002, §15:3. As such, they must vigorously investigate and prosecute this action. It is only through the ability to communicate with the absent class members that the class representative and class counsel will be able to fulfill their ethical and fiduciary obligations. It is also noteworthy that Plaintiffs' interest in effectively investigating and vigorously prosecuting this action on the behalf of the absent class members outweighs any perceived intrusion into the privacy of those very same absent class members. It would be improper to gag the class representative and class counsel by sustaining Defendant's objections.

In advancing the broad latitude of discovery, CCP §2017.010 provides that "Discovery may be obtained of the identity and location of persons having knowledge of discoverable matter..." Thus, the names, home addresses, and telephone numbers which are essential locating information are authorized under this CCP section. In fact, form interrogatories requesting this particular information have been expressly approved by the California Judicial Council.

Unquestionably, the names, addresses, and telephone numbers of class members and witnesses are reasonably calculated to lead to the discovery of admissible evidence since the class certification briefings will certainly contain information from that pool of witnesses. It would be interesting to see if

Defendants would stipulate that no member of this witness pool, to wit, absent class members, will provide any declaration testimony in its class certification briefing. Absent such a stipulation this witness pool is plainly relevant for purposes of discovery.

**Defendants' interests are diametrically opposed to those of the absent class members, but Plaintiffs and Plaintiffs' counsel have an ethical and fiduciary duty to protect those absent class members.** In fact, one perspective on the relationship between the absent class and the class counsel would describe it as a "constructive attorney-client relationship." Newberg on Class Actions, Fourth Edition, 2002, §15:3. Any attempt by Defendants to "preserve the privacy rights" of the very individuals whose rights Defendants have allegedly violated is disingenuous.

Recently, the Second Appellate District confirmed parties' rights to names, addresses and telephone numbers in Parris v. Superior Court (2003) 109 Cal.App.4th 285 ("Parris"). The Appellate Court held that precertification communication with potential class members is protected by the First Amendment to the United States Constitution and remanded the court's denial of identification information, as there was no showing of potential for abuse.

## A.   DEFENDANTS' "PRIVACY" OBJECTION IS WITHOUT MERIT

Defendants object to SROG No. Two, asserting: "Defendant objects to the Special Interrogatory to the extent it requests information protected by privacy rights and conflicts with Defendant's legal obligation to maintain the confidentiality of its employee's personnel data." Said objection is without merit.

The right to privacy is not absolute; it may be abridged to accommodate a compelling interest. Moskowitz v. Superior Court (1982) 137 Cal.App.3d 313, 316; El Dorado Savings & Loan Association v. Superior Court (1987) 190 Cal.App.3d 345. One such interest is "the historically important state interest of facilitating the ascertainment of truth in connection with legal proceedings." Moskowitz, supra at 316.

The language of CCP §2017.010 is indeed broad and explicitly entitles each party to discover the identity of witnesses, which include class members. To use the right to privacy to preclude the release of the names of class members and witnesses violates the basic tenets underlying discovery. There is an expressed compelling state interest in the "ascertainment of truth" in these proceedings. That interest is particularly acute in instances such as this, in which the defendant-employer has the upper hand with respect to critical information such as the home addresses, and telephone numbers of class members/witnesses. The critical nature of this information in a case of this nature makes it that much more compelling, demanding that any minimal privacy right accorded to their location (the home addresses and telephone numbers of these persons), is outweighed by the public policy of fair and open communication - toward the ultimate goal of ascertaining the truth.

To the extent that any of these individuals continue to work at Defendants' locations, it would be impossible and improper to discuss Plaintiffs' allegations with them at work. Moreover, the discussion of personal legal matters such as this is properly conducted outside of the workplace. Plaintiffs' ability to conduct their investigation outside of Defendants' place of business not only avoids any interference with Defendants' operations but also ensures the confidentiality of the communication. Finally, with respect to those persons who are no longer employed by the company, Plaintiffs are completely without means to contact them unless Defendants provide this information.

Accordingly, Defendants' "privacy" objection is without merit.

