1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  Jose Jimenez,                    ) Case No. **CV 10-1383-JFW (JEMx)**
                                     )
12                     Plaintiff,    ) **STANDING ORDER**
                                     )
13          v.                       )
                                     )
14  Sears Roebuck and Co., et        )
    al.,                             )
15                                   )
                       Defendants.   )
16  _____ )

17       **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND**

18  **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19       This action has been assigned to the calendar of Judge

20  John F. Walter.  Both the Court and counsel bear

21  responsibility for the progress of litigation in Federal

22  Court.  To secure the just, speedy, and inexpensive

23  determination of every action, all counsel are ordered to

24  familiarize themselves with the Federal Rules of Civil

25  Procedure, the Local Rules of the Central District of

26  California, the General Orders of the Central District and

27  the Judge's Procedures and Schedules found on the website

28

for the United States District Court for the Central District of California (www.cacd.uscourts.gov).

IT IS HEREBY ORDERED:

**1.   Service of the Complaint**: The plaintiff shall promptly serve the Complaint in accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of service pursuant to the Local Rules. **The plaintiff is hereby notified that failure to serve the Complaint within 120 days as required by Fed.R.Civ.P. 4(m) will result in the dismissal of the Complaint against the unserved defendant(s).**

**2.   Presence of Lead Counsel**: Lead trial counsel shall attend all proceedings before this Court, including all scheduling, status, and settlement conferences.  Only ONE attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.

**3.   Electronic Filing and Courtesy Copies:**

(a) Within ten days of a party's initial appearance, lead trial counsel shall file a declaration entitled, "Declaration of Lead Trial Counsel re: Compliance with General Order 07-08" which shall notify the Court that counsel has registered as an "ECF User."  The declaration shall include counsel's "E-Mail Address of Record" and shall state whether counsel has consented or elected not to consent to service and receipt of filed documents by electronic means.

If counsel has not consented to the service and receipt of filed documents by electronic means, counsel shall immediately file and serve via U.S. Postal Service on all parties who have appeared in the action a Notice advising all

parties that counsel has elected not to consent to electronic service of documents in this action.

Any counsel who elects not to accept service or receipt of documents by electronic means shall be required to serve all documents in the action via U.S. Postal Service.

(b) All documents that are required to be filed in an electronic format pursuant to General Order No. 08-02 shall be filed electronically no later than 4:00 p.m. on the date due unless otherwise ordered by the Court.  Any documents filed electronically after 4:00 p.m. on the date due will be considered late and may be stricken by the Court.  Any documents which counsel attempt to file electronically which are improperly filed <u>will not</u> be accepted by the Court.

(c) Counsel are ORDERED to deliver **2 courtesy copies** of all documents filed electronically in this action to Chambers.  For each document filed electronically, one courtesy copy shall be marked "CHAMBERS COPY" and the other shall be marked "COURTESY COPY."  On the first page of each courtesy copy, in the space between lines 1 - 7 to the right of the center, counsel shall include the date the document was e-filed and the document number.  The courtesy copies shall be delivered to Chambers no later than 10:00 a.m. on the next business day after the document was electronically filed.  All documents must be stapled or bound by a two prong fastener, and all Exhibits to Declarations or Request for Judicial Notice must be tabbed.  The "COURTESY COPY" of all Motions must be three-hole punched at the left margin with oversized 13/22" hole size, not the standard 9/32" hole size.

1    (d) For any document that is not required to be filed

2    electronically, counsel are ORDERED to deliver 1 conformed

3    courtesy copy of the document to Chambers **at the time of**

4    **filing**.

5    (e)  If the Court has granted an application to file

6    documents under seal, the Court's courtesy copies shall

7    include a complete version of the documents including any

8    sealed documents with an appropriate notation identifying

9    that portion of the document that has been filed under seal.

10   For example, if the Court orders Ex. A to a Declaration filed

11   under seal, the Court's courtesy copies of the Declaration

12   should include Ex. A as an attachment with a notation that it

13   was been filed under seal pursuant to the Court's order.

