SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-1383 PA (FFMx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Jose Jimenez v. Sears, Roebuck & Co. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - NOTICE OF REMOVAL

Before the Court is a Notice of Removal filed by defendant Sears, Roebuck & Co. ("Defendant") on February 24, 2010. (Docket No. 1.) Defendant asserts that federal jurisdiction exists on the basis of a diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

To establish diversity jurisdiction pursuant to CAFA, Defendant must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).

This is the second time Defendant has filed a Notice of Removal of plaintiff Jose Jimenez's ("Plaintiff") Complaint. Defendant's first notice of removal was assigned case number CV 10–1076 PA (FFMx). That case was removed on February 12, 2010. The Court remanded that case sua sponte on February 18, 2010 because Defendant had not properly demonstrated that CAFA's amount in controversy requirement had been met. Defendant alleged in its first notice of removal that during a mediation on January 27, 2010 Plaintiff had stated that damages exceed $10,000,000. The documents attached to Defendant's first notice of removal revealed that the January 27, 2010 mediation was an

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1383 PA (FFMx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Jose Jimenez v. Sears, Roebuck & Co. | | |

attempt to settle two cases – one pending in San Diego Superior Court, and this case. The Court was unable to ascertain whether Plaintiff's alleged statement of $10,000,000 in damages referred to both cases or this case only. This uncertainty was compounded by the fact that Defendant had not specified whether Plaintiff's statement was oral or written, and had not attached evidence of any "paper" or written statement which would trigger removal under 42 U.S.C. § 1446(b). Since Plaintiff's Complaint had pled an amount in controversy less than $5,000,000, Defendant had the burden to prove with legal certainty that the amount in controversy requirement was met. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007). The Court held that Defendant had not met this burden, and remanded this case to Los Angeles Superior Court. Attempting to cure the first Notice of Removal's defects, Defendant then filed this second Notice of Removal.

     A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). A party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

     Here there has been no change in the nature of the case, nor has there been any subsequent pleading or paper which might provide a basis for a second removal. Defendant's second Notice of Removal clarifies that Plaintiff's statement of $10,000,000 in damages during the January 27, 2010 mediation referred only to this action. Defendant has also now confirmed that Plaintiff's statement was in writing, and attaches a copy of the writing to the Notice of Removal. Defendant is attempting to remove this case on the same grounds as its first removal. There is no showing that Defendant did not always know these facts, or why it could not have included these facts in the first notice of removal.

     By filing the second Notice of Removal after the Court explained in its order remanding the action the defects in the first Notice of Removal, Removing Defendant has impermissibly attempted to remove the action twice on the same grounds. Such successive removals are procedurally improper. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC383006. See 28 U.S.C. § 1447(c). The Court stays this order until March 22, 2010. If Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before March 22, 2010.

     IT IS SO ORDERED.