## A.   DEFENDANTS' "VAGUE AND AMBIGUOUS" OBJECTION IS WITHOUT MERIT

Defendants object to SROG No. Two, asserting: "Defendant objects to the Special Interrogatory to the extent it is vague and ambiguous as to the term "putative class members," including to the extent that Plaintiff has defined the putative class as including people in "job positions with substantially

similar titles and duties in that Division." Said objection is without merit. Defendant has been able to respond to Special Interrogatory No. 1, with a number certain of the employees at issue. Therefore, Defendant can ascertain for which individuals Plaintiffs seek the identity.

## A.   DEFENDANTS' "OVERBROAD, OPPRESSIVE, BURDENSOME AND HARASSING" OBJECTION IS WITHOUT MERIT

Defendants object to SROG No. Two, asserting: "Defendant objects to the Special Interrogatory to the extent it is overbroad, oppressive, burdensome, and harassing." Said objection is without merit.

The production of information sought by this discovery is no more than what is necessary for Plaintiffs to conduct an investigation and prepare this case for certification and/or trial. As discussed infra, courts have upheld the disclosure of more information than presently sought. Further, it is absurd to consider a request for contact information for putative class members in a class action wage and hour lawsuit as excessive. Accordingly, Defendants' "burdensome and oppressive" objection is without merit.

As previously advised, if a response to this meet and confer letter, preferably consisting of Defendants' supplemental response to the requested information, is not received in Plaintiffs' counsel's office by 4:00 p.m. on March 14, 2008, this letter shall serve as Defendants' notice that Plaintiffs will immediately thereafter begin to prepare the appropriate motion to compel the requested information.

Should you have any questions or concerns about this matter, please do not hesitate to contact our office. Thank you in advance for your anticipated cooperation and consideration.

Regards,
Gregg Lander

---------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5627
Ph: (323) 549-9100 / Fax: (323) 549-0101
Email: Lander@kbarnes.com
Web: www.kbarnes.com
---------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

## Gregg Lander

| | |
|---|---|
| **From:** | Gregg Lander [lander@kbarnes.com] |
| **Sent:** | Thursday, March 27, 2008 6:17 PM |
| **To:** | JBlakeslee@winston.com |
| **Cc:** | Lander@kbarnes.com; Barnes@kbarnes.com; DP; jantonelli@antonellilaw.com; jcarney@antonellilaw.com |
| **Subject:** | Sears M&C re Discovery Set 1 |

3/27/08

Re: Jimenez v. Sears

Counsel,

We have received and reviewed your March 14, 2008 letter in response to my March 3, 2008 letter regarding Plaintiff's first set of discovery, and respond as follows:

Regarding RFPD 1 and 2, Defendant's response does not comply with the CCP in that Defendant states that it produced documents "that it has located in its possession, custody, or control." Please review CCP 2031.210, which requires you to advise whether you are complying with the demand, and if not, a statement in compliance with CCP 2031.220 and/or CCP 2031.230. Here, Defendant's response is unclear as to whether any documents that Defendant attempted to locate never existed, were destroyed, have been lost, misplaced, etc. Please provide a CCP-compliant response.

Further, while you are correct that documents may be produced as they are kept in the usual course of business, etc., pursuant to CCP 2031.280(a), this is with regard to each request, not all requests. In short, Defendant cannot simply dump documents on Plaintiff and expect Plaintiff to figure out which documents respond to which request. Please so advise.

Regarding RFPD #3, the request is certainly not improper, and in fact is an extremely standard and commonplace request in this type of litigation. We are willing to consider an appropriate confidentiality agreement if Defendant will respond to this RFPD. Please forward the same.

Regarding SROG #2, the putative class members' right to privacy is not absolute and must be balanced against Plaintiff's right to investigate his claims. In order to alleviate Defendant's concern for the putative class members' interests, we are willing to also enter a protective order that will ensure that the requested information will only be utilized for this litigation. Please advise if this is acceptable, and if so, forward the same.

Given that our deadline to move to compel this information is fast approaching on April 11, 2008, we ask for a reply to this correspondence by 4:00 p.m. on 4/2/08. If we do not so hear, we will assume that you wish the Court to intervene.