14   (f) When a proposed order accompanies an electronic

15   filing, a WordPerfect or Word copy of the proposed order,

16   along with a copy of the PDF electronically filed main

17   document shall be e-mailed to JFW_Chambers@cacd.uscourts.gov.

18   The subject line of the e-mail shall be in the following

19   format: court's divisional office, year, case type, case

20   number, document control number assigned to the main document

21   at the time of filing, judge's initials and filer (party)

22   name.  Failure to comply with this requirement may result in

23   the denial or striking of the request or the Court may

24   withhold ruling on the request until the Court receives the

25   required documents.

26   **4.   Discovery:**

27   (a) All discovery matters have been referred to a United

28   States Magistrate Judge.  (The Magistrate Judge's initials

4

follow the Judge's initials next to the case number.)  All
discovery documents must include the words "DISCOVERY MATTER"
in the caption to ensure proper routing.  Counsel are
directed to contact the Magistrate Judge's Courtroom Deputy
Clerk to schedule matters for hearing.

All decisions of the Magistrate Judge shall be final,
subject to modification by the District Court only where it
is shown that the Magistrate Judge's Order is clearly
erroneous or contrary to law.  Any party may file and serve a
motion for review and reconsideration before this Court.  The
moving party must file and serve the motion within fourteen
calendar days of service of a written ruling or within
fourteen calendar days of an oral ruling that the Magistrate
Judge states will not be followed by a written ruling.  The
motion must specify which portions of the ruling are clearly
erroneous or contrary to law and support the contention with
a memorandum of points and authorities.  Counsel shall
deliver a courtesy copy of the moving papers and responses to
the Magistrate Judge.

(b) Unless there is a likelihood that upon motion by a
party the Court would order that any or all discovery is
premature, counsel should begin to actively conduct discovery
before the Fed.R.Civ.P. 26(f) conference because at the
Scheduling Conference the Court will impose tight deadlines
to complete discovery.

**5.  <u>Motions</u>:**

**(a) Time for Filing and Hearing Motions:** Motions shall be
filed in accordance with the Local Rules.  This Court hears

motions on **Mondays commencing at 1:30 p.m.**  Once a party has
noticed a motion for hearing on a particular date, the
hearing shall not be continued without leave of Court.  No
supplemental briefs shall be filed without leave of Court.
Courtesy copies shall be provided to the Court in accordance
with paragraph 3 of this Order.  No motion shall be noticed
for hearing for more than 35 calendar days after service of
the motion unless otherwise ordered by the Court.  Documents
not filed in compliance with the Court's requirements will
not be considered by the Court.

Many motions to dismiss or to strike could be avoided if
the parties confer in good faith (as they are required to do
under the Local Rules)[1] especially for perceived defects in a
Complaint, Answer, or Counterclaim which could be corrected
by amendment.  *See, e.g., Eminence Capital, LLC v. Aspeon,
Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a motion to
dismiss is granted, a district court should provide leave to
amend unless it is clear that the Complaint could not be
saved by any amendment).  The Ninth Circuit requires that
this policy favoring amendment be applied with "extreme
liberality."  *Morongo Band of Mission Indians v. Rose*, 893
F.2d 1074, 1079 (9th Cir. 1990).

---

[1]  Among other things, Local Rule 7-3 requires counsel to
engage in a pre-filing conference "to discuss thoroughly. . .
the substance of the contemplated motion and any potential
resolution." Counsel should discuss the issues with
sufficient detail so that if a motion is still necessary, the
briefing may be directed to those substantive issues
requiring resolution by the Court. Counsel should resolve
minor procedural or other nonsubstantive matters during the
conference.