Regards,
Gregg Lander

---------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES

4/20/2008

EX. 20
217

5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5627
Ph: (323) 549-9100 / Fax: (323) 549-0101
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

4/20/2008

# WINSTON & STRAWN LLP

<table>
<tr><td>35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703</td><td rowspan="5">38TH FLOOR<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543<br><br>(213) 615-1700<br>———<br>FACSIMILE (213) 615-1750<br>———<br>www.winston.com</td><td>200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193</td></tr>
<tr><td>43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND</td><td>25 AVENUE MARCEAU<br>75116 PARIS, FRANCE</td></tr>
<tr><td>99 GRESHAM STREET<br>LONDON EC2V 7NG</td><td>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894</td></tr>
<tr><td>WRITER'S DIRECT DIAL NUMBER</td><td>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817</td></tr>
<tr><td>(213) 615-1803<br>jblakeslee@winston.com</td></tr>
</table>

April 2, 2008

**VIA FACSIMILE & U.S. MAIL**
Gregg Lander
Law Offices of Kevin T. Barnes
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA  90036-5627

       Re:    **Jimenez v. Sears**

Dear Mr. Lander:

This is in response to the e-mail that you sent me on March 27, 2008. As I requested in my March 14 letter, please address all correspondence to me *and* Jessie Kohler. Also, please send your correspondence via facsimile or U.S. mail, as we receive a large volume of e-mail and it is easy to inadvertently delete an e-mail or miss it because it goes to a junk mail folder.

With respect to Request for Production Nos. 1 and 2, as stated in my prior letter, Defendant has produced all documents in its custody, possession or control to which no objection was made. Furthermore, we are not aware of any issues in locating documents responsive to your requests. If you insist upon amended responses to this effect, let us know and we will provide them. Please note, however, that the revised responses will not change the substance of the original responses, i.e. that Defendant has already agreed to produce all responsive documents in its custody, possession or control.

As for Defendant's duties under Code of Civil Procedure section 2031.280(a), we stand by our position that Defendant has already complied with the statute.

Regarding Request for Production No. 3, as set forth in my previous letter, we believe that the request is improper but are nevertheless willing to produce documents evidencing the hours that plaintiff worked, subject to an appropriate confidentiality agreement. A draft Stipulated Confidentiality and Protective Order is enclosed.

Finally, since your e-mail does not address our inquiry about whether you have obtained the consent of any current or former Sears employees to the disclosure of their personal

LA:209481.1

**EX. 20**
**219**

WINSTON & STRAWN LLP

Gregg Lander
April 2, 2008
Page 2

information, we assume that you have not done so and therefore may not provide such information in response to Interrogatory No. 2 in the absence is a court order.

Best regards,

Julia Lapis Blakeslee

Enclosure
cc: Jessie Kohler

LA:209481.1

EX. 20
220

**Gregg Lander**

| | |
|---|---|
| **From:** | Gregg Lander [lander@kbarnes.com] |
| **Sent:** | Thursday, April 03, 2008 3:07 PM |
| **To:** | JBlakeslee@winston.com; JKohler@winston.com |
| **Cc:** | Lander@kbarnes.com; Barnes@kbarnes.com; DP; jantonelli@antonellilaw.com; jcarney@antonellilaw.com |
| **Subject:** | Sears (v. Jimenez) Meet and Confer re Discovery Set 1 |

4/3/08

Re: Jimenez v. Sears

Counsel,

We have received your April 2, 2008 letter regarding the above-referenced matter and respond as follows.

As a preliminary matter, I appreciate that you prefer fax or mail. I, however, prefer email and that is how I intend to correspond. Regarding Ms. Kohler, I meant no disrespect; I simply was not provided with her email address. I will be happy to copy Ms. Kohler on all emails, have researched her email address, and copy her here.

Re: RFPD 1 & 2, please serve CCP-compliant supplemental responses.

Re: RFPD 3, please send a copy of the Stipulated Confidentiality and Protective Order in Word/WP so I can review and revise as necessary; if I have revisions, I will provide you with a redline version.

Regarding SROG 2, I assume you are hinting that you would like to send a privacy notice by way of a third party administrator. Although we believe that class members' privacy rights are not absolute, as an attempt to meet and confer in good faith toward an informal resolution of this discovery dispute, we are willing to consider such a privacy notice. However, we would only agree to such a mailing if the parties split the cost 50-50 and Defendant agrees that only Plaintiff's counsel will be provided with the list of individuals who do not opt-out of disclosure of their name, address and phone number. Please so advise if these are acceptable terms and if so, I will draft a notice to send to the class. As our motion to compel is a week away, we ask that you so advise by 4:00 p.m. tomorrow, April 4, 2008.

Thank you in advance for your consideration.