1   These principles require counsel for the plaintiff to
2   carefully evaluate the defendant's contentions as to the
3   deficiencies in the Complaint, and in many instances, the
4   moving party should agree to any amendment that would cure a
5   curable defect.
6       In the event the Court grants a motion to dismiss without
7   prejudice to re-filing an amended complaint, the plaintiff
8   shall file an amended complaint within the time period
9   specified by the Court.  A redlined version of the amended
10  complaint shall be delivered to chambers indicating all
11  additions and deletions to the prior version of the
12  complaint.  If no time period is specified by the Court, the
13  plaintiff shall file an amended complaint within ten calendar
14  days of the date of the order granting the plaintiff leave to
15  file an amended complaint.  Failure to file an amended
16  complaint within the time allotted will result in the
17  dismissal of the action with prejudice.
18      In addition to the requirements of the Local Rules, all
19  motions to amend the pleadings shall: (1) state the effect of
20  the amendment; (2) be serially numbered to differentiate the
21  amendment from previous amendments; and (3) state the page,
22  line number(s), and wording of any proposed change or
23  addition of material.
24      The parties shall deliver to Chambers a redlined version
25  of the proposed amended pleading indicating all additions
26  and/or deletions of material.
27      **(b) Length and Format of Motion Papers: Memoranda of**
28  **Points and Authorities in support of or in opposition to**

**motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.**  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.  Courtesy copies of all evidence in support of or in opposition to a motion, including declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the page.  If evidence in support of or in opposition to a motion exceeds twenty pages, the courtesy copies of the evidence must be in separately bound volumes and include a Table of Contents.  If such evidence exceeds fifty pages, the Court's courtesy copies of such evidence shall be placed in a slant D-ring binder with each item of evidence separated by a tab divider on the right side.  All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

**Typeface shall comply with the Local Rules. NOTE: If Times Roman is used, the font size must be no less than 14; if Courier is used, the font size must be no less than 12.** Footnotes shall be in the same typeface and font size as the text and shall be used sparingly.

Documents which do not conform to the Local Rules and this Order will not be considered.

**(c) Citations to Case Law:** Citations to case law **must** identify not only the case being cited, but the specific page referenced.

**(d) Citations to Other Sources:** Statutory references should identify, with specificity, which sections and

subsections are being referenced (*e.g.*, Jurisdiction over
this claim for relief may appropriately be found in 47 U.S.C.
§ 33, which grants the district courts jurisdiction over all
offenses of the Submarine Cable Act, whether the infraction
occurred within the territorial waters of the United States
or on board a vessel of the United States outside said
waters).  Statutory references which do not specifically
indicate the appropriate section and subsection (*e.g.*,
Plaintiffs allege conduct in violation of the Federal
Electronic Communication Privacy Act, 18 U.S.C. § 2511, *et
seq.*) are to be **avoided**.  Citations to treatises, manuals,
and other materials should similarly include the volume and
the section referenced.

   **(e)  Proposed Orders:** Each party filing or opposing a
motion or seeking the determination of any matter shall
prepare and submit to the Court a separate Proposed Order in
accordance with General Order 08-02.  The Proposed Order
shall set forth the relief or action sought and a brief
statement of the rationale for the decision with appropriate
citations.
**Caveat:  Failure to respond to any motion shall be deemed by
the Court as consent to the granting of the motion.  *See*
Local Rules.**

   **6.  Ex Parte Applications:**  Ex parte applications are
solely for extraordinary relief.  *See Mission Power Eng'g Co.
v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).
Applications that fail to conform with the Local Rules,
including a statement of opposing counsel's position, will

1  not be considered.  In addition to electronic service, the

2  moving party shall immediately serve the opposing party by

3  fax or hand service and shall notify the opposing party that

4  any opposition must be filed not later than twenty-four hours

5  after the filing of the ex parte application.  If counsel do

6  not intend to oppose the ex parte application, counsel must

7  inform the Courtroom Deputy Clerk by e-mail or telephone.

8  The Court considers ex parte applications on the papers and

9  usually does not set the matters for hearing.  Courtesy

10  copies of all moving, opposition, or non-opposition papers

11  shall be provided to the Court in accordance with paragraph 3

12  of this Order.  The Courtroom Deputy Clerk will notify

13  counsel of the Court's ruling or a hearing date and time, if

14  the Court determines a hearing is necessary.