Regards,
Gregg Lander

------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5627
Ph: (323) 549-9100 / Fax: (323) 549-0101
Email: Lander@kbarnes.com
Web: www.kbarnes.com
------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

4/20/2008

**EX. 20**
**221**

## Gregg Lander

| | |
|---|---|
| **From:** | Gregg Lander [lander@kbarnes.com] |
| **Sent:** | Thursday, April 17, 2008 7:37 PM |
| **To:** | 'lander@kbarnes.com'; 'JKohler@winston.com' |
| **Cc:** | 'Barnes@kbarnes.com'; 'DP'; 'jantonelli@antonellilaw.com'; 'jcarney@antonellilaw.com'; 'Chui, Audrey Shen'; 'DP' |
| **Subject:** | RE: Sears (v. Jimenez) Meet and Confer re Discovery Set 1 |
| **Importance:** | High |

Counsel,

As we received no response from you, please be advised that we will file our Motion to Compel on Monday. We will be requesting from the Court the entire class list, without the need for any privacy notice.

If you wish to reconsider your position regarding "opt-in" versus "opt-out," please so advise.

Regards,
Gregg Lander

---

**From:** Gregg Lander [mailto:lander@kbarnes.com]
**Sent:** Wednesday, April 16, 2008 3:37 PM
**To:** JKohler@winston.com
**Cc:** Barnes@kbarnes.com; 'DP'; jantonelli@antonellilaw.com; jcarney@antonellilaw.com; 'Chui, Audrey Shen'; Lander@kbarnes.com; 'Blakeslee, Julia Lapis'
**Subject:** RE: Sears (v. Jimenez) Meet and Confer re Discovery Set 1

I believe you are correct that names, addresses and telephone numbers is the only issue re: SROG1.

If I understand your proposal, you are saying that you would agree to an "opt-in" notice but not an "opt-out" notice. If so, obviously that is directly opposite to California law as set forth in <u>Pioneer</u> and <u>Belaire-West</u>. As such, we cannot agree.

Please advise if you will agree to an "opt-out" notice. Otherwise, we will move to compel the entire list, without any privacy notice.

Regards,
Gregg Lander

---

**From:** Kohler, Jessie A. [mailto:JKohler@winston.com]
**Sent:** Wednesday, April 16, 2008 3:23 PM
**To:** 'lander@kbarnes.com'
**Cc:** Barnes@kbarnes.com; 'DP'; jantonelli@antonellilaw.com; jcarney@antonellilaw.com; Chui, Audrey Shen
**Subject:** RE: Sears (v. Jimenez) Meet and Confer re Discovery Set 1

Gregg:

I believe the only outstanding issue is with regard to the disclosure of names and addresses -- the other issues were addressed in correspondence to you and we are preparing amended responses to the first set of interrogatories as agreed.  Please let me know if that is incorrect.

With regard to the disclosure of names and addresses, we would be willing to agree to a notice to the putative class in which they may consent to the disclosure of the information.  However, we will not agree to a notice that requires an affirmative objection by the putative class. Please let us know your response to this proposal.  Jessie

---

**From:** Gregg Lander [mailto:lander@kbarnes.com]
**Sent:** Wednesday, April 16, 2008 2:43 PM
**To:** Kohler, Jessie A.; Blakeslee, Julia Lapis
**Cc:** Barnes@kbarnes.com; 'DP'; jantonelli@antonellilaw.com; jcarney@antonellilaw.com; Lander@kbarnes.com
**Subject:** RE: Sears (v. Jimenez) Meet and Confer re Discovery Set 1
**Importance:** High

Counsel,

We have not received a substantive response to my 4/3/08 email regarding Plaintiff's Special Interrogatories, Set No. 1.

Plaintiff's deadline to move to compel this information is 4/21/08. Therefore, unless we hear from you by 3:00 p.m. tomorrow, 4/17/08 regarding reaching some agreement on this issue, we will assume that a motion to compel is necessary to resolve this dispute.

Please be advised that we are also not interested in any further continuance of our motion deadline, and wish to move this matter forward.

Pursuant to your request, I will also fax this email to Ms. Kohler, as it contains a deadline within which to respond.

Thank you for your consideration.