15     **7.   Applications or Stipulations to Extend the Time to**

16  **File any Required Document or to Continue Any Date:** No

17  applications or stipulations extending the time to file any

18  required document or to continue any date are effective until

19  and unless the Court approves them.  Both applications and

20  stipulations must set forth:

21       (a)  the existing due date or hearing date, as well

22  as all dates set by the Court in the Scheduling and Case

23  Management Order, including the discovery cut-off date, the

24  Pre-Trial Conference date, and the Trial date;

25       (b) the new dates proposed by the parties;

26       (c) specific, concrete reasons supporting good cause

27  for granting the extension; and

28

1    (d) whether there have been prior requests for
2 extensions by any party, and whether those requests were
3 granted or denied by the Court.

4    All applications and stipulations must be accompanied by
5 a separate and independent proposed order which must be
6 submitted to the Court in accordance with General Order 08-
7 02.  Failure to submit a separate proposed order may result
8 in the denial of the application or stipulation or the Court
9 may withhold ruling on the application or stipulation until
10 the Court receives a separate proposed order.

11    **8.   <u>TROs and Injunctions</u>:** Parties seeking emergency or
12 provisional relief shall comply with Fed.R.Civ.P.65 and the
13 Local Rules.  The Court will not rule on any ex parte
14 application for such relief for at least twenty-four hours
15 after the filing of the ex parte application; a party may
16 file opposing or responding papers in the interim.  Courtesy
17 copies shall be provided to the Court in accordance with
18 paragraph 3 of this Order.

19    **9.   <u>Proposed Protective Orders and Filings Under Seal</u>:**
20    Protective orders pertaining to discovery must be
21 submitted to the assigned Magistrate Judge.  Proposed
22 protective orders should not purport to allow, without
23 further order of Court, the filing under seal of pleadings or
24 documents filed in connection with a hearing or trial before
25 the Court.  The existence of a protective order does not
26 alone justify the filing of pleadings or other documents
27 under seal, in whole or in part.

28

1    An application to file documents under seal must meet the
2    requirements of the Local Rules and shall be limited to three
3    documents by a party.  The application to file documents
4    under seal should not be filed under seal.  There is a strong
5    presumption of the public's right of access to judicial
6    proceedings and records in civil cases.  In order to overcome
7    the presumption in favor of access, the movant must
8    demonstrate compelling reasons (as opposed to good cause) for
9    the sealing if the sealing is requested in connection with a
10   dispositive motion or trial, and the relief sought shall be
11   narrowly tailored to serve the specific interest sought to be
12   protected.  *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106
13   (9th Cir. 2009), *Kamakana v. City and County of* Honolulu, 447
14   F.3d 1172 (9th Cir. 2006), Foltz *v. State Farm Mut. Auto.*
15   *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

16   For each document or other type of information sought to
17   be filed under seal, the party seeking protection must
18   articulate compelling reasons supported by specific facts or
19   legal justification that the document or type of information
20   should be protected.  The facts supporting the application to
21   file documents under seal must be provided by a declaration.
22   Documents that are not confidential or privileged in their
23   entirety will not be filed under seal if the confidential
24   portions can be redacted and filed separately.  The
25   application to file documents under seal should include an
26   explanation of why redaction is not feasible.

27   If a party wishes to file a document that has been
28   designated confidential by another party, the submitting

1  party must give any designating party five calendar days

2  notice of intent to file.  If the designating party objects,

3  it should notify the submitting party and file an application

4  to file documents under seal within two court days.

5      If the parties anticipate requesting the Court to file

6  more than three documents under seal in connection with any

7  motion, they shall identify all such documents that will be

8  required to support and oppose the motion during the Local

9  Rule 7-3 conference.  The parties shall then meet and confer

10  in order to determine if the documents satisfy the

11  "compelling need" standard for "sealing" each document.

12  Thereafter, the parties shall file a joint application and

13  lodge a proposed order to file under seal all such documents

14  with the required showing as to each document.  The joint

15  application shall be filed promptly so that the Court may

16  rule on the application before the filing date for the

17  motion.  The parties shall not file any pleadings containing

18  documents they have requested the Court to file under seal

19  until the Court acts on the application to file under seal.

20      If an application to file documents under seal is denied

21  in part or in full, the lodged documents will not be filed.