Regards,
Gregg Lander

---

**From:** Kohler, Jessie A. [mailto:JKohler@winston.com]
**Sent:** Monday, April 07, 2008 3:14 PM
**To:** 'lander@kbarnes.com'; Blakeslee, Julia Lapis
**Cc:** Barnes@kbarnes.com; 'DP'; jantonelli@antonellilaw.com; jcarney@antonellilaw.com
**Subject:** RE: Sears (v. Jimenez) Meet and Confer re Discovery Set 1

Gregg:

We are looking into your last proposal and will get back to you.  We are fine with extending the motion to compel deadline.  Let's say April 21?  I should be able to let you know in the next several days.  Thanks, Jessie

4/20/2008

EX. 20
223

**From:** Gregg Lander [mailto:lander@kbarnes.com]
**Sent:** Monday, April 07, 2008 3:10 PM
**To:** lander@kbarnes.com; Blakeslee, Julia Lapis; Kohler, Jessie A.
**Cc:** Barnes@kbarnes.com; 'DP'; jantonelli@antonellilaw.com; jcarney@antonellilaw.com
**Subject:** RE: Sears (v. Jimenez) Meet and Confer re Discovery Set 1
**Importance:** High

Counsel,

Pursuant to the below email, we requested that Defendant respond by 4:00 p.m. on April 4, 2008. As far as I know, no such response was received.

Please be advised that if we do not hear from you by 4:00 p.m. today regarding this issue, we see no choice but to file a Motion to Compel. Although I believe it is in the best interest of the parties to continue to meet and confer on this issue, Plaintiff has a deadline to file said Motion to Compel of April 11, 2008. Of course if you wish to briefly continue this deadline to facilitate the meet and confer, we will agree to the same.

Please advise.

Regards,
Gregg Lander

---

**From:** Gregg Lander [mailto:lander@kbarnes.com]
**Sent:** Thursday, April 03, 2008 3:07 PM
**To:** JBlakeslee@winston.com; JKohler@winston.com
**Cc:** Lander@kbarnes.com; Barnes@kbarnes.com; DP; jantonelli@antonellilaw.com; jcarney@antonellilaw.com
**Subject:** Sears (v. Jimenez) Meet and Confer re Discovery Set 1

4/3/08

Re: Jimenez v. Sears

Counsel,

We have received your April 2, 2008 letter regarding the above-referenced matter and respond as follows.

As a preliminary matter, I appreciate that you prefer fax or mail. I, however, prefer email and that is how I intend to correspond. Regarding Ms. Kohler, I meant no disrespect; I simply was not provided with her email address. I will be happy to copy Ms. Kohler on all emails, have researched her email address, and copy her here.

Re: RFPD 1 & 2, please serve CCP-compliant supplemental responses.

Re: RFPD 3, please send a copy of the Stipulated Confidentiality and Protective Order in Word/WP so I can review and revise as necessary; if I have revisions, I will provide you with a redline version.

4/20/2008

**EX. 20**
**224**

Regarding SROG 2, I assume you are hinting that you would like to send a privacy notice by way of a third party administrator. Although we believe that class members' privacy rights are not absolute, as an attempt to meet and confer in good faith toward an informal resolution of this discovery dispute, we are willing to consider such a privacy notice. However, we would only agree to such a mailing if the parties split the cost 50-50 and Defendant agrees that only Plaintiff's counsel will be provided with the list of individuals who do not opt-out of disclosure of their name, address and phone number. Please so advise if these are acceptable terms and if so, I will draft a notice to send to the class. As our motion to compel is a week away, we ask that you so advise by 4:00 p.m. tomorrow, April 4, 2008.

Thank you in advance for your consideration.

Regards,
Gregg Lander

------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5627.
Ph: (323) 549-9100 / Fax: (323) 549-0101
Email: Lander@kbarnes.com
Web: www.kbarnes.com
------------------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5627
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Joseph Antonelli, Esq. (#137039)
Janelle Carney, Esq. (#201570)
LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
West Covina, CA 91790-2918
Tel.: (626) 917-6228 / Fax: (626) 917-7686
Email: JAntonelli@antonellilaw.com

Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED

| | |
|---|---|
| JOSE JIMENEZ, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>SEARS, ROEBUCK AND CO., a New York corporation; and DOES 1 to 100, inclusive,<br><br>     Defendants. | Case No.: BC383006<br>Dept.:    45<br>Honorable: Mel Red Recana<br><br>**Hearing:**<br>**Date:  June 6, 2008**<br>**Time:  8:30 a.m.**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**<br><br>Action Filed: December 28, 2007 |

On June 6, 2008 at 8:30 a.m. or as soon thereafter as the matter could be heard, in

Department 45 of the above-titled Court, the Honorable Mel Red Recana presiding, Plaintiff's

Motion to Compel Response to Plaintiff's Special Interrogatories, Set No. One (1), Interrogatory

No. Two, came on regularly for hearing. All parties were present and represented by counsel.