22  The clerk will notify the submitting party, and hold the

23  lodged documents for three court days to allow the submitting

24  party to retrieve the documents.  If the documents are not

25  retrieved, the Clerk will dispose of the documents.

26      A redacted version for public viewing, omitting only such

27  portions as the Court has ordered filed under seal shall be

28  promptly filed by the parties after the Court's Order sealing

the documents.  Should counsel fail to file a redacted
version of the documents, the Court will strike any motion
that relies on or relates to the document and/or file the
document in the public record.

If the Court grants an application to file documents
under seal, the Court's courtesy copies shall include a
complete version of the documents with an appropriate
notation identifying the document or the portion of the
document that has been filed under seal.

**10.  Cases Removed From State Court:** All documents filed
in state court, including documents appended to the
Complaint, Answer(s), and Motion(s), must be re-filed in this
Court as a supplement to the Notice of Removal.  The
supplement must be in a separately bound volume and shall
include a Table of Contents.  *See* 28 U.S.C. § 1447(a),(b).
If the defendant has not yet answered or moved, the Answer or
responsive pleading filed in this Court must comply with the
Federal Rules of Civil Procedure and the Local Rules of the
Central District.  If before the case was removed a motion
was pending in state court, it must be re-noticed in
accordance with the Local Rules.

**11.  Status of Fictitiously Named Defendants:** This Court
adheres to the following procedures when a matter is removed
to this Court on diversity grounds with fictitiously named
defendants referred to in the Complaint: (*See* 28 U.S.C.
§§ 1441(a) and 1447.)

/ / /

/ / /

1       (a) Plaintiff shall ascertain the identity of and serve
2   any fictitiously named defendants within 120 days of the date
3   that the Complaint was filed in State Court.

4       (b) If plaintiff believes (by reason of the necessity for
5   discovery or otherwise) that fictitiously named defendants
6   cannot be fully identified within the 120-day period, an ex
7   parte application requesting permission to extend the period
8   to effectuate service may be filed with the Court.  Such
9   application shall state the reasons therefore, and may be
10  granted upon a showing of good cause.  The ex parte
11  application shall be served upon all appearing parties, and
12  shall state that appearing parties may respond within seven
13  calendar days of the filing of the ex parte application.

14      (c) If plaintiff desires to substitute a named defendant
15  for one of the fictitiously named defendants, plaintiff shall
16  first seek the consent of counsel for all defendants (and
17  counsel for the fictitiously named party, if that party has
18  separate counsel).  If consent is withheld or denied,
19  plaintiff may apply ex parte requesting such amendment, with
20  notice to all appearing parties.  Each party shall have seven
21  calendar days to respond.  The ex parte application and any
22  response should comment not only on the substitution of the
23  named party for a fictitiously named defendant, but on the
24  question of whether the matter should thereafter be remanded
25  to the Superior Court if diversity of citizenship is
26  destroyed by the addition of the new substituted party.  *See*
27  28 U.S.C. § 1447(c),(d).

28

**12.  Bankruptcy Appeals:** Counsel shall comply with the NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court.  The matter is considered submitted upon the filing of the final brief. No oral argument is held unless ordered by the Court.

**13.  Communications with Chambers:** Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means, although counsel may contact the Courtroom Deputy, at (213) 894-5396 or shannon_reilly@cacd.uscourts.gov, with appropriate inquiries. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers and e-mail address along with their telephone numbers on all papers.

**14.  Notice of This Order:** Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by noticed removal, defendant shall serve this Order on all other parties.

**Caveat:  If counsel fail to file the required Joint Rule 26 Report or the required Pre-Trial documents, or if counsel fail to appear at the Scheduling Conference, the Pre-Trial Conference and/or any other proceeding scheduled by the Court, and such failure is not otherwise satisfactorily explained to the Court: (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if**

such failure occurs on the part of the defendant; or (c) the
Court may take such action as it deems appropriate.


DATED: February 26, 2010      _____
                                         JOHN F. WALTER
                              UNITED STATES DISTRICT JUDGE

rev 1/4/10