Good cause having been shown therefore, IT IS ORDERED THAT:

1.    Plaintiffs' Motion is GRANTED in its entirety. The requested information will be

delivered to Plaintiffs' counsel within twenty (20) days

- 1 -

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

**EX. 20**

**226**

1    2.    It is further Ordered as follows:

2

3

4

5

6    DATED: _____    _____

7                                    Judge of the Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.:(323) 549-9100
Fax:(323) 549-0101

- 2 -

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSE TO PLAINTIFFS'
SPECIAL INTERROGATORIES, SET NO. ONE (1), INTERROGATORY NO. TWO**

EX. 20
227

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5627
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Joseph Antonelli, Esq. (#137039)
   Janelle Carney, Esq. (#201570)
6  LAW OFFICE OF JOSEPH ANTONELLI
   1000 Lakes Drive, Suite 450
7  West Covina, CA 91790-2918
   Tel.: (626) 917-6228 / Fax: (626) 917-7686
8  Email: JAntonelli@antonellilaw.com

9  Attorneys for Plaintiff, JOSE JIMENEZ, on behalf of himself and all others similarly situated,

10         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11   **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT-UNLIMITED**

12  | JOSE JIMENEZ, on behalf of himself and all others similarly situated, | ) | Case No.: BC383006 |
    |---|---|---|
    
    JOSE JIMENEZ, on behalf of himself and all others similarly situated,  ) Case No.: BC383006
                                                                           ) Dept.:    45
                                                                           ) Honorable: Mel Red Recana
13
            Plaintiffs,                                                     )
14                                                                         ) **Hearing:**
               v.                                                          ) **Date: June 6, 2008**
15                                                                         ) **Time: 8:30 a.m.**
    SEARS, ROEBUCK AND CO., a New                                          )
16  York corporation; and DOES 1 to 100,                                   ) **CLASS ACTION**
    inclusive,                                                             )
17                                                                         ) **PROOF OF SERVICE**
            Defendants.                                                    )
18  _____ ) Action Filed: December 28, 2007

19  ///

20  ///

21  ///

22

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -
**PROOF OF SERVICE**

EX. 20
228

1

<strong><u>PROOF OF SERVICE</u></strong>

2
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
    I am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los Angeles County, where the service herein occurred.

4

5
    On the date of execution hereof, I served the attached document(s) described as:

6
    **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET NO. ONE (1); INTERROGATORY NO. 2; DECLARATION OF GREGG LANDER IN SUPPORT THEREOF; SEPARATE STATEMENT IN SUPPORT THEREOF; [PROPOSED] ORDER**

7

8

9
    on the interested parties in this action, addressed as follows:

10
Jessie A. Kohler, Esq.              Joseph Antonelli, Esq.
WINSTON & STRAWN LLP       Janelle Carney, Esq.

11
333 South Grand Avenue, 38th Floor   LAW OFFICE OF JOSEPH ANTONELLI
Los Angeles, CA 90071           1000 Lakes Drive, Suite 450

12
Tel.: (213) 615-1700 / Fax: (213) 615-1750  West Covina, CA 91790-2918
Email: HShen@winston.com       Tel.: (626) 917-6228 / Fax: (626) 917-7686

13
Email: JAntonelli@antonellilaw.com

14
    using the following service method(s):

15
   __X__  **VIA MAIL:** I deposited the document(s) to be served at: **5670 Wilshire Boulevard, Los Angeles, CA,** which is a mailbox or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing stated herein.

16

17

18

19
I DECLARE under penalty of perjury that the foregoing is true and correct.

20
Executed on **May 9, 2008,** at Los Angeles, California.

21

22
_____<br><strong>David Pham</strong>

23

24

25

26

27

28

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 2 -<br><strong>PROOF OF SERVICE</strong>